LAWRENCE C. HINKLE II (SBN 180551)
lhinkle@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for DEFENDANT
**LELAND T. WAYNE**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| VANESSA LEMAISTRE<br><br>Plaintiff,<br><br>v.<br><br>LELAND T. WAYNE,<br><br>Defendant. | **CASE NO. 2:24-cv-10378**<br><br>**DEFENDANT LELAND T. WAYNE'S ANSWER TO PLAINTIFF VANESSA LEMAISTRE'S COMPLAINT**<br><br>Complaint Filed: October 29, 2024<br>Trial Date: None Set<br><br>Assigned to the Honorable R. Gary Klausner |

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

In response to the Complaint of Plaintiff Vanessa LeMaistre ("Plaintiff"), Defendant Leland T. Wayne ("Mr. Wayne") states as follows for his answer and affirmative defenses:

## **PRELIMINARY STATEMENT**

1.      Mr. Wayne admits that he is an award-winning music producer and artist who has had successful partnerships with several rappers. Mr. Wayne further admits that he was nominated for Album of the Year at the 65th Annual Grammy Awards and Producer of the Year at the 66th Annual Grammy Awards. Mr. Wayne has insufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 1, and therefore denies them.

2.      Mr. Wayne admits the allegations in paragraph 2.

3.      Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3, and therefore denies them.

4.      Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4, and therefore denies them.

5.      Mr. Wayne admits that he interacted with Plaintiff at a recording studio in California. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 5, and therefore denies them.

6.      Mr. Wayne denies the allegations in paragraph 6.

7.      Mr. Wayne denies the allegations in the first sentence in paragraph 7. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies them.

8.      Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies them.

9.      Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.      Mr. Wayne denies the allegations in paragraph 10.

SANDERS ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

11.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.    Mr. Wayne denies the allegations in Paragraph 12.

13.    Mr. Wayne denies the allegations in Paragraph 13.

14.    Mr. Wayne denies the allegation that there was a sexual assault. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies them.

15.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15, and therefore denies them.

16.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16, and therefore denies them.

17.    Mr. Wayne admits that he produced a song entitled, "Rap Saved Me." Mr. Wayne denies the extent to which Plaintiff implies that Mr. Wayne wrote the lyrics identified in paragraph 17.

18.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19, and therefore denies them.

## JURISDICTION AND VENUE

20.    Mr. Wayne admits that this Court has jurisdiction regarding this lawsuit. Mr. Wayne denies the remaining allegations in Paragraph 20.

21.    Mr. Wayne admits that the venue is proper in this Court. Mr. Wayne denies the remaining allegations in Paragraph 21.

## PARTIES

22.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and therefore denies them.

23.    Mr. Wayne denies the allegations in paragraph 23.

## **FACTUAL ALLEGATIONS**

24.  Mr. Wayne admits the allegations in paragraph 24.

25.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25, and therefore denies them.

26.  Mr. Wayne admits the allegations in paragraph 26.

27.  Mr. Wayne admits the allegations in paragraph 27.

28.  Mr. Wayne admits the allegations in paragraph 28.

29.  Mr. Wayne admits the allegations in paragraph 29.

30.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30, and therefore denies them.

31.  Mr. Wayne denies the allegations in paragraph 31.

32.  Mr. Wayne denies the allegations in Paragraph 32.

33.  Mr. Wayne denies that he or someone else at his direction went on a deleting spree. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33, and therefore denies them.

34.  Mr. Wayne admits the allegations in Paragraph 34.

35.  Mr. Wayne denies the allegations in Paragraph 35.

36.  Mr. Wayne denies the allegations in Paragraph 36.

37.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them.

38.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40.  Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40, and therefore denies them.

41.  Mr. Wayne is without sufficient knowledge or information to form a

1  belief as to the truth of the allegations in paragraph 41, and therefore denies them.

2      42.    Mr. Wayne is without sufficient knowledge or information to form a
3  belief as to the truth of the allegations in paragraph 42, and therefore denies them.

4      43.    Mr. Wayne is without sufficient knowledge or information to form a
5  belief as to the truth of the allegations in paragraph 43, and therefore denies them.

6      44.    Mr. Wayne is without sufficient knowledge or information to form a
7  belief as to the truth of the allegations in paragraph 44, and therefore denies them.

8      45.    Mr. Wayne is without sufficient knowledge or information to form a
9  belief as to the truth of the allegations in paragraph 45, and therefore denies them.

10     46.    Mr. Wayne is without sufficient knowledge or information to form a
11 belief as to the truth of the allegations in paragraph 46, and therefore denies them.

12     47.    Mr. Wayne admits that he never threatened Plaintiff. Mr. Wayne denies
13 Plaintiff's allegation regarding codeine use by Mr. Wayne. Mr. Wayne is without
14 sufficient knowledge or information to form a belief as to the truth of the remaining
15 allegations in paragraph 47, and therefore denies them.

16     48.    Mr. Wayne denies the allegations in paragraph 48.

