

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 | f 213 234 4581 | sandersroberts.com

June 13, 2025

Writer's Direct Contact Info.
thinkle@sandersroberts.com
(213) 426-5000 Ext. 2210

Rozella A. Oliver
U.S. Magistrate Judge
United States District Court
Central District of California

Re:     LeMaistre v. Wayne
        USDC Central, Case No.2:24-cv-10378 RGK-(RAO)

Dear Magistrate Judge Oliver:

Pursuant to the Court's Minute Order dated June 10, 2025 (Dkt. 38), Defendant Leland T. Wayne ("Wayne") submits this letter brief regarding Plaintiff Vanessa LeMaistre's ("Plaintiff") failure to comply with Request No. 27 of Wayne's first set of requests for production of documents. Specifically, because Plaintiff unilaterally revised the agreed-upon search terms for the search of Plaintiff's computers without justification, Plaintiff has failed to search for and produce information responsive to Request No. 27. Plaintiff claims it would be unduly burdensome for her to produce the documents using the agreed upon search terms. Yet, despite requests to do so, Plaintiff has never made any showing of what the purported undue burden is, or explained why any undue burden is not proportional to the needs of this case.

This dispute specifically concerns the information in Plaintiff's MacBook computer and Gmail account.

    A.  Factual Background

RFP No. 27 requires Plaintiff to produce: "Each and every computer used by YOU during the period January 1, 2014 though the present, including but not limited to, any desktop computer, laptop computer, tablet computer, smartphone, or any other type of computer." Exhibit A. In her response to RFP No. 27, Plaintiff agreed to comply with this request, and stated: "Plaintiff has had her physical devices imaged, provided proposed search terms to Defendant, and will produce relevant, responsive documents when the search terms are identified." Exhibits B. By email, Plaintiff's counsel identified two computers responsive to this RFP – Plaintiff's iPhone and MacBook computer. On April 15th, the parties agreed to an ESI protocol. Exhibit C.

On April 17th, Wayne sent proposed search terms to Plaintiff. Exhibit D. Plaintiff did not object to any of the terms themselves. On April 17th, Plaintiff stated: "We will have CDS [Plaintiff's vendor] run a hit report on these terms and get back to you on whether we have any objections based on the results." Notably, Wayne's eDiscovery experts advised that running a "hit report" (i.e., a report stating how many documents contain the search terms) typically should take about 2 hours, and at most no more than a couple of days. However, Plaintiff unreasonably delayed providing the "hit reports," as noted below.



Magistrate Judge Oliver
June 13, 2025
Page 2

On May 19th (over one month _after_ Plaintiff had the search terms), Plaintiff's counsel finally responded to Wayne's repeated requests for Plaintiff's cooperation. On said date, Plaintiff's counsel stated that "for the Gmail and MacBook data …the original set of search terms resulted in over 120,000 hits." Exhibit E. Plaintiff's counsel also stated that they had "run revised search terms and have gotten the number down to a few thousand…" _Id._ In running "revised search terms," Plaintiff unilaterally changed the agreed upon search terms (Exhibit D) and decided on its own what terms it wanted to include in its search. For example, Plaintiff's unreasonable changes included:

    a.  changing the applicable time period for all searches from January 1, 2016 through the present (a 9 plus year period), to March 1, 2016 through September 17, 2017 (an 18 month period);

    b.  changing the term "Abuse" to "Abuse w/15 sex*" (essentially eliminating all mentions of the term "Abuse" except if it was found within 15 words of a word beginning with "sex");

    c.  changing the term "Assault" to Assault w/15 sex* (essentially eliminating all mentions of the term "Assault" except if it was found within 15 words of a word beginning with "sex")

Of the 120,000 hits, Plaintiff's eliminated about 117,000 documents containing information potentially relevant to this dispute.

On May 22nd, counsel for Wayne sent an email to Plaintiff's counsel attempting to informally resolve this dispute. Exhibit F. In said email, counsel for Wayne compromised by agreeing to eliminate or modify numerous terms to reduce the number of hits. _Id._ However, counsel for Plaintiff was entirely uncooperative. _Id._ As a result, counsel for Wayne scheduled a conference of counsel pursuant to Local Rule 37-1 which the parties agreed would occur on May 27th.

On May 27th, just prior to the call, counsel for Plaintiff stated they would run a hit report using the modified search terms counsel for Wayne provided on May 22nd. Importantly, the parties discussed Plaintiff's claim that 120,000 documents was unduly burdensome. Counsel for Wayne asked counsel for Wayne to identify what the alleged burden was to no avail, and asked counsel for Wayne to identify the amount or range of documents Plaintiff would consider to not be unduly burdensome. Counsel for Wayne refused to identify an amount or range.

After the call, the parties discussed a chart created by counsel for Plaintiff and sent to counsel for Wayne which they purported to set forth the search terms as modified. Exhibit G. The chart had a number of inaccuracies that needed to be corrected. _Id._ Thereafter, counsel for Plaintiff presumably provided that chart to its vendor to run a hit report.



Magistrate Judge Oliver
June 13, 2025
Page 3

On May 28th, counsel for Plaintiff stated that the search using the modified terms resulted in only 60,000 hits, a substantial reduction from the 120,000 hits based on the original search terms. <u>Exhibit H</u>. Even though this substantial reduction should have resulted in a resolution of this dispute, counsel for Wayne proactively sought to reduce the number of hits even further. <u>Exhibit I</u>. On May 28th, counsel for Plaintiff sent an email to counsel for Wayne with further modifications which would have substantially reduced the number of hits even further. *Id*. Counsel for Wayne responded by refusing to meet and confer any further, stating: "We are not going to keep incurring the costs of running hit reports that are futile. If you actually reviewed the hit report we sent you would see that these proposed changes are not going to result in a meaningful difference."

Later that day, May 28th, counsel for Wayne sent an email to counsel for Plaintiff setting forth the status of this dispute, hoping it would result in the parties making some progress. <u>Exhibit J</u>. Again, counsel for Wayne noted that Plaintiff has not provided any rationale or data whatsoever in support of their argument that the number of hits is overly burdensome and not proportional. In response, counsel for Plaintiff referred to it as "a silly email," and made other comments that were not helpful. *Id*. At no point has counsel for Plaintiff explained why they contend that reviewing 120,000, or 60,000, or 40,000 or any other number of documents would be unduly burdensome and not proportional.

Since then, counsel for Plaintiff has produced additional documents, including through June 6th. On June 11th, counsel for Plaintiff represented that Plaintiff's production is complete.

B.  Plaintiff Has Undoubtedly Failed To Produce Relevant Information

The relevant time period for this dispute is January 1, 2016 through the present. That is not in dispute, as the parties have used that time period throughout discovery. In fact, for the search of Plaintiff's computers specifically, that is the time period that was originally agreed to by the parties. Plaintiff is the cause of the relevant time period being over 8 years. She waited nearly a decade to bring her claims against Wayne. Moreover, due to her emotional distress claim and other issues relevant to liability and damages, she has put that entire period at issue. Thus, Plaintiff's unilateral decision to reduce the time period to 18 months – March 1, 2016 through September 17, 2017 – makes no sense and would deprive Wayne of obtaining relevant information.

Likewise, all of the search terms originally agreed to by the parties concern issues relevant to the claims and defenses in this lawsuit. Plaintiff has never claimed that the search terms are improper or otherwise do not relate to discoverable information. Yet, to reduce the number of hits and deprive Wayne of obtaining relevant information, Plaintiff unilaterally modified the original agreed upon search terms. In doing so, Plaintiff has tried to eliminate the usefulness of search terms at the heart of this sexual assault case, like the terms "abuse" and "assault." Apart from Plaintiff's position being unreasonable, Plaintiff has made no effort to try to compromise.



Magistrate Judge Oliver
June 13, 2025
Page 4

### C.  Plaintiff Has Failed To Show An Undue Burden

Plaintiff's entire position rests on her argument that reviewing the documents resulting from the 60,000 hits would be unduly burdensome. However, despite numerous requests, Plaintiff has failed and refused to provide any data in support of her argument. Having failed to provide any evidence of undue burden, Plaintiff's argument is nothing more than a boilerplate objection, which is insufficient. Plaintiff has not stated how many hours it would take to review any amount of documents. She has failed to set forth how much money it would cost to review any amount of documents. Plaintiff has failed to present any alternative proposal.

Plaintiff is seeking several millions of dollars in damages, so the amount in controversy is very high. Wayne does not have access to the information. In fact, the Court may recall that Plaintiff rejected allowing both parties review the information produced by the search terms. Furthermore, Wayne getting access to Plaintiff's ESI is critical due to the fact that the alleged incident occurred in 2016, and Plaintiff has claimed a lack of memory of numerous key things, heightening the importance of obtaining this discovery.

### F.     Relief Requested

Wayne seeks an order requiring Plaintiff to review and produce information based on the hit report resulting in 60,000 hits. That search includes the search terms modified by Wayne on May 22nd. (Exhibit F). Further, Wayne requests that the Court order Plaintiff to produce the documents on a date certain.

Sincerely,

SANDERS ROBERTS LLP

Lawrence C. Hinkle II

LCH/

EXHIBIT A

LAWRENCE C. HINKLE II (SBN 180551)
lhinkle@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for DEFENDANT
**LELAND T. WAYNE**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>              Plaintiff,<br><br>      v.<br><br>LELAND T. WAYNE p/k/a METRO BOOMIN,<br><br>              Defendant. | **CASE NO.** 2:24-cv-10378 RGK(RAOx)<br><br>**DEFENDANT LELAND T. WAYNE'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF VANESSA LEMAISTRE, SET ONE**<br><br>Judge:        Hon. R. Gary Klausner<br>Courtroom:        850<br><br>Complaint Filed:    October 29, 2024 |

PROPOUNDING PARTY:        DEFENDANT LELAND T. WAYNE

RESPONDING PARTY:        PLAINTIFF VANESSA LEMAISTRE

SET NUMBER:        ONE (1)

DEFENDANT LELAND T. WAYNE REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
VANESSA LEMAISTRE, SET ONE

Defendant LELAND T. WAYNE ("Wayne") hereby propounds the following requests for production of documents on Plaintiff VANESSA LEMAISTRE ("Plaintiff"). Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Wayne demands that Plaintiff produce for inspection and copying the items or category of items set forth below within thirty (30) days plus any additional days for method of service from the date of service hereof, at the law offices of Sanders Roberts LLP, located at 1055 West 7th Street, Suite 3200, Los Angeles, CA 90017. Plaintiff may avoid appearance on the above-mentioned date by producing the responsive documents to propounding party via email on or before the response deadline.

