UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 24-10378-RGK (RAOx)     Date: June 17, 2025
Title: Vanessa LeMaistre v. Leland T. Wayne

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Eddie Ramirez | Tape No.: N/A |
|---|---|
| Deputy Clerk | Court Recorder: N/A |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER RE: LETTER BRIEFING ON DISCOVERY DISPUTES**

Currently pending before the Court are several discovery disputes raised by Plaintiff Vanessa LeMaistre and Defendant Leland T. Wayne. On June 10, 2025, the Court ordered the parties to letter brief their disputes. Dkt. No. 38. The parties have now filed their letter briefs. *See* Dkt. No. 39 ("Pl. Br."); Dkt. No. 40 ("Def. Br."); Dkt. No. 41 ("Pl. Opp'n Br."); Dkt. No. 42 ("Def. Opp'n Br.").[1] For the reasons set forth below, Plaintiff's requests are granted in part and denied in part, and Defendant's request is denied.

**I. Plaintiff's Requests**

**A. Electronically Stored Information ("ESI")**

Plaintiff contends that Defendant has refused to engage in ESI discovery based on an argument that Plaintiff has never requested his physical devices. Pl. Br. at 2. Defendant contends that he has fully complied with his discovery obligations, including a search for "documents and ESI." Def. Opp'n Br. at 2.

---

[1] Defendant has not complied with the page limit set by the Court. The Court limited the briefing to 10 pages per side across their two letter briefs. Dkt. No. 38. In accordance with that directive, Plaintiff's opening and responsive letter briefs together do not exceed 10 pages. Defendant's opening letter brief is four pages long and Defendant's opposition letter brief is 13 pages long. The Court will consider the first 10 pages of Defendant's letter briefing. In other words, the Court will not consider the latter seven pages of Defendant's opposition letter brief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

First, the fact that Plaintiff has not propounded a request for Defendant's physical devices is not relevant here. Plaintiff's requests clearly included ESI and Defendant's obligation to search for relevant and responsive ESI does not depend on a request for physical devices.

Second, the Court will not order compliance with the ESI protocol or specific search terms. Although an ESI procedure involving search terms is often the preferred method for parties to efficiently meet their discovery obligations, it is premised on a party's obligation to conduct a diligent search and reasonable inquiry in response to discovery requests. While it is unfortunate that the parties could not work out their differences and agree upon an ESI procedure, the Court finds that the application of an ESI protocol is not required to meet discovery obligations.

Third, the Court has doubts that Defendant has complied with his discovery obligations to conduct a diligent search and reasonable inquiry, including of ESI in his possession, custody, and control. Plaintiff represents that Defendant's production to date has consisted of three documents. *See* Pl. Br. at 3. Plaintiff also represents that Defendant presented bates-stamped documents that were not part of his production at Plaintiff's deposition. *Id.*

The Court therefore orders Defendant to conduct a diligent search and reasonable inquiry for any discovery requests to which Defendant has stated that he has or will produce responsive documents or that he is unaware of any responsive documents. The diligent search and reasonable inquiry must include any ESI in Defendant's possession, custody, or control.

**B.   Written Discovery**

1.   <u>Interrogatory No. 12</u>

Plaintiff seeks a complete response to Interrogatory No. 12, which seeks identification of Defendant's social media accounts from 2015 to the present. Pl. Br. at 3. Defendant objects that this is an improper fishing expedition. Def. Opp'n Br. at 5.

The burden to identify social media accounts is minimal, and in light of Plaintiff's allegations that Defendant may have made social media posts that reference sexual assaults, the Court finds that an interrogatory seeking just the identification of such accounts is not an improper fishing expedition. *See In re Uber Technologies, Inc.,* No. 23-md-03084-CRB (LJC), 2025 WL 1554332, at *1 (N.D. Cal. June 2, 2025) ("The burden of simply identifying social media accounts is limited . . . ."). To the extent the instructions to the interrogatory did not specify a time period, the Court applies the time period provided in Plaintiff's Requests for Production ("RFPs"), which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

the Court understands is January 2015 to the present. Defendant is ordered to provide a complete response to this interrogatory.

        2.      <u>RFP Responses (RFP Nos. 3-8, 10-13, 18, 20-24, 30, 32, 37-40)</u>

Plaintiff contends that Defendant's responses to these RFPs are improper because Defendant only states that he is unaware of such documents. Pl. Br. at 4. Plaintiff contends that Defendant's counsel agreed to amend the responses but has still not done so. *Id.* Defendant responds that if this dispute can be resolved through amended responses as previously proposed, there is no dispute.

The Court finds that there is no real dispute as to these RFPs. Defendant is ordered to conduct a diligent search and reasonable inquiry, produce any responsive documents, and to amend his responses to state that he has conducted a diligent search and reasonable inquiry and that either all non-privileged responsive documents have been produced or that there are no responsive documents.

