MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>Plaintiff,<br><br>vs.<br><br>LELAND WAYNE,<br><br>Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY AND EVIDENCE REGARDING ALCOHOL AND DRUG USE UNRELATED TO THIS LITIGATION |

PLAINTIFF'S MOTION IN LIMINE NO. 4

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 23, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move in limine to exclude any testimony and evidence regarding alcohol and drug use other than the day/evening of the alleged sexual assault pursuant to Rules 402, 403 and 404 of the Federal Rules of Evidence on the grounds that such evidence is irrelevant and could only be offered to attack Ms. LeMaistre's character and turn the jury against her. The unfair prejudice substantially outweighs any probative value. This Motion is based on the attached Memorandum of Points and Authorities, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file. This Motion is made following conference between counsel for Plaintiff and Defendant, pursuant to Central District Local Rule 7-3, which took place on July 30, 2025. The parties discussed the substance and potential resolution of the filed motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Federal Rules of Evidence ("FRE") 402, 403 and 404, Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") hereby submits this Motion in Limine to preclude Defendant Leland T. Wayne ("Defendant") from presenting and/or offering any testimony or evidence regarding alcohol and drug use other than the day/evening of the alleged sexual assault. Evidence regarding Plaintiff's alcohol should be excluded because (1) other acts evidence is inadmissible to prove a person's character; (2) it has no bearing on any fact at issue in this case, and (3) even if it was somehow relevant, its probative value would be substantially outweighed by the prejudicial nature of the evidence.

## II. LEGAL STANDARD

Parties may file motions in limine before or during trial "to exclude anticipated prejudicial evidence before the evidence is actually offered." Luce v. United States, 469 U.S. 38, 40 n.2 (1984). To decide motions in limine, the Court considers whether evidence "has any tendency to make a fact more or less probable than it would be without the evidence," and whether "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible. Fed. R. Evid. 402. However, the Court may exclude relevant evidence for various reasons, including if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. As a result, relevant evidence may be excluded when there is a significant danger that the jury might base its decision on emotion or when non-party events would distract reasonable jurors from the real issues in a case. See

PLAINTIFF'S MOTION IN LIMINE NO. 4

Tennison v. Circus Circus Enters., Inc., 244 F.3d 684, 690 (9th Cir. 2001); United States v. Layton, 767 F.2d 549, 556 (9th Cir. 1985).

### III. LEGAL ARGUMENT

Other acts evidence is inadmissible to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but this evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404. Even if other act evidence is admissible, it remains subject to Rule 403's general balancing test concerning whether its "probative value is substantially outweighed by a danger of … unfair prejudice." United States v. Carpenter, 923 F.3d 1172, 1181 (9th Cir. 2019) (quoting Fed. R. Evid. 403).

Plaintiff does not dispute the relevance and admissibility of evidence regarding her alcohol and drug use on the day/evening of the alleged rape. However, there is no relevance to her prior or subsequent alcohol and drug consumption other than attempting to impugn her character in the eyes of the jury. Therefore, this "other act" evidence is inadmissible character evidence under Rule 404, and also fails Rule 403's balancing test because its minimal probative value is substantially outweighed by a danger of unfair prejudice. Evidence is unfairly prejudicial when it has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Old Chief v. United States, 519 U.S. 172, 180 (1997). Indeed, the "major function" of Rule 403 is "excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." United States v. Haischler, 780 F.3d 1277, 1282 (9th Cir. 2015) (quoting United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000)); see also United States v. Carpenter,

923 F.3d 1172, 1182 (9th Cir. 2019) (holding district abused its discretion by admitting evidence of drug use despite its probative value as to the defendant's state of mind and disproving duress defense); United States v. Vizcarra-Martinez, 66 F.3d 1006, 1017 (9th Cir. 1995) (holding evidence of drug use "could have a significant prejudicial effect upon the jury's decision" (internal quotations omitted)).

Accordingly, any testimony, evidence, or argument regarding Plaintiff's history of alcohol or drug use other than the day/evening of the alleged sexual assault should be excluded.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order excluding any and all evidence and testimony relating to Plaintiff's sexual behavior and/or sexual predisposition.

Dated: August 8, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

## PROOF OF SERVICE

I, Louise Kern, declare as follows:

On August 8, 2025 I served **Plaintiff's Motion in Limine No. 4 to Exclude Testimony and Evidence Regarding Alcohol and Drug Use Unrelated to This Litigation** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T: (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 8, 2025 under penalty of perjury under the laws of *the state of California.*

          /s/ Louise Kern
            Louise Kern

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800