MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| VANESSA LEMAISTRE, | Case No. 2:24-cv-10378 RGK(RAO) |
|---|---|
| Plaintiff, | |
| vs. | PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 FOR ADVERSE INFERENCE AGAINST DEFENDANT FOR SPOLIATION OF EVIDENCE |
| LELAND WAYNE, | |
| Defendant. | |

PLAINTIFF'S MOTION IN LIMINE NO. 7

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 23, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move in limine for an adverse inference against Defendant for spoliation of evidence. This Motion is based on the attached Memorandum of Points and Authorities, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file. This Motion is made following conference between counsel for Plaintiff and Defendant, pursuant to Central District Local Rule 7-3, which took place on July 30, 2025. The parties discussed the substance and potential resolution of the filed motion.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    BACKGROUND

Defendant has repeatedly refused to meet his basic obligation as a civil litigant in the federal court system.  He has, instead, engaged in consistent bad faith tactics while refusing to preserve, gather and produce discovery.  Defendant has taken positions that are plainly in contravention with the Federal Rules of Civil Procedure and his bad faith conduct has caused Plaintiff immeasurable prejudice.

As in nearly all litigation, Plaintiff requested that Defendant search and produce Electronically Stored Information ("ESI") relevant to the facts of the case. She did so through her February 19, 2025 Requests for Production of Documents ("RFP"), which explicitly noted that the requests were for documents and ESI in Defendant's possession and control, or in the possession and control of Defendant's agents.  Yet, Defendant refused to engage in the ESI process.

During the parties' April 4, 2025 IDC conference before Judge Rozella A. Oliver, Defendant's counsel stated on the record that none of Defendant's devices had been imaged.  Defendant's counsel also represented that Defendant left one cell phone with an unnamed attorney in another firm but would not (or could not) provide any additional clarification.  Judge Oliver immediately made clear that Defendant's devices should have already been identified, imaged and preserved for the production of relevant materials; ordered the parties to meet and confer on an ESI protocol and search terms; and directed counsel to speak with our clients about their discovery obligations.  Indeed, the Court's written Order states in part: "The parties are directed to complete meet and confer efforts on an ESI protocol by April 14, 2025. Following agreement on an ESI protocol, the parties are directed to meet and confer on search terms in an efficient manner so that the ESI search, review, and production process can begin."  See Dkt. No. 29.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

On March 11, 2025, Plaintiff provided Defendant with proposed search terms for ESI production, and on March 20, 2025, provided a fulsome ESI protocol to govern the case.  Defendant refused to engage in any discussion related to Defendant's ESI discovery obligations, refused to execute the ESI protocol and took the position that he does not have any obligation to engage in ESI because a formal request for his physical devices was not proffered.  There was never a common sense or legal basis for Defendant's position.

As a result, Plaintiff was required to file multiple requests for additional IDC conferences.  It is troubling that such a basic discovery dispute related to a party's ESI obligations had to go before Judge Oliver.  Yet, Defendant continued to take such untenable positions without any legal basis that Judge Oliver had to specifically inform Defendant that the fact that Plaintiff did not propound a request for Defendant's physical devices was not relevant to Defendant's obligation to search for ESI.  See Dkt. No. 43.  Judge Oliver's decision further found that it was doubtful that Defendant "complied with his discovery obligations to conduct a diligent search and reasonable inquiry, including ESI in his possession, custody, and control" and ordered Defendant "to conduct a diligent search and reasonable inquiry for any discovery requests to which Defendant has stated that he has or will produce responsive documents or that he is unaware of any responsive documents. The diligent search and reasonable inquiry must include any ESI in Defendant's possession, custody, or control."  Id. at 2.

Despite that June 17, 2025 Order, at Defendant's July 10, 2025 deposition – three weeks later – he admitted that despite having two iPhones at the time of the alleged sexual assault (Wayne Dep., 20:2-18), a laptop (Wayne Dep., 37:19-28:12), and one additional iPhone since the alleged sexual assault (for a total of three iPhones since 2016) (Wayne Dep., 36:17-37:18), he only provided his attorneys with

1    one phone for imaging.  No other devices had been preserved or imaged in any way.