17     49.    Mr. Wayne is without sufficient knowledge or information to form a
18 belief as to the truth of the allegations in paragraph 49, and therefore denies them.

19     50.    Mr. Wayne is without sufficient knowledge or information to form a
20 belief as to the truth of the allegations in paragraph 50, and therefore denies them.

21     51.    Mr. Wayne is without sufficient knowledge or information to form a
22 belief as to the truth of the allegations in paragraph 51, and therefore denies them.

23     52.    Mr. Wayne is without sufficient knowledge or information to form a
24 belief as to the truth of the allegations in paragraph 52, and therefore denies them.

25     53.    Mr. Wayne is without sufficient knowledge or information to form a
26 belief as to the truth of the allegations in paragraph 53, and therefore denies them.

27     54.    Mr. Wayne is without sufficient knowledge or information to form a
28 belief as to the truth of the allegations in paragraph 54, and therefore denies them.

55.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55, and therefore denies them.

56.    Mr. Wayne denies the allegations in the first sentence of paragraph 56. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence in paragraph 56, and therefore denies them.

57.    Mr. Wayne denies the allegations in Paragraph 57.

58.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58, and therefore denies them.

59.    Mr. Wayne denies the allegations in Paragraph 59.

60.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60, and therefore denies them.

61.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61, and therefore denies them.

62.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62, and therefore denies them.

63.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63, and therefore denies them.

64.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64, and therefore denies them.

65.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65, and therefore denies them.

66.    Mr. Wayne denies the allegations in paragraph 66.

67.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67, and therefore denies them.

68.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence in paragraph 68. Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the

1    allegation that "[s]he had not had sex with anyone else…" Mr. Wayne denies the
2    remaining allegations in paragraph 68.

3        69.    Mr. Wayne is without sufficient knowledge or information to form a
4    belief as to the truth of the allegations in paragraph 69, and therefore denies them.

5        70.    Mr. Wayne is without sufficient knowledge or information to form a
6    belief as to the truth of the allegations in paragraph 70, and therefore denies them.

7        71.    Mr. Wayne admits that he produced a song entitled, "Rap Saved Me."
8    Mr. Wayne denies the extent to which Plaintiff implies that Mr. Wayne wrote the
9    lyrics identified in paragraph 71.

10       72.    Mr. Wayne is without sufficient knowledge or information to form a
11   belief as to the truth of the allegations in paragraph 72, and therefore denies them.

12       73.    Mr. Wayne denies the extent to which Plaintiff implies that Mr. Wayne
13   raped her. Wayne is without sufficient knowledge or information to form a belief as
14   to the truth of the remaining allegations in paragraph 73, and therefore denies them.

15       74.    Mr. Wayne is without sufficient knowledge or information to form a
16   belief as to the truth of the allegations in paragraph 74, and therefore denies them.

17       75.    Mr. Wayne is without sufficient knowledge or information to form a
18   belief as to the truth of the allegations in paragraph 75, and therefore denies them.

19       76.    Mr. Wayne denies the allegations in Paragraph 76.

20                          **<u>FIRST CAUSE OF ACTION</u>**

21                         **(Battery - Civil Sexual Assault)**

22       77.    Mr. Wayne is without sufficient knowledge or information to form a
23   belief as to the truth of the allegations in paragraph 77, and therefore denies them.

24       78.    Mr. Wayne denies the allegations in Paragraph 78.

25       79.    Mr. Wayne denies the allegations in Paragraph 79.

26       80.    Mr. Wayne denies the allegations in Paragraph 80.

27       81.    Mr. Wayne denies the allegations in Paragraph 81.

28       82.    Mr. Wayne is without sufficient knowledge or information to form a

1    belief as to the truth of the allegations in paragraph 82, and therefore denies them.

2                    **<u>SECOND CAUSE OF ACTION</u>**

3                    **(Sexual Battery - Cal. Civ. Code § 1708.5)**

4            83.    Mr. Wayne is without sufficient knowledge or information to form a

5    belief as to the truth of the allegations in paragraph 83, and therefore denies them.

6            84.    Mr. Wayne denies the allegations in Paragraph 84.

7            85.    Mr. Wayne denies the allegations in Paragraph 85.

8            86.    Mr. Wayne denies the allegations in Paragraph 86.

9            87.    Mr. Wayne denies the allegations in Paragraph 87.

10           88.    Mr. Wayne is without sufficient knowledge or information to form a

11   belief as to the truth of the allegations in paragraph 88, and therefore denies them.

12                   **<u>THIRD CAUSE OF ACTION</u>**

13                   **(RALPH ACT – Cal. Civ. Code § 51.7)**

14           89.    Mr. Wayne is without sufficient knowledge or information to form a

15   belief as to the truth of the allegations in paragraph 89, and therefore denies them.

16           90.    Mr. Wayne denies the allegations in Paragraph 90.

17           91.    Mr. Wayne denies the allegations in Paragraph 91.