## DEFINITIONS

The following definitions apply herein, unless otherwise stated:

A.    The term "COMMUNICATIONS" mean any DOCUMENT, oral or written expression, allegation or utterance of any nature whatsoever and by or to whomever made, including without limitation, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements or other between or among two or more persons, and further including any statement, meeting or conference, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature is stated, written, recorded or in any manner transmitted or transferred.

B.    The term "COMPLAINT" means the Complaint YOU filed against WAYNE on October 29, 2024 in the Los Angeles Superior Court, Case No. 24STCV28310.

C.    The term "DOCUMENTS" means all writings (as defined by Cal. Evid. Code § 250), drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained and translated, if necessary, by and updated through detection devices into reasonably usable forms, including final and draft versions of documents in the actual or constructive possession, custody or control of YOU or YOUR attorneys or agents. The term "DOCUMENTS" encompasses originals and copies, or reproductions of originals, upon which notations in writing, print or otherwise have been made, which do not appear in the originals. It also includes Electronically Stored Information "(ESI)" which is information "stored in any medium from which information can be obtained either directly or, if necessary, after translation by the

responding party into a reasonably usable form." ESI may be generated or stored in several locations, including emails and email attachments, Excel spreadsheets, word processing documents, databases, voicemails, text messages (including via Multimedia Messaging Service and/or Short Messaging Service), posts and messaging via services such as Slack, Microsoft Teams, Instagram, Facebook, Pinterest, YouTube, TikTok and/or Snapchat and the like, internet history logs, backup tapes, social media platforms, devices connected to the Internet of Things (IoT), workplace collaboration tools (WCTs), and ephemeral messaging applications. Original "DOCUMENTS" and "WRITINGS" are required by these Requests for Production of Documents, with metadata intact. If, for any reason, "original" documents or writings are not available, then YOU are to produce any and all copies of originals in YOUR possession.

      D.      The term "INCIDENT" means the alleged sexual assault incident between YOU and WAYNE as described by YOU at Paragraphs 50 through 65 of the COMPLAINT.

      E.      The term "PERSON" means, without limitation, any natural person, association, organization, facility, corporations, firm, limited liability company, partnership, agency, private business entity, or public entity.

      F.      The term "WAYNE" means Defendant Leland T. Wayne.

      G.      The terms "YOU" and "YOUR," mean and refer to Plaintiff Vanessa LeMaistre.

      H.      The words "and" as well as "or" should be construed both conjunctively as well as disjunctively.

## INSTRUCTIONS

      1.      Each request is directed not only to DOCUMENTS in YOUR possession, but also all DOCUMENTS that are available to YOU by conducting diligent searches and making reasonable inquiries. In responding to these requests, please furnish all DOCUMENTS in YOUR possession, custody, or control, including the possession, custody, or control of YOUR agents, attorneys, employees, representatives, and all other persons acting on YOUR behalf except to the extent protected by any privilege.

      2.      All DOCUMENTS that respond, in whole or in part, to any part or clause of any paragraph of these Requests for Production must be produced in their entirety, including all

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

attachments and enclosures. Please place the DOCUMENTS called for by each Request in a separate file folder or other enclosure marked with Plaintiff's name and the specific request to which such DOCUMENTS respond. If any DOCUMENT is responsive to more than one Request, indicate each request to which it responds.

3.    In producing COMMUNICATIONS and DOCUMENTS consisting of ESI, such data must be produced in machine-readable form, with metadata intact. Please ensure that the reasonably usable form does not require specialized or proprietary hardware or software.

4.    A representation of inability to comply with a particular request shall affirm that a diligent search and reasonable inquiry has been made in an effort to comply with that request. This statement shall also specify whether the inability to comply is because the particular item or category of items has never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in YOUR possession, custody, or control. The statement shall set forth the name and address of any natural person or organization known or believed by YOU to have possession, custody, or control of that item or category of item.

5.    For any DOCUMENT responsive to these Requests for Production which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, addressee, date, number of pages, and subject matter and explain in detail the events leading to the destruction or loss, or the reason for the unavailability of such DOCUMENT, including the location of such DOCUMENT when last in YOUR possession, custody, or control, and the date and manner of its disposition.

6.    For each DOCUMENT responsive to each Request that is withheld under a claim of privilege or work-product doctrine immunity, provide the following information as to each DOCUMENT:

a.    The name of the author;

b.    The name and title of each person to whom the DOCUMENT was addressed;

c.    The name and title of each person to whom a copy of the DOCUMENT was sent;

d.    The date of the DOCUMENT;

e.    The number of pages in the DOCUMENT;

f.    A brief description of the nature and subject matter of the DOCUMENT;

g.    The nature of the claimed privilege or immunity; and,

h.    The location of the original and each copy as of the date thereof, along with the name and address of the custodian of that original and copies.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and WAYNE.

**REQUEST FOR PRODUCTION NO. 2:**

All COMMUNICATIONS between YOU and any PERSON regarding the INCIDENT.

**REQUEST FOR PRODUCTION NO. 3:**

All COMMUNICATIONS between YOU and any PERSON regarding YOUR pregnancy referred to by YOU at Paragraphs 14, 15, 16, 68, 69, and 70 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 4:**

All COMMUNICATIONS between YOU and any PERSON regarding the abortion referred to by YOU at Paragraphs 16 and 70 of the COMPLAINT.

**REQUEST FOR PRODUCTION NO. 5:**

All COMMUNICATIONS between YOU and any PERSON regarding any physical injuries sustained by YOU related to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 6:**

All COMMUNICATIONS between YOU and any PERSON regarding any emotional or mental injuries sustained by YOU related to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that refer to or relate to WAYNE.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that refer to or relate to the INCIDENT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that refer to or relate to YOUR pregnancy referred to by YOU at

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1  Paragraphs 14, 15, 16, 68, 69, and 70 of the COMPLAINT.

2  **REQUEST FOR PRODUCTION NO. 10:**

3      All DOCUMENTS that refer to or relate to YOUR abortion referred to by YOU at

4  Paragraphs 16 and 70 of the COMPLAINT.

5  **REQUEST FOR PRODUCTION NO. 11:**

6      All DOCUMENTS written by YOU that include any reference to WAYNE, the INCIDENT,

7  or any injuries suffered by YOU related to the INCIDENT, including but not limited to any journals,

8  diaries, or notes.

9  **REQUEST FOR PRODUCTION NO. 12:**

10      Each and every personal or business calendar, written or electronic, maintained by YOU

11  during the period January 1, 2016 through December 31, 2018.

12  **REQUEST FOR PRODUCTION NO. 13:**

13      Any photographs, videos, or other media depicting any physical injuries incurred by YOU

14  related to the INCIDENT.

15  **REQUEST FOR PRODUCTION NO. 14:**

16      All statements or declarations of any PERSON, whether recorded or written, regarding the

17  alleged INCIDENT.

18  **REQUEST FOR PRODUCTION NO. 15:**

19      All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU sought or

20  received related to any physical injuries YOU sustained related to the INCIDENT.

21  **REQUEST FOR PRODUCTION NO. 16:**

22      All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU sought or

23  received related to any emotional or mental injuries YOU sustained related to the INCIDENT.

24  **REQUEST FOR PRODUCTION NO. 17:**

25      All DOCUMENTS that evidence, refer to or relate to any counseling or therapy YOU have

26  sought or received related to any injuries YOU sustained related to the INCIDENT.

27  **REQUEST FOR PRODUCTION NO. 18:**

28      All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU sought

DEFENDANT LELAND T. WAYNE REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
VANESSA LEMAISTRE, SET ONE

1  or received related to YOUR pregnancy referred to by YOU at Paragraphs 14, 15, 16, 68, 69, and
2  70 of the COMPLAINT.

3  **REQUEST FOR PRODUCTION NO. 19:**

4  All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU sought or
5  received related to YOUR abortion referred to by YOU at Paragraphs 16 and 70 of the
6  COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 20:**

8  All DOCUMENTS that evidence, refer to or relate to any COMMUNICATION YOU had
9  with any law enforcement agency about the INCIDENT.

10 **REQUEST FOR PRODUCTION NO. 21:**

11 All DOCUMENTS sufficient to show where YOU were employed during the period January
12 1, 2016 through the present.

13 **REQUEST FOR PRODUCTION NO. 22:**

14 All DOCUMENTS sufficient to show every type of self-employment YOU have engaged in
15 during the period January 1, 2016 through the present.

16 **REQUEST FOR PRODUCTION NO. 23:**

17 All DOCUMENTS sufficient to show the total amount of income YOU received each year
18 for the following years: 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024.

19 **REQUEST FOR PRODUCTION NO. 24:**

20 All DOCUMENTS that evidence any payment made for the abortion referred to by YOU at
21 Paragraphs 16 and 70 of the COMPLAINT.

22 **REQUEST FOR PRODUCTION NO. 25:**

23 All DOCUMENTS which evidence that YOUR son Kamden passed away as alleged by
24 YOU at Paragraph 3 of the COMPLAINT, including but not limited to the death certificate and any
25 medical records.

26 **REQUEST FOR PRODUCTION NO. 26:**

27 All DOCUMENTS which evidence, relate to or refer to a prescription of Xanex for YOU
28 from a doctor or medical facility at any time from 2015 through the present.

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

**REQUEST FOR PRODUCTION NO. 27:**

Each and every computer used by YOU during the period January 1, 2014 through the present, including but not limited to, any desktop computer, laptop computer, tablet computer, smartphone, or any other type of computer.


Dated: January 24, 2025                    **SANDERS ROBERTS LLP**

By: _____
                                            JUSTIN H. SANDERS, ESQ.
                                            LAWRENCE C. HINKLE II, ESQ.
                                            Attorneys for DEFENDANT
                                            **LELAND T. WAYNE**

**SANDERS
ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT LELAND T. WAYNE REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF
VANESSA LEMAISTRE, SET ONE

# PROOF OF SERVICE

## CAL. CODE CIV. PROC. § 1013A(3)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 1055 West 7th Street, Los Angeles, CA 90017.  My electronic service address is rpollak@sandersroberts.com.

On January 24, 2025, I served the following document(s) described as **DEFENDANT LELAND T. WAYNE'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF VANESSA LEMAISTRE, SET ONE** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☐ **By Mail:**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

☒ **By Personal Service:**  I caused to have delivered such document(s) by hand to the office(s) of the addressee(s).