        3.      <u>RFPs Concerning Defendant's Social Media (RFP Nos. 14-17, 19, 29)</u>

Plaintiff requests documents, communications, and ESI related to Defendant's social media posts that reference drugging and sexually assaulting women and underage girls, and his post that he could not be a "pedophile." *Id.* at 4. Plaintiff argues that these are related to the social media posts that are referenced in the Complaint. *Id.*

Evidence that Defendant committed any other sexual assault may be admissible under Federal Rule of Evidence 415. While it is not clear whether the social media posts referenced in the Complaint would be admissible under this Rule, to the extent there are any social media posts where Defendant admitted to sexually assaulting women, Plaintiff is entitled to that discovery. However, there are no allegations that Plaintiff was underage at the time of the alleged assault. The Court therefore limits this order to RFP Nos. 14 and 15, and narrows the RFPs to seek social media posts that reference Defendant drugging women or Defendant sexually assaulting women. Defendant is ordered to conduct a diligent search and reasonable inquiry for responsive documents to these RFPs as narrowed by the Court, provide amended responses, and produce any responsive documents.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

    4.  <u>RFPs Concerning Defendant's Drug Use (RFP Nos. 25-27, 31)</u>

Plaintiff seeks to compel further responses and production to these RFPs related to Defendant's alleged drug use. Pl. Br. at 5. RFP Nos. 25, 26, and 27 seek information concerning Defendant's use of codeine, Defendant providing drugs to any other person, and Defendant obtaining prescription medication without a prescription from 2015-2020. *See* Dkt. No. 39-1. RFP No. 31 seeks information regarding Defendant's use or acquisition of any drug. *See id.*

Plaintiff argues that this information is relevant because Plaintiff has alleged that Defendant's drug use caused a change in his behavior and made his actions less predictable and because discovery produced includes a statement by another woman that she was "roofied" and sexually assaulted by Defendant. Pl. Br. at 5.

The Court finds that these RFPs are overbroad as written. Although RFPs that are more narrowly tailored to the allegations in this action could have been permissible, there is insufficient time remaining in discovery for Plaintiff to rewrite her overbroad RFPs and for Defendant to respond. The Court also finds that it has insufficient information to impose a fair narrowing of these RFPs. The Court will not compel further production or responses to these RFPs.

    5.  <u>RFA No. 7</u>

Plaintiff states that this RFA asked Defendant to admit that he wrote the tweets identified in Paragraph 33 of the Complaint. Pl. Br. at 5. Defendant responded that he admits that the tweets were posted on his twitter account, but denies that he wrote the lyrics to the song included in the tweet. *Id.* Plaintiff argues that this is non-responsive and that whether the content of the tweets are of his own creation is irrelevant. *Id.*

The Court finds that Defendant's response is sufficient. Plaintiff contends that the RFP is clear as it asks whether Defendant wrote the tweets. However, to the extent Defendant posted the tweets but cited lyrics that were written by another individual, it is unclear how Defendant would respond with a simple admit or deny. "Generally, qualification is permitted if the statement, although containing some truth, standing alone out of context of the whole truth conveys unwarranted and unfair inferences." *A.A. v. Cty. of Riverside*, ED CV 14-2556-VAP (SPx), 2017 WL 5593023, at *6 (C.D. Cal. Apr. 6, 2017) (quoting *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990)). The Court finds that it was proper for Defendant to qualify his answer here because an outright admission could imply that Defendant created the underlying lyrics. As to Plaintiff's argument that Defendant must specifically admit or deny each tweet, that would render

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

the RFA impermissibly compound. *See* Fed. R. Civ. P. 36(a)(2) ("Each matter must be separately stated.").

### C. Defendant's Deposition

Plaintiff seeks to take Defendant's deposition. Scheduling a deposition of a party should not require Court intervention and both sides are at fault for being unable to come to an agreement. Based on the communications between counsel, it appears that Defendant is available for a deposition in Los Angeles on Friday, June 20, 2025. *See* Dkt. No. 42-1 at 64. Tuesday, June 24, 2025 is also a tentative potential date. *Id.* While the Court recognizes that at least one of Plaintiff's attorneys may be in trial, the undersigned does not have jurisdiction to permit or compel discovery after the cut-off. Moreover, there are multiple attorneys of record for Plaintiff. Therefore, if Plaintiff intends to take Defendant's deposition, Plaintiff shall choose either June 20, 2025, or June 24, 2025. Plaintiff's counsel must select a deposition date by **8 p.m. PDT on June 18, 2025**. Defendant is ordered to appear for his deposition on the selected date. If Plaintiff chooses June 20, 2025 and requests an in person deposition in Los Angeles, Defendant will be held to his prior representation that he is available. Plaintiff may choose to depose Defendant remotely on June 20, 2025 if that is more convenient. If Plaintiff chooses June 24, 2025, the parties shall work together to schedule an in person deposition at a mutually agreeable location, or the deposition will take place remotely if the parties cannot agree on an in person deposition.