2    And, given that Defendant refused to execute the ESI protocol or agree to search

3    terms (despite Plaintiff doing so), it is unclear what, if any, process was actually

4    followed in the alleged imaging of Defendant's singular iPhone.

5        In addition, despite requests to do so, Defendant admitted that he never

6    searched his devices for anything related to any sort of sexual assault other than that

7    of the plaintiff (Wayne Dep., 32:14-20), never searched his Twitter posts (Wayne

8    Dep., 39:18-40:2), never searched either his public or "shadow" Instagram accounts

9    (Wayne Dep., 40:5-7; 42:21-24), and never searched his WhatsApp messages

10    (Wayne Dep., 47:4-11).    Importantly, Judge Oliver's June 17, 2025 Order

11    specifically ordered Defendant "to conduct a diligent search and reasonable inquiry

12    for responsive documents" related to "social media posts that reference Defendant

13    drugging women or Defendant sexually assaulting women."

14        Defendant has willfully refused to engage in the discovery process.  Indeed,

15    he has produced just three pages of documents consisting of communications

16    between the parties.  We know for certain that that production is not comprehensive,

17    given that Plaintiff produced additional communications between the parties.

18    Defendant's bad faith behavior has caused significant harm and prejudice to

19    Plaintiff.  As such, Plaintiff is entitled to an adverse inference instruction to the jury

20    that they should view Defendant's willful failure to engage in the discovery process

21    as an intentional attempt to destroy relevant evidence.

22    **II.    <u>LEGAL STANDARD</u>**

23        "A federal trial court has the inherent discretionary power to make appropriate

24    evidentiary rulings in response to the destruction or spoliation of relevant evidence."

25    <u>Medical Lab. Mgmt. Consultants v. ABC</u>, 306 F.3d 806, 824 (9th Cir. 2002).

26    Sanctions for spoliation of evidence may be imposed under the court's inherent

27

28    ――――――――――――――――――――――――――――――――――――――――

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  powers to manage its own affairs.  <u>Leon v. IDX Sys. Corp.</u>, 464 F.3d 951, 958 (9th

2  Cir. 2006).  Courts also have authority to sanction a party pursuant to Rule 37 for

3  failure to make disclosures or to cooperate in discovery.  <u>See</u> Fed. R. Civ. Pro. 37.

4  Among the sanctions available to a court are default or dismissal of claims or

5  defenses, preclusion of evidence, an adverse inference instruction, and monetary

6  sanctions.  <u>See</u> <u>Leon</u>, 464 F.3d at 958-59; Glover, 6 F.3d at 1329; <u>In re Napster, Inc.</u>

7  <u>Copyright Litig.</u>, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

8      To decide which specific spoliation sanction to impose, courts generally

9  consider three factors: (1) the degree of fault of the party who altered or destroyed

10  the evidence; (2) the degree of prejudice suffered by the opposing party; and (3)

11  whether there is a lesser sanction that will avoid substantial unfairness to the

12  opposing party. <u>See</u> <u>Reinsdorf v. Skechers U.S.A., Inc.</u>, 296 F.R.D. 604, 626 (C.D.