18           92.    Mr. Wayne denies the allegations in Paragraph 92.

19           93.    Mr. Wayne is without sufficient knowledge or information to form a

20   belief as to the truth of the allegations in paragraph 93, and therefore denies them.

21                   **<u>FOURTH CAUSE OF ACTION</u>**

22                   **(GENDER VIOLENCE - Cal. Civ. Code § 52.4(c)(2))**

23           94.    Mr. Wayne is without sufficient knowledge or information to form a

24   belief as to the truth of the allegations in paragraph 94, and therefore denies them.

25           95.    Mr. Wayne denies the allegations in Paragraph 95.

26           96.    Mr. Wayne denies the allegations in Paragraph 96.

27           97.    Mr. Wayne denies the allegations in Paragraph 97.

28           98.    Mr. Wayne is without sufficient knowledge or information to form a

belief as to the truth of the allegations in paragraph 98, and therefore denies them.

## FIFTH CAUSE OF ACTION

### (Bane Act - Cal. Civ. Code § 52.1)

99.    Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99, and therefore denies them.

100.   Mr. Wayne denies the allegations in Paragraph 100.

101.   Mr. Wayne denies the allegations in Paragraph 101.

102.   Mr. Wayne is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102, and therefore denies them.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, and pursuant to Rule 8 of the Federal Rules of Civil Procedure, Mr. Wayne states as follows for his affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

103.   Plaintiff's Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Mr. Wayne and he denies that Plaintiff was damaged in any sum or sums, or at all.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

104.   Mr. Wayne is informed and believes and thereon alleges that all claims in the Complaint are barred, in whole or in part, by virtue of the fact that Plaintiff failed to bring them within the applicable limitation period.

### THIRD AFFIRMATIVE DEFENSE

#### (Consent)

105.   Any and all interactions between Mr. Wayne and Plaintiff were consensual.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

106.   Plaintiff has waived her right to the claims, causes of action, and relief sought in this Complaint against Mr. Wayne, and each cause of action therein, by virtue of Plaintiff's acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

107.   Mr. Wayne is informed and believes and thereon alleges that any recovery for each and every one of Plaintiff's causes of action contained in the Complaint is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

108.   Plaintiff, by her own conduct, waived or is estopped from asserting the claims alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

109.   Plaintiff voluntarily assumed the risk associated with the alleged conduct.

## EIGHTH AFFIRMATIVE DEFENSE

### (False Allegations)

110.   Plaintiff's claims are based on false allegations and misstatements of fact.

## NINTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

111.   To the extent Plaintiff suffered any damages, she failed to mitigate those damages.

DEFENDANT LELAND T. WAYNE'S ANSWER TO PLAINTIFF VANESSA LEMAISTRE'S COMPLAINT

## TENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence or Fault)

112.   To the extent any harm occurred, it was caused in whole or in part by Plaintiff's own actions or negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (First Amendment Protections)

113.   Any statements made by Mr. Wayne were protected by the First Amendment and are non-actionable.

## PRAYER

WHEREFORE, Mr. Wayne prays for the following relief:

1.     That Plaintiff takes nothing by reason of Plaintiff's Complaint, and that this action be dismissed in its entirety with prejudice;

2.     That judgment be entered in favor of Mr. Wayne, on all causes of action;

3.     That Mr. Wayne recover his costs for the suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4.     That Mr. Wayne be awarded such other and further relief as the Court may deem just and proper.

Dated:  December 13, 2024          **SANDERS ROBERTS LLP**

By: _____
    JUSTIN H. SANDERS, ESQ.
    LAWRENCE C. HINKLE II, ESQ.
    Attorneys for DEFENDANT
    **LELAND T. WAYNE**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017. My electronic service address is elegaspi@sandersroberts.com.

On December 13, 2024, I served the following document(s) described as **DEFENDANT LELAND T. WAYNE'S ANSWER TO PLAINTIFF VANESSA LEMAISTRE'S COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Michael J. Willemin<br>Monica Hincken<br>WIGDOR LLP<br>85 Fifth Avenue, Fifth Floor<br>New York, NY 10003<br>Telephone:  (212) 257-6800<br>Facsimile:  (212) 257-6845<br>mwillemin@wigdorlaw.com<br>mhincken@wigdorlaw.com | *Attorneys for PLAINTIFF*<br>*VANESSA LEMAISTRE* |
| Robert J. Girard II<br>Omar G. Bengali<br>GIRARD BENGALI, APC<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone:  (323) 302-8300<br>Facsimile:  (323) 302-8310<br>rgirard@girardbengali.com<br>obengali@girardbengali.com | *Attorneys for PLAINTIFF*<br>*VANESSA LEMAISTRE* |

☒ **VIA ECF:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

☒ **VIA ELECTRONIC MAIL:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

1        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on December 13, 2024, at Los Angeles, California.

| Elliott Legaspi | /s/ELLIOTT LEGASPI |
|---|---|
| (Type or print name) | (Signature) |

PROOF OF SERVICE