☐ **By Electronic Mail:**  I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 24, 2025, at Los Angeles, California.

| Rita Pollak | /s/ Rita Pollak |
|---|---|
| (Type or print name) | (Signature) |

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

1

### SERVICE LIST
*LeMaistre v. Wayne*
2      Case No. 2:24-cv-10378 RGK(RAOx)

3  ─────────────────────────────────────────────

4   Michael J. Willemin                    Attorneys for PLAINTIFF
    Monica Hincken                         VANESSA LEMAISTRE
    WIGDOR LLP
5   85 Fifth Avenue, Fifth Floor           Admitted *pro hac vice**
    New York, NY 10003
6   Telephone: (212) 257-6800
    Facsimile:  (212) 257-6845
7   mwillemin@wigdorlaw.com
    mhincken@wigdorlaw.com
8

9   Robert J. Girard II                    Attorneys for PLAINTIFF
    Omar G. Bengali                        VANESSA LEMAISTRE
    GIRARD BENGALI, APC
10  355 S. Grand Avenue, Suite 2450
    Los Angeles, CA 90071
11  Telephone: (323) 302-8300
    Facsimile:  (323) 302-8310
12  rgirard@girardbengali.com
    obengali@girardbengali.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA LEMAISTRE, | Case No. 2:24-cv-10378 RGK(RAOx) |
| Plaintiff, | Plaintiff's Amended Responses and Objections to Defendant's Requests for Production, Set One |
| vs. | |
| LELAND WAYNE, | Hon. R. Gary Klausner |
| Defendant. | Original Complaint: Oct. 29, 2024 |

PROPOUNDING PARTY:    Plaintiff Vanessa LeMaistre

RESPONDING PARTY:    Defendant Leland Wayne

SET NUMBER:    One (1)

---

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the

2    Local Civil Rules of the United States District Court for the Central District of

3    California ("Local Civil Rules"), Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms.

4    LeMaistre"), by and through her undersigned counsel, Wigdor LLP, hereby responds

5    and objects to Defendant Leland Wayne ("Defendant" or "Wayne") Requests for

6    Production of Documents to Plaintiff Vanessa LeMaistre, Set One, in accordance

7    with the numbered requests as set forth below.  These responses and objections

8    reflect Plaintiff's current knowledge and the results of her investigation to date.

9    Plaintiff reserves the right to amend or supplement these responses in the future in

10    accordance with Fed. R. Civ. P. 26(e)(1) as may be necessary or appropriate.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

11

12    Plaintiff objects to Defendant's "Definitions" and "Instructions" to the extent that

13    Defendant seeks to impose obligations that go beyond the provisions and

14    requirements of the FRCP and the Local Civil Rules.

## GENERAL OBJECTIONS

15

16    Plaintiff objects to Defendant's Requests on the following general grounds:

17    1.    Plaintiff objects to each Request to the extent that it seeks information

18    or documents that are irrelevant, immaterial and/or not reasonably calculated to lead

19    to the discovery of admissible evidence in this action.

20    2.    Plaintiff objects to each Request to the extent that it is overly broad,

21    oppressive and/or unduly burdensome.

22    3.    Plaintiff objects to each Request to the extent that it seeks the disclosure

23    of confidential personal, medical and/or business information or documents

24    concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff

25    unless an appropriate order of this Court protecting the confidentiality of such

26    information or documents is in place.

27

28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

4.      Plaintiff objects to each Request to the extent that it seeks the disclosure of confidential information that concerns individuals other than Plaintiff who are not parties to this action, the disclosure of which would violate the privacy interests of such individuals.

5.      Plaintiff objects to each Request to the extent that it is vague, ambiguous and/or lacks sufficient particularity so that Plaintiff cannot understand what information and/or documents Defendant is seeking and is unable to formulate a responsive answer.

6.      Plaintiff objects to each Request to the extent that it seeks information or documents that are protected from disclosure under the attorney-client privilege, the work-product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle.  Inadvertent identification or production of any such information or document shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein and shall not waive the right of Plaintiff to object to the use of any such document or the information contained therein during any subsequent proceeding.

7.      Plaintiff objects to each Request to the extent that it is not reasonably limited in time or seeks information or documents outside the time period relevant to the present litigation.

8.      Plaintiff objects to each Request to the extent that it seeks to impose obligations beyond those required by the FRCP and/or the Local Civil Rules.

9.      Plaintiff objects to each Request to the extent that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

10.    Plaintiff objects to each Request to the extent that it is duplicative or cumulative of other requests.

11.    Plaintiff objects to each Request to the extent is premature and Plaintiff cannot provide a full response until after further discovery is conducted.

12.    Plaintiff objects to each Request to the extent that it calls for a legal conclusion or determination to be made, which can only be done by a judge or jury.

13.    Plaintiff objects to each Request to the extent that it seeks information or documents that are outside Plaintiff's possession or cannot be located after a reasonable search.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**REQUEST NO. 1:**

All COMMUNICATIONS between YOU and WAYNE.

**RESPONSE TO REQUEST NO.1:**

Plaintiff objects to this request on the grounds that it seeks production of documents that are not relevant to the claim or defense of any party and is not proportional to the needs of this case.  Plaintiff further objects to this Request on the basis that it seeks the disclosure of information already known or available to Defendant or documents in Defendant's possession that are more readily obtained by Defendant without subjecting Plaintiff to unreasonable burden and expense.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and produced relevant, responsive and non-privileged documents in her possession, custody and control at PL000007-10.

**REQUEST NO. 2:**

All COMMUNICATIONS between YOU and any PERSON regarding the INCIDENT.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**RESPONSE TO REQUEST NO.2:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle; is overly broad, oppressive and/or unduly burdensome.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and produced relevant, responsive and non-privileged documents in her possession, custody and control at PL000019-22, PL000037-39.

**REQUEST NO. 3:**

All COMMUNICATIONS between YOU and any PERSON regarding YOUR pregnancy referred to by YOU at Paragraphs 14, 15, 16, 68, 69, and 70 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Plaintiff also objects on the grounds that this Request is overbroad and unduly burdensome. In particular, this Request seeks "all communications" without any regard to whether such document or communication would be material or necessary in the prosecution or defense of this Action.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1      Subject to and without waiving these or any other applicable objections,

2  Plaintiff has conducted a reasonable search and produced relevant, responsive and

3  non-privileged documents in her possession, custody and control at PL000032-44.

4  **REQUEST NO. 4:**

5  All COMMUNICATIONS between YOU and any PERSON regarding the abortion

6  referred to by YOU at Paragraphs 16 and 70 of the COMPLAINT.

7      **RESPONSE TO REQUEST NO. 4:**

8      Plaintiff objects that the Request seeks the disclosure of confidential personal,

9  medical and/or business information concerning Plaintiff, the disclosure of which

10  would violate the privacy of Plaintiff; seeks the disclosure of information that is

11  protected from disclosure under attorney client privilege, the work product doctrine

12  and/or any other applicable privilege, protection, statute, rule, regulation or common

13  law principle.  Plaintiff also objects on the grounds that this Request is overbroad

14  and unduly burdensome.  In particular, this Request seeks "all communications"

15  without any regard to whether such document or communication would be material

16  or necessary in the prosecution or defense of this Action.

17      Subject to and without waiving these or any other applicable objections,

18  Plaintiff has conducted a reasonable search and produced relevant, responsive and

19  non-privileged documents in her possession, custody and control at PL000032-44.

20  **REQUEST NO. 5:**

21  All COMMUNICATIONS between YOU and any PERSON regarding any physical

22  injuries sustained by YOU related to the INCIDENT.

23      **RESPONSE TO REQUEST NO. 5:**

24      Plaintiff objects that the Request seeks the disclosure of confidential personal,

25  medical and/or business information concerning Plaintiff, the disclosure of which

26  would violate the privacy of Plaintiff; seeks the disclosure of information that is

27

28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

---

Plaintiff's Amended Responses and Objections to Defendant's Requests for Production, Set One

6

1  protected from disclosure under attorney client privilege, the work product doctrine
2  and/or any other applicable privilege, protection, statute, rule, regulation or common
3  law principle.

4      Subject to and without waiving these or any other applicable objections,
5  Plaintiff has conducted a reasonable search and does not have any responsive
6  documents.

7  **REQUEST NO. 6:**

8  All COMMUNICATIONS between YOU and any PERSON regarding any
9  emotional or mental injuries sustained by YOU related to the INCIDENT.

10      **RESPONSE TO REQUEST NO. 6:**

11      Plaintiff objects that the Request seeks the disclosure of confidential personal,
12  medical and/or business information concerning Plaintiff, the disclosure of which
13  would violate the privacy of Plaintiff; seeks the disclosure of information that is
14  protected from disclosure under attorney client privilege, the work product doctrine
15  and/or any other applicable privilege, protection, statute, rule, regulation or common
16  law principle.

17      Subject to and without waiving these or any other applicable objections,
18  Plaintiff has conducted a reasonable search and does not have any responsive
19  documents.

20  **REQUEST NO. 7:**

21  All DOCUMENTS that refer to or relate to WAYNE.

22      **RESPONSE TO REQUEST NO. 7:**

23      Plaintiff objects that the Request seeks the disclosure of confidential personal,
24  medical and/or business information concerning Plaintiff, the disclosure of which
25  would violate the privacy of Plaintiff; seeks the disclosure of information that is
26  protected from disclosure under attorney client privilege, the work product doctrine

27
28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  and/or any other applicable privilege, protection, statute, rule, regulation or common

2  law principle.  Plaintiff also objects on the grounds that this Request is overbroad

3  and unduly burdensome.  In particular, this Request seeks "all documents" without

4  any regard to whether such document or communication would be material or

5  necessary in the prosecution or defense of this Action.

6      Subject to and without waiving these or any other applicable objections,

7  Plaintiff has conducted a reasonable search and produced relevant, responsive and

8  non-privileged documents in her possession, custody and control at PL000001-30,

9  PL000032-46.

10  **REQUEST NO. 8:**

11  All DOCUMENTS that refer to or relate to the INCIDENT.

12      **RESPONSE TO REQUEST NO. 8:**

13      Plaintiff objects that the Request seeks the disclosure of confidential personal,

14  medical and/or business information concerning Plaintiff, the disclosure of which

15  would violate the privacy of Plaintiff; seeks the disclosure of information that is

16  protected from disclosure under attorney client privilege, the work product doctrine

17  and/or any other applicable privilege, protection, statute, rule, regulation or common

18  law principle.  Plaintiff also objects on the grounds that this Request is overbroad

19  and unduly burdensome.  In particular, this Request seeks "all documents" without

20  any regard to whether such document or communication would be material or

21  necessary in the prosecution or defense of this Action.