### D. Subpoenas to Plaintiff's Employers

Plaintiff moves to quash seven subpoenas that Defendant served on employers for whom Plaintiff worked after the alleged sexual assault. Pl. Br. at 7. These subpoenas were at issue in a motion to quash that the Court previously struck because the motion was not filed in compliance with the Local Rules. *See* Dkt. No. 38.

The Court finds that some of the requested information is relevant in light of Plaintiff's claim for emotional distress, and that to the extent the information is relevant, Defendant's need for the information outweighs Plaintiff's privacy interest in the employment records. Based on the discussions at the April 4, 2025 IDC, it is the Court's understanding that Plaintiff is claiming more than "garden variety" emotional distress in this case. Plaintiff's employment history after the alleged assault may be relevant to show the extent of her emotional distress in the years following the incident. Additionally, Plaintiff alleges that she continues to suffer mental and physical pain and suffering. *See* Compl. ¶ 101, Dkt. No. 1-1 at 15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

As Plaintiff argues, however, this is not an employment case and Plaintiff is not seeking economic damages related to lost wages. The requests here seek the entirety of Plaintiff's employment records. *See* Dkt. No. 39-4 at 7. The Court finds the information discoverable to the extent it is relevant to her claim of ongoing emotional distress. The Court therefore narrows the document requests to categories 4, 6, 8-10. *See Fauceglia v. University of Southern California*, No. CV 19-04738 FMO (JEMx), 2021 WL 6752008, at *2 (C.D. Cal. Sept. 7, 2021) (finding requests regarding medical leaves of absence, other legal actions and complaints by plaintiff, and performance and disciplinary proceedings were relevant to plaintiff's claim of ongoing emotional distress).

The employment records shall be covered under the protective order entered in this case. *See* Dkt. No. 23.

**E.   Sanctions**

As set forth above, the Court has granted in part and denied in part Plaintiff's requests for discovery. The Court denies Plaintiff's request for sanctions. To the extent Defendant does not comply with this order and Plaintiff seeks to renew her request for sanctions, Plaintiff must do so in a properly noticed motion.

**II.   Defendant's Request**

Defendant requests that Plaintiff review all 60,000 hits that resulted from Defendant's proposed search terms. Def. Br. at 4. Defendant contends that Plaintiff improperly narrowed her search to an 18-month period and to narrower terms than what Defendant proposed. *Id.* Plaintiff responds that she has reviewed more than 10,000 documents and she has produced more than 2,500 documents. Pl. Opp'n Br. at 1-2. Plaintiff argues that Defendant's proposed search terms and timeline were overbroad, and many terms were harassing on their face. *Id.* at 1.

The Court has reviewed the search terms report that resulted in approximately 61,000 total documents with hits, including groups. *See* Dkt. No. 40 at 66. The search term list includes standalone terms that likely hit on more irrelevant documents than relevant documents. For example, the search term "drink*" hits on over 13,000 documents, or over 14,000 documents including groups. *See id.* The Court will not compel Plaintiff to review and produce additional documents based on a proposed search term list that includes this overbroad term. While the Court recognizes that Defendant agreed to a narrowing of the term "drink*," Defendant did not agree to narrow other potentially overbroad search terms such as "force*" and "sex*," even though each of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 24-10378-RGK (RAOx) | Date: | June 17, 2025 |
| Title: | Vanessa LeMaistre v. Leland T. Wayne | | |

these terms resulted in more than 7,000 hits each. *See id.* at 69. Although the Court is disappointed that the parties failed to continue their meet and confer efforts for the search term list, as noted above with respect to Plaintiff's request for ESI, a party's obligation to conduct a diligent search and reasonable inquiry does not necessarily require an ESI procedure involving search term lists agreed upon by the opposing party. Plaintiff has indicated that her counsel has reviewed over 10,000 documents and produced over 2,500 documents. Defendant has not pointed to any specific discovery request for which Defendant believes that Plaintiff has not conducted a diligent search and reasonable inquiry. The Court will not compel Plaintiff to review and produce additional documents based on Defendant's proposed search term list.

### III.  Conclusion

All discovery compelled by this order must be completed by the discovery cut-off. Plaintiff's counsel must email opposing counsel with the date of Defendant's deposition by 8 p.m. PDT on June 18, 2025. Given the limited time remaining in discovery, **the Clerk is directed to email a copy of this order to all counsel of record**.

**IT IS SO ORDERED.**

|  |  :  |
|---|---|
|  | Initials of Preparer    er |