13  Cal. 2013) (citing <u>Apple Inc. v. Samsung Elecs. Co.</u>, 888 F. Supp. 2d 976, 992 (N.D.

14  Cal. 2012)).  The sanction should be designed to (1) deter parties from destroying

15  evidence; (2) place the risk of an erroneous evaluation of the content of the destroyed

16  evidence on the party responsible for its destruction; and (3) restore the party harmed

17  by the loss of evidence helpful to its case to where the party would have been in the

18  absence of spoliation. <u>See</u> <u>Compass Bank v. Morris Cerullo World Evangelism</u>, 104

19  F. Supp. 3d 1040, 1052 (S.D. Cal. 2015).

20      With respect to an adverse inference jury instruction, a court can sanction the

21  party responsible for the spoliation "by instructing the jury that it may infer that the

22  spoiled or destroyed evidence would have been unfavorable to the responsible

23  party." <u>Medical Lab. Mgmt. Consultants</u>, 306 F.3d at 824.  To determine whether an

24  adverse inference spoliation instruction is warranted, the majority of courts use a

25  three-part test consisting of the following elements: (1) that the party having control

26  over the evidence had an obligation to preserve it at the time it was destroyed; (2)

27

28  PLAINTIFF'S MOTION IN LIMINE NO. 7

1  that the records were destroyed with a "culpable state of mind;" and (3) that the

2  evidence was "relevant" to the party's claim or defense such that a reasonable trier

3  of fact could find that it would support that claim or defense. See Compass Bank,

4  104 F. Supp. 3d at 1054; Apple Inc. v. Samsung Elecs. Co., Ltd., 881 F. Supp. 2d

5  1132, 1138 (N.D. Cal. 2012); Montoya v. Orange Cty. Sheriff's Dep't, 987 F. Supp.

6  2d 981, 1010 (C.D. Cal. 2013).

7  ## III.    LEGAL ARGUMENT

8  There is no question here that from the moment Defendant was alerted to

9  Plaintiff's claims, he had control over the evidence and had an obligation to preserve

10  it.  He confirmed that with his own testimony.  As detailed *supra*, at Defendant's July

11  10, 2025 deposition, he admitted that despite having two iPhones at the time of the

12  alleged sexual assault (Wayne Dep., 20:2-18), a laptop (Wayne Dep., 37:19-28:12),

13  and one additional iPhone since the alleged sexual assault (for a total of three

14  iPhones since 2016) (Wayne Dep., 36:17-37:18), he only provided his attorneys with

15  one phone for imaging.  No other devices had been preserved or imaged in any way.

16  In addition, Defendant admitted that he never searched his devices for

17  anything related to any sort of sexual assault other than that of the plaintiff  (Wayne

18  Dep., 32:14-20), never searched his Twitter posts (Wayne Dep., 39:18-40:2), never

19  searched either his public or "shadow" Instagram accounts (Wayne Dep., 40:5-7;

20  42:21-24), and never searched his WhatsApp messages (Wayne Dep., 47:4-11).

21  Importantly, Judge Oliver's Order specifically ordered Defendant "to conduct a

22  diligent search and reasonable inquiry for responsive documents" related to "social

23  media posts that reference Defendant drugging women or Defendant sexually

24  assaulting women."

25  If there was any question in his mind about his discovery obligations, they

26  were made even more apparent during the April 4, 2025 conference before Judge

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  Oliver where she told all parties to abide by our ESI discovery obligations, and even
2  more certain in Judge Oliver's June 17, 2025 Order.  Despite this, Defendant failed
3  to meet his discovery obligations, purposefully delayed the discovery process by
4  making arguments in contravention to common sense and without any legal support,
5  and acted with a culpable state of mind and conscious disregard for the preservation
6  of evidence.

7  **IV.**    **<u>CONCLUSION</u>**

8      For the foregoing reasons, Plaintiff respectfully requests an adverse inference
9  instruction to the jury that they should view Defendant's willful failure to engage in
10  the discovery process as an intentional attempt to destroy relevant evidence.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

Dated: August 8, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

PLAINTIFF'S MOTION IN LIMINE NO. 7

6

## __PROOF OF SERVICE__

I, Louise Kern, declare as follows:

On August 8, 2025 I served **Plaintiff's Motion in Limine No. 7 for Adverse Inference Against Defendant for Spoliation of Evidence** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T:  (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 8, 2025 under penalty of perjury under the laws of *the state of California.*

/s/ Louise Kern
Louise Kern

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800