22      Subject to and without waiving these or any other applicable objections,

23  Plaintiff has conducted a reasonable search and produced relevant, responsive and

24  non-privileged documents in her possession, custody and control at PL000011-30,

25  PL000032-46.

26

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**REQUEST NO. 9:**

All DOCUMENTS that refer to or relate to YOUR pregnancy referred to by YOU at Paragraphs 14, 15, 16, 68, 69, and 70 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Plaintiff also objects on the grounds that this Request is overbroad and unduly burdensome. In particular, this Request seeks "all documents" without any regard to whether such document or communication would be material or necessary in the prosecution or defense of this Action.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and produced relevant, responsive and non-privileged documents in her possession, custody and control at PL000032-45.

**REQUEST NO. 10:**

All DOCUMENTS that refer to or relate to YOUR abortion referred to by YOU at Paragraphs 16 and 70 of the COMPLAINT.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Plaintiff also objects on the grounds that this Request is overbroad

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1   and unduly burdensome.  In particular, this Request seeks "all documents" without

2   any regard to whether such document or communication would be material or

3   necessary in the prosecution or defense of this Action.

4        Subject to and without waiving these or any other applicable objections,

5   Plaintiff has conducted a reasonable search and produced relevant, responsive and

6   non-privileged documents in her possession, custody and control at PL000040-45.

7   **REQUEST NO. 11:**

8   All DOCUMENTS written by YOU that include any reference to WAYNE, the

9   INCIDENT, or any injuries suffered by YOU related to the INCIDENT, including

10  but not limited to any journals, diaries, or notes.

11       **RESPONSE TO REQUEST NO. 11:**

12       Plaintiff objects to this Request on the grounds that it is overbroad and unduly

13  burdensome.  In particular, this Request seeks "all documents" that reference

14  Defendant without any regard to whether such document would be material and

15  necessary in the prosecution or defense of this Action.  Plaintiff also objects to this

16  Request to the extent that it seeks information concerning Plaintiff's attorneys or

17  their agents, employees, or other persons working on their behalf, or other

18  information that implicates a legal privilege or protection.

19       Subject to and without waiving these or any other applicable objections,

20  Plaintiff has conducted a reasonable search and produced relevant, responsive and

21  non-privileged documents in her possession, custody and control at PL000015-30.

22  **REQUEST NO. 12:**

23  Each and every personal or business calendar, written or electronic, maintained by

24  YOU during the period January 1, 2016 through December 31, 2018.

25

26

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this Request on the grounds that it is overbroad and unduly burdensome. In particular, this Request seeks "each and every personal or business calendar" without any regard to whether such document would be material or necessary in the prosecution or defense of this Action.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and does not have any responsive documents.

**REQUEST NO. 13:**

Any photographs, videos, or other media depicting any physical injuries incurred by YOU related to the INCIDENT.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and does not have any responsive documents.

**REQUEST NO. 14:**

All statements or declarations of any PERSON, whether recorded or written, regarding the alleged INCIDENT.

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257–6800

1  and/or any other applicable privilege, protection, statute, rule, regulation or common

2  law principle.

3      Subject to and without waiving these or any other applicable objections,

4  Plaintiff has conducted a reasonable search and produced relevant, responsive and

5  non-privileged documents in her possession, custody and control at PL000015-30.

6  **REQUEST NO. 15:**

7  All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU

8  sought or received related to any physical injuries YOU sustained related to the

9  INCIDENT.

10      **RESPONSE TO REQUEST NO. 15:**

11      Plaintiff objects that the Request seeks the disclosure of confidential personal,

12  medical and/or business information concerning Plaintiff, the disclosure of which

13  would violate the privacy of Plaintiff.

14      Subject to and without waiving these or any other applicable objections,

15  Plaintiff has conducted a reasonable search and does not have any responsive

16  documents.

17  **REQUEST NO. 16:**

18  All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU

19  sought or received related to any emotional or mental injuries YOU sustained related

20  to the INCIDENT.

21      **RESPONSE TO REQUEST NO. 16:**

22      Plaintiff objects that the Request seeks the disclosure of confidential personal,

23  medical and/or business information concerning Plaintiff, the disclosure of which

24  would violate the privacy of Plaintiff.

25

26

27

28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1      Subject to and without waiving these or any other applicable objections,

2  Plaintiff has conducted a reasonable search and produced relevant, responsive and

3  non-privileged documents in her possession, custody and control at PL000047.

4  **REQUEST NO. 17:**

5  All DOCUMENTS that evidence, refer to or relate to any counseling or therapy

6  YOU have sought or received related to any injuries YOU sustained related to the

7  INCIDENT

8      **RESPONSE TO REQUEST NO. 17:**

9      Plaintiff objects that the Request seeks the disclosure of confidential personal,

10 medical and/or business information concerning Plaintiff, the disclosure of which

11 would violate the privacy of Plaintiff.

12     Subject to and without waiving these or any other applicable objections,

13 Plaintiff has conducted a reasonable search and produced relevant, responsive and

14 non-privileged documents in her possession, custody and control at PL000047.

15 **REQUEST NO. 18:**

16 All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU

17 sought or received related to YOUR pregnancy referred to by YOU at Paragraphs

18 14, 15, 16, 68, 69, and 70 of the COMPLAINT.

19     **RESPONSE TO REQUEST NO. 18:**

20     Plaintiff objects that the Request seeks the disclosure of confidential personal,

21 medical and/or business information concerning Plaintiff, the disclosure of which

22 would violate the privacy of Plaintiff. Plaintiff  further objects on the grounds that it

23 is overbroad and unduly burdensome.   In particular, this Request seeks "all

24 documents" without any regard to whether such document would be material or

25 necessary in the prosecution or defense of this Action.

26

27

28

1       Subject to and without waiving these or any other applicable objections,

2   Plaintiff has conducted a reasonable search and produced relevant, responsive and

3   non-privileged documents in her possession, custody and control at PL000032-45.

4   **REQUEST NO. 19:**

5   All DOCUMENTS that evidence, refer to or relate to any medical treatment YOU

6   sought or received related to YOUR abortion referred to by YOU at Paragraphs 16

7   and 70 of the COMPLAINT.

8       **RESPONSE TO REQUEST NO. 19:**

9       Plaintiff objects that the Request seeks the disclosure of confidential personal,

10  medical and/or business information concerning Plaintiff, the disclosure of which

11  would violate the privacy of Plaintiff. Plaintiff also objects on the grounds that it is

12  overbroad and unduly burdensome.  In particular, this Request seeks "all documents"

13  without any regard to whether such document would be material or necessary in the

14  prosecution or defense of this Action.

15      Subject to and without waiving these or any other applicable objections,

16  Plaintiff has conducted a reasonable search and produced relevant, responsive and

17  non-privileged documents in her possession, custody and control at PL000032-45.

18  **REQUEST NO. 20:**

19  All DOCUMENTS that evidence, refer to or relate to any COMMUNICATION

20  YOU had with any law enforcement agency about the INCIDENT.

21      **RESPONSE TO REQUEST NO. 20:**

22      Plaintiff objects that the Request seeks the disclosure of confidential personal,

23  medical and/or business information concerning Plaintiff, the disclosure of which

24  would violate the privacy of Plaintiff.

25

26

27

28  

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1    Subject to and without waiving these or any other applicable objections,

2  Plaintiff has conducted a reasonable search and does not have any responsive

3  documents.

4  **REQUEST NO. 21:**

5  All DOCUMENTS sufficient to show where YOU were employed during the

6  period January 1, 2016 through the present.

7    **RESPONSE TO REQUEST NO. 21:**

8    Plaintiff objects that the Request seeks the disclosure of confidential personal,

9  medical and/or business information concerning Plaintiff, the disclosure of which

10 would violate the privacy of Plaintiff.

11   Subject to and without waiving these or any other applicable objections,

12 Plaintiff states that she does not intend to seek damages for lost income or earning

13 potential in this matter and, therefore, does not have any responsive documents to

14 this Request.

15 **REQUEST NO. 22:**

16 All DOCUMENTS sufficient to show every type of self-employment YOU have

17 engaged in during the period January 1, 2016 through the present.

18   **RESPONSE TO REQUEST NO. 22:**

19   Plaintiff objects that the Request seeks the disclosure of confidential personal,

20 medical and/or business information concerning Plaintiff, the disclosure of which

21 would violate the privacy of Plaintiff.

22   Subject to and without waiving these or any other applicable objections,

23 Plaintiff states that she does not intend to seek damages for lost income or earning

24 potential in this matter and, therefore, does not have any responsive documents to

25 this Request.

26

27

28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**REQUEST NO. 23:**

All DOCUMENTS sufficient to show the total amount of income YOU received each year for the following years: 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023 and 2024.

      **RESPONSE TO REQUEST NO. 23:**

      Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

      Subject to and without waiving these or any other applicable objections, Plaintiff states that she does not intend to seek damages for lost income or earning potential in this matter and, therefore, does not have any responsive documents to this Request.

**REQUEST NO. 24:**

All DOCUMENTS that evidence any payment made for the abortion referred to by YOU at Paragraphs 16 and 70 of the COMPLAINT.

      **RESPONSE TO REQUEST NO. 24:**

      Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

      Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and produced relevant, responsive and non-privileged documents in her possession, custody and control at PL000045.

**REQUEST NO. 25:**

All DOCUMENTS which evidence that YOUR son Kamden passed away as alleged by YOU at Paragraph 3 of the COMPLAINT, including but not limited to the death certificate and any medical records.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257–6800

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**RESPONSE TO REQUEST NO. 25:**

Plaintiff objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff; seeks the disclosure of information that is protected from disclosure under attorney client privilege, the work product doctrine and/or any other applicable privilege, protection, statute, rule, regulation or common law principle. Plaintiff also objects on the grounds that this Request is overbroad and unduly burdensome. In particular, this Request seeks "all documents" without any regard to whether such document would be material or necessary in the prosecution or defense of this Action.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and produced relevant, responsive and non-privileged documents in her possession, custody and control at PL000031.

**REQUEST NO. 26:**

All DOCUMENTS which evidence, relate to or refer to a prescription of Xanex for YOU from a doctor or medical facility at any time from 2015 through the present.

**RESPONSE TO REQUEST NO. 26:**

Plaintiff objects to this request on the grounds that it seeks production of documents that are not relevant to the claim or defense of any party and is not proportional to the needs of this case. Plaintiff also objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

Subject to and without waiving these or any other applicable objections, Plaintiff has conducted a reasonable search and does not have any responsive documents.

**REQUEST NO. 27:**

Each and every computer used by YOU during the period January 1, 2014 through the present, including but not limited to, any desktop computer, laptop computer, tablet computer, smartphone, or any other type of computer.

**RESPONSE TO REQUEST NO. 27:**

Plaintiff objects to this request on the grounds that it seeks production of documents that are not relevant to the claim or defense of any party and is not proportional to the needs of this case. Plaintiff also objects that the Request seeks the disclosure of confidential personal, medical and/or business information concerning Plaintiff, the disclosure of which would violate the privacy of Plaintiff.

Subject to and without waiving these or any other applicable objections, Plaintiff has had her physical devices imaged, provided proposed search terms to Defendant, and will produce relevant, responsive documents when the search terms are finalized.

Dated: March 17, 2025

**WIGDOR LLP**

By: _____
    Michael J. Willemin
    Monica Hincken
    (Admitted *pro hac vice*)

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys    for    Plaintiff    Vanessa LeMaistre*

## PROOF OF SERVICE

I, Edwige Rousseau, declare as follows:

On March 17, 2025 I served **Plaintiff's Amended Objections and Responses to Defendant Leland Wayne's Request for Production** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T:  (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on March 17, 2025 under penalty of perjury under the laws of *the state of California.*

/s/ Edwige Rousseau

Edwige Rousseau

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

EXHIBIT C

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Thursday, April 17, 2025 5:35 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; rgirard@girardbengali.com; mwillemin@wigdorlaw.com
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** LeMaistre v. Wayne - Search Terms for Plaintiff's Computers

Counsel –

Below is a list of the search terms to be used in connection with the search of Plaintiff's MacBook computer and iPhone. Please provide these terms to your vendor, CDS, and request that the search be completed by April 21, 2025.

We also request that you produce the information gathered from this search no later than April 25, 2025. Please confirm that this timing will be complied with. If you have any concerns regarding the timing, please let us know your concerns and proposed solution by tomorrow.

**<u>Search Terms for Plaintiff's Computers</u>**

Leland
Wayne
Metro
MetroBoomin
MB
Lawsuit
Assault
Coerc*
Force*
Sex*
Intima*
Virgin*
Consent
Abuse
Rape
Hotline
Crisis

Counsel*

Therap*

Suicid*

Death

Abort*

Pregnan*

Xanax

Xanny

Ayahuasca

Aya*

Bobinsana

Drug

Drink*

Trauma

Party

Studio

"Recording studio"

Father

Kamden

Son

Brax

Crissie

Kimberlie

Montano

Lil

Dwayne

Carter

Nash

Vlad

Erica

Lloyd

Tequoia

Leigh

Nadia

Glover

Jamie

Watkins

Peru

Spirit*

god*

magic

"Las Vegas"

"314-882-1715"

Prototypes

Planned

Parenthood

YWCA

RAINN

FPA

Medical

Samantha

Sangana

Rachelle

Poindexter

Patricia

Norris

The time period for this search is January 1, 2016 through the present.

Sincerely,



**Lawrence C. Hinkle II,**  MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

# EXHIBIT D

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Thursday, April 17, 2025 5:35 PM
**To:** Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; rgirard@girardbengali.com; mwillemin@wigdorlaw.com
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** LeMaistre v. Wayne - Search Terms for Plaintiff's Computers

Counsel –

Below is a list of the search terms to be used in connection with the search of Plaintiff's MacBook computer and iPhone. Please provide these terms to your vendor, CDS, and request that the search be completed by April 21, 2025.

We also request that you produce the information gathered from this search no later than April 25, 2025. Please confirm that this timing will be complied with. If you have any concerns regarding the timing, please let us know your concerns and proposed solution by tomorrow.

**<u>Search Terms for Plaintiff's Computers</u>**

Leland
Wayne
Metro
MetroBoomin
MB
Lawsuit
Assault
Coerc*
Force*
Sex*
Intima*
Virgin*
Consent
Abuse
Rape
Hotline
Crisis

Counsel*

Therap*

Suicid*

Death

Abort*

Pregnan*

Xanax

Xanny

Ayahuasca

Aya*

Bobinsana

Drug

Drink*

Trauma

Party

Studio

"Recording studio"

Father

Kamden

Son

Brax

Crissie

Kimberlie

Montano

Lil

Dwayne

Carter

Nash

Vlad

Erica

Lloyd

Tequoia

Leigh

Nadia

Glover

Jamie

Watkins

Peru

Spirit*

god*

magic

"Las Vegas"

"314-882-1715"

Prototypes

Planned

Parenthood

YWCA

RAINN

FPA

Medical

Samantha

Sangana

Rachelle

Poindexter

Patricia

Norris

The time period for this search is January 1, 2016 through the present.

Sincerely,



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

EXHIBIT E

image645982.png
image074361.png
image316700.png
image822263.png
image912291.png
Initial search terms MacBook.xls
Revised search terms MacBook.xls
Revised search terms gmail.xls
Initial search terms Gmail.xls
image001.png

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Monday, May 19, 2025 10:17 AM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Bobby L. Daniels, Jr.
<bdaniels@sandersroberts.com>; Justin Sanders <jsanders@sandersroberts.com>
**Cc:** Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Molly
Zhu <mzhu@wigdorlaw.com>; Monica Hincken <mhincken@wigdorlaw.com>
**Subject:** LeMaistre ESI

Counsel,

As we discussed last week, we need to revise the search terms / time frames for the Gmail and
MacBook data, as the original set of search terms resulted in over 120,000 hits.  We have run revised
search terms and have gotten the number down to a few thousand, a much more reasonable
number consistent with the requirements of proportionality.

The hit reports for the initial and revised search terms are attached.

Thanks,

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.



## WIG_LeMaistre v. Wayne (ECA)

**Search Terms Report**

**Report Name:** Key Terms for Promotion    **Searchable Set:** 20250509 - Gmail_1/1/2016 - Present



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 352,712 | 110,405 | 115,673 | 242,307 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Group | Unique hits |
|---|---|---|---|
| "Recording studio" | 311 | 486 | 0 |
| 314 882 1715 OR 13148821715 OR 3148821715 | 0 | 0 | 6 |
| Abort* | 550 | 626 | 77 |
| Abuse | 3,229 | 3,639 | 1,608 |
| Assault | 462 | 651 | 26 |
| Aya* | 1,272 | 1,643 | 273 |
| Ayahuasca | 626 | 806 | 0 |
| Bobinsana | 102 | 159 | 1 |
| Bras | 88 | 137 | 9 |
| Carter | 645 | 874 | 309 |
| Coerc* | 70 | 110 | 7 |
| Consent | 8,905 | 10,217 | 6,781 |
| Counsel* | 3,266 | 3,830 | 1,124 |
| Crisis | 1,897 | 2,224 | 440 |
| Crissie | 0 | 0 | 0 |
| Death | 3,126 | 3,729 | 571 |
| Drink* | 12,916 | 13,610 | 4,721 |
| Drug | 1,476 | 1,658 | 360 |
| Dwayne | 58 | 63 | 24 |
| Erica | 626 | 717 | 141 |
| Father | 4,071 | 4,419 | 1,017 |
| Force* | 6,471 | 7,093 | 2,885 |
| FPA | 58 | 70 | 21 |
| Glover | 192 | 302 | 26 |
| god* | 11,607 | 12,427 | 4,972 |
| Hotline | 696 | 883 | 67 |
| Intima* | 2,716 | 3,045 | 680 |
| Jamie | 693 | 848 | 223 |
| Kamden | 2,687 | 3,383 | 478 |
| Kimberlie | 1 | 2 | 1 |
| Las Vegas OR Vegas | 2,727 | 2,905 | 1,360 |
| Lawsuit | 338 | 463 | 74 |
| Leigh | 269 | 294 | 92 |
| Leland | 40 | 57 | 5 |
| Lil | 1,277 | 1,426 | 426 |
| Lloyd | 466 | 525 | 329 |
| magic | 6,349 | 6,636 | 1,963 |
| MB | 854 | 981 | 524 |
| Medical | 12,728 | 14,539 | 4,384 |
| Metro | 1,347 | 1,583 | 464 |
| MetroBoomin | 16 | 17 | 0 |
| Montano | 101 | 102 | 3 |
| Nadia | 389 | 570 | 39 |
| Nash | 132 | 158 | 17 |
| Norris | 78 | 92 | 26 |
| Parenthood | 545 | 748 | 27 |
| Party | 18,916 | 20,113 | 13,245 |
| Patricia | 452 | 483 | 158 |
| Peru | 813 | 1,218 | 135 |
| Planned | 2,426 | 3,006 | 480 |
| Poindexter | 135 | 164 | 55 |
| Pregnan* | 2,717 | 3,070 | 876 |
| Prototypes | 146 | 238 | 20 |
| Rachelle | 53 | 63 | 29 |
| RAINN | 58 | 66 | 13 |
| Rape | 405 | 605 | 9 |
| Samantha | 990 | 1,090 | 246 |
| Sangena | 117 | 156 | 0 |
| Sex* | 7,703 | 8,696 | 2,610 |
| Son | 4,315 | 4,924 | 1,007 |
| Spirit* | 18,844 | 19,805 | 7,476 |
| Studio | 12,925 | 14,086 | 5,772 |
| Suicid* | 914 | 1,054 | 71 |
| Tequoia | 99 | 134 | 6 |
| Therap* | 9,735 | 10,517 | 2,567 |
| Trauma | 2,065 | 2,341 | 253 |
| Virgin* | 2,258 | 2,610 | 1,085 |
| Vlad | 55 | 75 | 5 |
| Watkins | 193 | 215 | 123 |
| Wayne | 1,369 | 1,585 | 561 |
| Xanax | 157 | 169 | 5 |
| Xanny | 18 | 20 | 0 |
| YWCA | 177 | 219 | 16 |



**WIG_LeMaistre v. Wayne (ECA)**

Search Terms Report

| Report Name: | Key Terms for Promotion | Searchable Set: | 20250512 - MacBook_1/1/2016 - Present |



Total documents with hits    Total documents with hits, including Group    Total documents without hits

### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 303,915 | 5,270 | 5,296 | 298,645 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| "Recording studio" | 6 | 6 | 0 |
| 314 882 1715 OR 1314882 1715 OR 3148821715 | 0 | 0 | 0 |
| Abort* | 359 | 359 | 186 |
| Abuse | 90 | 91 | 12 |
| Assault | 8 | 8 | 1 |
| Aya* | 222 | 224 | 62 |
| Ayahuasca | 56 | 56 | 0 |
| Boliviana | 1 | 1 | 0 |
| Brax | 18 | 18 | 1 |
| Carter | 12 | 12 | 6 |
| Coerc* | 49 | 49 | 3 |
| Consent | 268 | 271 | 80 |
| Counsel* | 127 | 131 | 9 |
| Crisis | 48 | 51 | 13 |
| Crissie | 0 | 0 | 0 |
| Death | 147 | 148 | 54 |
| Drink* | 212 | 212 | 74 |
| Drug | 52 | 54 | 7 |
| Dwayne | 3 | 3 | 0 |
| Erica | 25 | 28 | 13 |
| Father | 101 | 102 | 38 |
| Force* | 512 | 515 | 167 |
| FIFA | 25 | 25 | 6 |
| Glover | 62 | 62 | 4 |
| god* | 1,137 | 1,141 | 820 |
| Hotline | 21 | 21 | 0 |
| Intima* | 169 | 169 | 30 |
| Jamie | 44 | 44 | 18 |
| Kamden | 163 | 164 | 76 |
| Kimberlie | 0 | 0 | 0 |
| Las Vegas OR Vegas | 44 | 44 | 21 |
| Lawsuit | 20 | 20 | 1 |
| Leigh | 10 | 10 | 0 |
| Leland | 2 | 2 | 0 |
| Lil | 119 | 119 | 87 |
| Lloyd | 12 | 13 | 0 |
| magic | 194 | 194 | 98 |
| MB | 461 | 463 | 208 |
| Medical | 269 | 279 | 66 |
| Metro | 129 | 132 | 17 |
| MetroBoomin | 4 | 4 | 1 |
| Montano | 0 | 0 | 0 |
| Nadia | 144 | 144 | 58 |
| Nash | 7 | 7 | 1 |
| Norris | 8 | 9 | 0 |
| Parenthood | 11 | 11 | 0 |
| Party | 510 | 516 | 221 |
| Patricia | 10 | 11 | 4 |
| Peru | 84 | 84 | 20 |
| Planned | 121 | 123 | 9 |
| Poindexter | 0 | 0 | 0 |
| Pregnan* | 158 | 158 | 20 |
| Prototypes | 12 | 12 | 1 |
| Rachelle | 1 | 1 | 0 |
| RAINN | 4 | 4 | 0 |
| Rape | 23 | 23 | 5 |
| Samantha | 52 | 52 | 15 |
| Sangeeta | 4 | 4 | 0 |
| Sex* | 548 | 554 | 282 |
| Son | 330 | 341 | 136 |
| Spirit* | 1,326 | 1,329 | 622 |
| Studio | 352 | 354 | 123 |
| Suicid* | 38 | 38 | 3 |
| Tequoia | 5 | 5 | 3 |
| Therap* | 188 | 191 | 38 |
| Trauma | 116 | 116 | 53 |
| Virgin* | 185 | 186 | 33 |
| Vlad | 0 | 0 | 0 |
| Watkins | 4 | 4 | 0 |
| Wayne | 42 | 42 | 12 |
| Xanax | 5 | 5 | 0 |
| Xavery | 0 | 0 | 0 |
| YWCA | 4 | 4 | 0 |

---

| **Report Generated:** | 05/12/25 5:08:30 PM | | Page 1 of 1 |



### WIG_LeMaistre v. Wayne (ECA)

**Search Terms Report**

**Report Name:**  Key Terms for Promotion          **Searchable Set:**     20250509 - Gmail_3/1/2016 - 9/30/2017

### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 31,256 | 1,950 | 2,093 | 29,304 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| 314 882 1715 OR 13148821715 OR 31488217115 | 0 | 0 | 0 |
| Abort* | 35 | 38 | 27 |
| Abuse w/15 sex* | 62 | 71 | 44 |
| Assault w/15 sex* | 11 | 11 | 4 |
| Aya | 1 | 1 | 1 |
| Ayahuasca | 2 | 2 | 2 |
| Bobinsana | 0 | 0 | 0 |
| Brax | 0 | 0 | 0 |
| Coerc* | 10 | 13 | 4 |
| Consent w/15 (Wayne or Leland or Sex) | 0 | 0 | 0 |
| Counseling w/15 (health or mental or emotional) | 10 | 13 | 9 |
| Crissie | 0 | 0 | 0 |
| Dwayne | 4 | 4 | 4 |
| Erica | 73 | 105 | 47 |
| Force w/15 sex* | 0 | 0 | 0 |
| FPA | 7 | 7 | 7 |
| Glover | 13 | 27 | 0 |
| Hotline | 17 | 24 | 12 |
| Jamie | 101 | 101 | 74 |
| Kimberlie | 0 | 0 | 0 |
| Las Vegas OR Vegas | 416 | 443 | 377 |
| Lawsuit | 9 | 15 | 7 |
| Leigh | 88 | 88 | 80 |
| Leland | 0 | 0 | 0 |
| Lloyd | 31 | 39 | 11 |
| MB | 35 | 39 | 35 |
| Metro | 129 | 153 | 111 |
| MetroBoomin | 0 | 0 | 0 |
| Montano | 18 | 18 | 14 |
| Nadia | 27 | 41 | 13 |
| Nash | 1 | 1 | 1 |
| Norris | 14 | 14 | 14 |
| Patricia | 40 | 42 | 25 |
| Peru | 39 | 50 | 26 |
| Planned Parenthood | 1 | 1 | 1 |
| Poindexter | 0 | 0 | 0 |
| Pregnan* w/15 (Metro* Or MB or Wayne or Leland) | 0 | 0 | 0 |
| Prototypes | 42 | 46 | 2 |
| Rachelle | 12 | 22 | 11 |
| RAINN | 0 | 0 | 0 |
| Rape | 34 | 36 | 26 |
| Recording studio | 30 | 33 | 26 |
| Samantha w/3 Sangana | 40 | 43 | 0 |
| Suicid* | 100 | 105 | 64 |
| Tequoia | 27 | 38 | 19 |
| Trauma | 169 | 171 | 134 |
| Vlad | 1 | 1 | 1 |
| Watkins | 6 | 6 | 6 |
| Wayne | 518 | 520 | 512 |
| Xanax | 2 | 2 | 2 |
| Xanny | 0 | 0 | 0 |
| YWCA | 0 | 0 | 0 |



## WIG_LeMaistre v. Wayne (ECA)

### Search Terms Report

| Report Name: | Key Terms for Promotion V2 | Searchable Set: | 20250512 - MacBook_3/1/2016 - 9/30/2017 |
|---|---|---|---|

### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 28,030 | 182 | 185 | 27,845 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| 314 882 1715 OR 13148821715 OR 31488217115 | 0 | 0 | 0 |
| Abort* | 8 | 8 | 2 |
| Abuse w/15 sex* | 11 | 11 | 5 |
| Assault w/15 sex* | 0 | 0 | 0 |
| Aya | 3 | 3 | 3 |
| Ayahuasca | 0 | 0 | 0 |
| Bobinsana | 0 | 0 | 0 |
| Brax | 0 | 0 | 0 |
| Coerc* | 1 | 1 | 0 |
| Consent w/15 (Wayne or Leland or Sex) | 0 | 0 | 0 |
| Counseling w/15 (health or mental or emotional) | 0 | 0 | 0 |
| Crissie | 0 | 0 | 0 |
| Dwayne | 0 | 0 | 0 |
| Erica | 17 | 20 | 14 |
| Force w/15 sex* | 0 | 0 | 0 |
| FPA | 3 | 3 | 3 |
| Glover | 24 | 24 | 2 |
| Hotline | 0 | 0 | 0 |
| Jamie | 16 | 16 | 9 |
| Kimberlie | 0 | 0 | 0 |
| Las Vegas OR Vegas | 10 | 10 | 9 |
| Lawsuit | 3 | 3 | 2 |
| Leigh | 1 | 1 | 0 |
| Leland | 0 | 0 | 0 |
| Lloyd | 3 | 4 | 1 |
| MB | 31 | 31 | 25 |
| Metro | 7 | 7 | 7 |
| MetroBoomin | 0 | 0 | 0 |
| Montano | 0 | 0 | 0 |
| Nadia | 53 | 53 | 26 |
| Nash | 0 | 0 | 0 |
| Norris | 0 | 0 | 0 |
| Patricia | 3 | 3 | 3 |
| Peru | 11 | 11 | 11 |
| Planned Parenthood | 0 | 0 | 0 |
| Poindexter | 0 | 0 | 0 |
| Pregnan* w/15 (Metro* Or MB or Wayne or Leland) | 0 | 0 | 0 |
| Prototypes | 3 | 3 | 1 |
| Rachelle | 1 | 1 | 0 |
| RAINN | 0 | 0 | 0 |
| Rape | 6 | 6 | 1 |
| Recording studio | 0 | 0 | 0 |
| Samantha w/3 Sangana | 2 | 2 | 0 |
| Suicid* | 6 | 6 | 1 |
| Tequoia | 3 | 3 | 3 |
| Trauma | 16 | 16 | 11 |
| Vlad | 0 | 0 | 0 |
| Watkins | 1 | 1 | 0 |
| Wayne | 3 | 3 | 3 |
| Xanax | 0 | 0 | 0 |
| Xanny | 0 | 0 | 0 |
| YWCA | 0 | 0 | 0 |

# EXHIBIT F

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Thursday, May 22, 2025 4:20 PM
**To:** mwillemin@wigdorlaw.com; mhincken@wigdorlaw.com; Omar Bengali
<obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Molly Zhu
<mzhu@wigdorlaw.com>; erousseau@wigdorlaw.com
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr.
<bdaniels@sandersroberts.com>
**Subject:** RE: LeMaistre ESI

Counsel -

We write to meet and confer with you about your request to modify the search terms for the Gmail
and MacBook data.

1. Timeframe

The timeframe agreed to by the parties is January 1, 2016 to the present. Your request to reduce the
timeframe to March 1, 2016 until September 17, 2017 is too narrow. The original timeframe the
parties agreed to remains necessary given Plaintiff's claims in this case. Therefore, the original
timeframe must remain the same for all searches.

2. Search Terms related to the MacBook

Given the limited number of hits related to the MacBook, we will not agree to modify the search
terms.

3. Search Terms related to Gmail

We have set forth below our position regarding your proposed changes to the search terms below.
This modification to the search terms only applies to Gmail.

- You changed "Abuse" to "Abuse w/15 sex*"
  - We will not agree to this change. This proposed change excludes an extraordinary amount of relevant hits given that the word sex* may not be mentioned in relation to an instance of sexual abuse in Plaintiff's records. Moreover, any type of abuse, not just sexual abuse, is relevant to Plaintiff's claims in this case.
- You changed "Assault" to "Assault w/15 sex*"
  - We will not agree to this change. This proposed change excludes an extraordinary amount of relevant hits given that the word sex* may not be mentioned in relation to an instance of assault in Plaintiff's records. Moreover, any type of assault, not just a sexual assault, is relevant to Plaintiff's claims in this case.
- You removed "Carter".
  - We will not agree to this change. However, we will agree to the following modification: "Dwayne or Carter or Lil Wayne"
- You changed "Consent" to "Consent w/15 (Wayne or Leland or Sex*)"
  - We will not agree to this change. However, we will agree to change this to the following: "Consent w/15 (Wayne or Leland or Metro or MB or Dax or Hill or Jude or Thomas or Jose or Cardenas or Sex*)"
- You changed "Counseling" to "Counseling w/15 (health or mental or emotional)"
  - We will not agree to this change.
- In both versions of the search terms, "Crissie" is spelled incorrectly. It should be "Chrissie." Please make that change.
- You removed "Drink" from the data set.
  - We will not agree to this change. However, we will agree to the following modification: "Drink w/ 15(Leland or Wayne or Metro or MB or Dax or Hill or Jude or Thomas or Jose or Cardenas or Sex*)"
- You removed "Drugs."
  - We will not agree to this change. This term cannot be limited due to Plaintiff's admission that she uses drugs and the relation of her drug use to the issues in this case.
- You removed "Father"
  - We agree to this change.
- You removed "god"
  - We agree to this change.
- You removed "Intima*"
  - We will not agree to this change. We expect this term to capture communications regarding the occasions Plaintiff has been intimate and her emotional issues concerning intimacy.
- You removed Kamden
  - We agree to this change.

You removed "Lil"
- ○ We will not agree to this change. However, we will agree to the following modification: "Lil w/15 Wayne"
- You removed "Magic"
  - ○ We will not agree to this change. However, we will agree to the following modification: "magic w/15 black"
- You removed "Parenthood"
  - ○ We will not agree to this change. However, we will agree to the following modification: "Parenthood w/15 (Planned or baby or abor*)"
- You removed "Party"
  - ○ We will not agree to this change. However, we will agree to the following modification: "Party w/15 (Leland or Wayne or Metro or sex)"
- You removed "Sex"
  - ○ We will not agree with this change. We expect this term to capture Plaintiff's sex related views, interactions and issues, which are matters she place squarely at issue in this case.
- You removed "Son"
  - ○ We agree to this change.
- You removed "Studio" and replaced it with "Recording Studio"
  - ○ We will not agree with this change. However, we will agree to the following modification: "Studio w/15 ( Leland or Wayne or Metro or MB)"
- You removed "Therap*"
  - ○ We will not agree to this change.

Please confirm by tomorrow that you will complete the search for Gmail and MacBook data using the foregoing proposed modified search terms.



**Lawrence C. Hinkle II,**  MANAGING PARTNER
lhinkle@sandersroberts.com

**Sanders Roberts LLP**
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

---

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Monday, May 19, 2025 10:17 AM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Bobby L. Daniels, Jr.
<bdaniels@sandersroberts.com>; Justin Sanders <jsanders@sandersroberts.com>
**Cc:** Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Molly
Zhu <mzhu@wigdorlaw.com>; Monica Hincken <mhincken@wigdorlaw.com>
**Subject:** LeMaistre ESI

Counsel,

As we discussed last week, we need to revise the search terms / time frames for the Gmail and MacBook data, as the original set of search terms resulted in over 120,000 hits. We have run revised search terms and have gotten the number down to a few thousand, a much more reasonable number consistent with the requirements of proportionality.

The hit reports for the initial and revised search terms are attached.

Thanks,

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**[wigdorlaw.com](http://wigdorlaw.com)**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

EXHIBIT G

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Tuesday, May 27, 2025 11:00 AM
**To:** Michael J. Willemin <mwillemin@wigdorlaw.com>; Monica Hincken
<mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard
<rgirard@girardbengali.com>; Edwige Rousseau <erousseau@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr.
<bdaniels@sandersroberts.com>
**Subject:** FW: LeMaistre ESI

Counsel —

Please see the updated chart below.

Sincerely,



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

---

**From:** Molly Zhu <mzhu@wigdorlaw.com>
**Sent:** Tuesday, May 27, 2025 12:50 PM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Michael J. Willemin
<mwillemin@wigdorlaw.com>; Monica Hincken <mhincken@wigdorlaw.com>; Omar
Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Edwige

Rousseau <erousseau@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** RE: LeMaistre ESI

Lawrence, following our call today I am providing to you our directions to CDS to run a hit report based on your proposals in your 5/22 email.

The below terms that are highlighted in *green* denote terms that we've modified and or deleted, but for which you were silent as to whether or not you agreed. Can you please confirm and or add in your proposed terms for those green highlighted cells? Thank you.

| Term | WIGDOR PROPOSAL 5/15 | OPC PROPOSAL 5/27 |
|---|---|---|
| TIMEFRAME | March 1, 2016 to September 30, 2017 | January 1, 2016 to Present |
| 314 882 1715 OR 13148821715 OR 3148821715 | - | - |
| Abort* | - | - |
| Abuse | Abuse w/15 sex! | Change back to: Abuse |
| Assault | Assault w/15 sex! | Change back to: Assault |
| Aya* | "Aya" | Leave as "Aya*" |
| Ayahuasca | - | - |
| Bobinsana | - | - |
| Brax | - | - |
| Carter | DELETE | Modify to: Dwayne or Carter or Lil Wayne |
| Coerc* | - | - |
| Consent | Consent w/15 Wayne or Leland or Sex | Modify to: Consent w/15 (Wayne or Leland or Metro or MB or Dax or Hill or Jude or Thomas or Jose or Cardenas or Sex*) |
| Counsel* | Counseling w/15 health or mental or emotional | Change back to: Counsel* |
| Crisis | DELETE | Fine to delete |
| Crissie | - | Change from: Crissie to Chrissie |
| Death | DELETE | Fine to delete |
| Drink* | DELETE | Modify to: Drink w/ 15(Leland or Wayne or Metro or MB or Dax or Hill or Jude or Thomas or Jose or Cardenas or Sex*) |
| Drug | DELETE | Change back to: Drug |
| Dwayne | - | - |
| | - | - |

| | | |
|---|---|---|
| Erica | | |
| Father | DELETE | Ok to keep deleted |
| Force* | Force w/15 sex! | Leave as original search term of "Force*") |
| FPA | - | - |
| Glover | - | - |
| god* | DELETE | Ok to keep deleted |
| Hotline | - | - |
| Intima* | DELETE | Add back in: Intima* |
| Jamie | - | - |
| Kamden | DELETE | Ok to keep deleted |
| Kimberlie | - | - |
| Las Vegas OR Vegas | - | - |
| Lawsuit | - | - |
| Leigh | - | - |
| Leland | - | - |
| Lil | DELETE | Add back in and modify to: Lil w/15 Wayne |
| Lloyd | - | - |
| magic | DELETE | Add back in and modify to: magic w/15 black |
| MB | - | - |
| Medical | DELETE | Fine to delete |
| Metro | - | - |
| MetroBoomin | - | - |
| Montano | - | - |
| Nadia | - | - |
| Nash | - | - |
| Norris | - | - |
| Parenthood | "Planned Parenthood" | Modify to: Parenthood w/15 (Planned or baby or abor*) |
| Party | DELETE | Modify to: Party w/15 (Leland or Wayne or Metro or sex) |
| Patricia | - | - |
| Peru | - | - |
| Planned | DELETE | Fine to delete |
| Poindexter | - | - |
| Pregnan* | Pregnan! w/15 Metro! Or MB or Wayne or Leland | Keep the original search term of "Pregnan" |
| Prototypes | - | - |
| Rachelle | - | - |
| RAINN | - | - |
| Rape | - | - |

| | | |
|---|---|---|
| Samantha | DELETE | Fine to delete |
| Sangana | Samantha w/3 Sangana | Modify to: "Sam or Samantha w/3 Sangana") |
| Sex* | DELETE | Add back in: Sex |
| Son | DELETE | Ok to keep deleted |
| Spirit* | DELETE | Fine to delete |
| Studio | "Recording Studio" | Add back in and modify to: studio w/15 (Leland or Wayne or Metro or MB) |
| Suicid* | - | |
| Tequoia | - | - |
| Therap* | DELETE | Add back in: Therap* |
| Trauma | - | |
| Virgin* | DELETE | Keep the original search term of "Virgin*" |
| Vlad | - | - |
| Watkins | - | - |
| Wayne | - | - |
| Xanax | - | - |
| Xanny | - | - |
| YWCA | - | - |
| TOTAL DOCUMENTS | GMAIL: 2,093 total documents with hits including family<br><br>MACBOOK: 185 total documents with hits including family | |

**Molly Zhu**

Associate

212 257 6800

85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies

hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Tuesday, May 27, 2025 11:51 AM
**To:** Michael J. Willemin <mwillemin@wigdorlaw.com>; Molly Zhu <mzhu@wigdorlaw.com>; Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Edwige Rousseau <erousseau@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** RE: LeMaistre ESI

Let's have the call today as scheduled.



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Tuesday, May 27, 2025 8:16 AM
**To:** Molly Zhu <mzhu@wigdorlaw.com>; Lawrence Hinkle <lhinkle@sandersroberts.com>; Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Edwige Rousseau <erousseau@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** RE: LeMaistre ESI

Just FYI, we are going to have our vendor run a hit report on the time frame and terms as you have proposed them. I still don't think we are going to have agreement, but it might make more sense to confer after we get that report, which should be tomorrow. Let me know your thoughts.

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney
Work Product. If you are not the addressee indicated in this message or its intended recipient (or
responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to
anyone and, in such case, please immediately destroy or delete this message, including any copies
hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

EXHIBIT H

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Wednesday, May 28, 2025 7:29 AM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Monica Hincken <mhincken@wigdorlaw.com>; Molly Zhu <mzhu@wigdorlaw.com>; Edwige Rousseau <erousseau@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** Re: Plaintiff's continued deposition

**Attachments:**    20250527_OPC Proposal_SearchTermsReport.xls

As suspected, your search proposals would require us to review over 60,000 documents, which is overly burdensome and not proportional.  The report is attached.

---

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**





## WIG_LeMaistre v. Wayne (ECA)

**Search Terms Report**

**Report Name:** OPC PROPOSAL_Key Terms for Promotion     **Searchable Set:** All Documents - January 1, 2016 to Present



| | |
|---|---|
| 600000 | |
| 400000 | |
| 200000 | |
| 0 | |

| Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|
| 54,034 | 61,103 | 653,193 |

### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Group | Total documents without hits |
|---|---|---|---|
| 709,216 | 56,036 | 61,103 | 653,180 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including group | Unique hits |
|---|---|---|---|
| "Recording studio" | 319 | 495 | 69 |
| (Sam OR Samantha) w/3 Sangana | 121 | 160 | 0 |
| 314 882 1715 OR 1314882171S OR 3148821715 | 3 | 3 | 0 |
| Abort* | 952 | 1,282 | 385 |
| Abuse | 3,352 | 3,815 | 1,969 |
| Assault | 477 | 681 | 47 |
| Aya* | 1,777 | 2,538 | 697 |
| Ayahuasca | 758 | 1,008 | 0 |
| Bobinsana | 105 | 169 | 2 |
| Bras | 158 | 231 | 84 |
| Chrissie | 188 | 188 | 22 |
| Coerc* | 122 | 166 | 12 |
| Consent w/15 (Wayne OR Leland OR Metro OR MB OR Dax OR Hil OR Jude OR Thomas OR Jose OR Cardenas OR Sex*) | 64 | 96 | 0 |
| Counsel* | 3,421 | 4,021 | 1,917 |
| Drink* | 13,312 | 14,296 | 9,041 |
| Drug | 1,548 | 1,850 | 646 |
| Dwayne | 61 | 66 | 0 |
| Dwayne OR Carter OR Lil Wayne | 1,128 | 1,330 | 433 |
| Erica | 671 | 766 | 272 |
| Force* | 7,071 | 7,879 | 4,705 |
| FIFA | 87 | 99 | 35 |
| Glover | 273 | 385 | 39 |
| Hotline | 721 | 907 | 197 |
| Intima* | 2,924 | 3,367 | 1,378 |
| Jamie | 940 | 1,122 | 419 |
| Kimberlie | 3 | 4 | 1 |
| Las Vegas OR Vegas | 2,823 | 3,019 | 1,924 |
| Lawsuit | 368 | 515 | 141 |
| Leigh | 291 | 326 | 148 |
| Leland | 46 | 70 | 10 |
| Lil w/15 Wayne | 399 | 569 | 0 |
| Lloyd | 482 | 540 | 387 |
| magic w/15 black | 413 | 569 | 163 |
| MB | 1,322 | 1,461 | 913 |
| Metro | 1,499 | 1,756 | 719 |
| MetroBoomin | 20 | 21 | 1 |
| Montano | 103 | 104 | 45 |
| Nadia | 601 | 801 | 181 |
| Nash | 144 | 171 | 34 |
| Noris | 89 | 106 | 43 |
| Parenthood w/15 (Planned OR baby OR abor*) | 431 | 633 | 135 |
| Party w/15 (Leland OR Wayne OR Metro OR sex) | 93 | 97 | 0 |
| Patricia | 511 | 628 | 301 |
| Peru | 975 | 1,228 | 352 |
| Poindexter | 169 | 198 | 89 |
| Pregnan* | 2,911 | 3,394 | 1,377 |
| Prototypes | 163 | 254 | 42 |
| Rachelle | 54 | 64 | 32 |
| RAINN | 62 | 70 | 16 |
| Rape | 439 | 641 | 30 |
| Sex* | 8,592 | 9,937 | 4,563 |
| studio w/15 (Leland OR Wayne OR Metro OR MB) | 97 | 129 | 0 |
| Suicid* | 965 | 1,129 | 164 |
| Tequoia | 130 | 167 | 36 |
| Therap* | 10,043 | 11,039 | 5,140 |
| Trauma | 2,213 | 2,544 | 770 |
| Virgin* | 2,481 | 2,885 | 1,568 |
| Vlad | 55 | 75 | 9 |
| Watkins | 383 | 424 | 136 |
| Wayne | 1,433 | 1,711 | 729 |
| Xanax | 162 | 174 | 6 |
| Xenny | 18 | 23 | 0 |
| YWCA | 184 | 226 | 31 |

# EXHIBIT I

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Wednesday, May 28, 2025 5:08 PM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Edwige Rousseau <erousseau@wigdorlaw.com>; Molly Zhu <mzhu@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** Re: LeMaistre ESI

We object to this. We are not going to keep incurring the costs of running hit reports that are futile. If you actually reviewed the hit report we sent you would see that these proposed changes are not going to result in a meaningful difference. See you next week.

---

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**wigdorlaw.com**



This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or

responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

---

**From:** Lawrence Hinkle <lhinkle@sandersroberts.com>
**Sent:** Wednesday, May 28, 2025 8:03:17 PM
**To:** Michael J. Willemin <mwillemin@wigdorlaw.com>; Monica Hincken <mhincken@wigdorlaw.com>; Omar Bengali <obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>; Edwige Rousseau <erousseau@wigdorlaw.com>; Molly Zhu <mzhu@wigdorlaw.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr. <bdaniels@sandersroberts.com>
**Subject:** RE: LeMaistre ESI

Counsel –

We are in receipt of the updated hit report you sent to us today. Based on your report, there are changes we are amendable to that were not made. Those changes are:

1. Drink* - We advised that it should be changed to "Drink w/15 (Leland or Wayne or Metro or MB or Dax or Hill or jude or Thomas or Jose or Cardenas or Sex*)
2. The following terms should be deleted:
   a. Las Vegas or Vegas
   b. Leigh
   c. Lloyd
   d. Nash
   e. Norris
   f. Patricia
   g. Rachelle
   h. Vlad

Please make those changes and provide an updated hit report after those changes are made. Please provide the updated hit report to us tomorrow, May 29th.

We also reiterate that the modifications to the search terms we have agreed to relate only to Plaintiff's Gmail account.

Sincerely,



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com

EXHIBIT J

**From:** Michael J. Willemin <mwillemin@wigdorlaw.com>
**Sent:** Wednesday, May 28, 2025 7:33 PM
**To:** Lawrence Hinkle <lhinkle@sandersroberts.com>; Monica Hincken <mhincken@wigdorlaw.com>;
Molly Zhu <mzhu@wigdorlaw.com>; Edwige Rousseau <erousseau@wigdorlaw.com>; Omar Bengali
<obengali@girardbengali.com>; Robert Girard <rgirard@girardbengali.com>
**Cc:** Justin Sanders <jsanders@sandersroberts.com>; Bobby L. Daniels, Jr.
<bdaniels@sandersroberts.com>
**Subject:** Re: LeMaistre v. Wayne - Plaintiff's Failure to Produce Information from Her Computers

Larry,

This is a silly email. Everyone else on our call yesterday will recall very clearly that I
identified multiple problematic search terms, as well as the problematic time frame. I
also told you that a total of 10,000 documents would potentially be fine so long as the
majority of them were not resulting from A problematic search term. I don't know why
you see fit to lie about our call.

As far as the additional modifications you proposed, it's a matter of math. Based on the
hit report that you have, you know that the changes you proposed are not going to
meaningfully change the results. It's not like we don't have the numbers for the terms
you are proposing to modify or change.

We are not stonewalling you. We are proceeding with our review of ESI based on our
terms, which you did not object to for days.

**Michael J. Willemin**
Partner

212 257 6800
85 Fifth Avenue
New York, NY 10003

**[wigdorlaw.com](wigdorlaw.com)**





This communication may contain Confidential or Attorney-Client Privileged Information and/or Attorney Work Product. If you are not the addressee indicated in this message or its intended recipient (or responsible for delivery of the message to such person(s)), do not read, copy, or forward this message to anyone and, in such case, please immediately destroy or delete this message, including any copies hereof, and kindly notify the sender by reply e-mail or phone. Thank you.

**From:** Lawrence Hinkle <[lhinkle@sandersroberts.com](mailto:lhinkle@sandersroberts.com)>
**Sent:** Wednesday, May 28, 2025 10:24 PM
**To:** Michael J. Willemin <[mwillemin@wigdorlaw.com](mailto:mwillemin@wigdorlaw.com)>; Monica Hincken <[mhincken@wigdorlaw.com](mailto:mhincken@wigdorlaw.com)>; Molly Zhu <[mzhu@wigdorlaw.com](mailto:mzhu@wigdorlaw.com)>; Edwige Rousseau <[erousseau@wigdorlaw.com](mailto:erousseau@wigdorlaw.com)>; Omar Bengali <[obengali@girardbengali.com](mailto:obengali@girardbengali.com)>; Robert Girard <[rgirard@girardbengali.com](mailto:rgirard@girardbengali.com)>
**Cc:** Justin Sanders <[jsanders@sandersroberts.com](mailto:jsanders@sandersroberts.com)>; Bobby L. Daniels, Jr. <[bdaniels@sandersroberts.com](mailto:bdaniels@sandersroberts.com)>
**Subject:** LeMaistre v. Wayne - Plaintiff's Failure to Produce Information from Her Computers

Counsel –

You have continued to fail to comply with your obligation to produce the information requested from Plaintiff's computers. Here is the status:

1. Plaintiff's iPhone

On May 19, 2025, you produced a very limited amount of information. Those documents are bates numbered PLAINTFF001243-1658. You have not produced any other information from Plaintiff's iPhone, and you have refused to provide a date by which the remaining information will be produced.

2. Plaintiff's MacBook

You have not produced any information from her MacBook, and you have refused to provide a date by which this information will be produced.

3. Plaintiff's Gmail Account

You have not produced any information from her Gmail account. We provided search terms to you, and you did not object to any of them. When you conduced a search using those search terms, it resulted in about 120,000 hits, you claimed that it was overly burdensome and not proportional. In an effort to informally resolve this issue, we agreed to modify the search terms and when then provided those modified search terms to you.

During our conference of counsel call on May 27, 2028, I asked you what number of hits would be acceptable to you. You refused to provide a number, nor would you provide a range when I asked you to so that. I also asked you to identify any specific search terms you deemed problematic. You said you could not identify any problematic search terms.

Today, you advised that the number of hits based on the modified search terms we provided was reduced to 60,000 hits. Even though the number of hits was reduced by half (from about 120,000 hits to about 60,000 hits), you again claimed that it was overly burdensome and not proportional.

In yet another effort to try to informally resolve this dispute, we then identified additional modifications you could make to the search terms that would reduce the number of hits. We also asked you to run a report based on those additional modifications, In response, you told us you objected to running a report based on those additional modifications. You claimed that those "proposed changes are not going to result in a meaningful difference." You also claimed that you "are not going to keep incurring the costs of running hit reports that are futile." You did not identify how much it would cost to run the report. Nor did you acknowledge that the additional modifications would likely result in the reduction of hits by several thousand. Furthermore, you have not offered any other solution to this issue, other than taking the position that the search should not include numerous search terms that clearly concern information that is relevant to this case.

Finally, you have not provided any rationale or data whatsoever in support of your argument that the number of its is overly burdensome and not proportional.

It is apparent from the foregoing that you are continuing to frustrate our ability to prepare for trial, and failing to comply with your discovery obligations. We have spent a substantial amount of time trying to meet and confer with you try to informally resolve the disputes regarding Plaintiff's computers to no avail.

Sincerely,



**Lawrence C. Hinkle II,** MANAGING PARTNER
lhinkle@sandersroberts.com

Sanders Roberts LLP
1055 West 7th Street, Suite 3200 | Los Angeles, CA 90017
p 213 426 5000 x 2210 | f 213 234 4581 | sandersroberts.com