MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>        Plaintiff,<br><br>    vs.<br><br>LELAND WAYNE,<br><br>        Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 8 TO EXCLUDE EXPERT TESTIMONY OF ELIZABETH F. LOFTUS, PH.D** |

*(left margin, vertical text)* WIGDOR LLP 85 FIFTH AVENUE, FIFTH FLOOR NEW YORK, NY 10003 (212) 257-6800

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 23, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move in limine to exclude the expert testimony of Elizabeth F. Loftus, Ph.D. pursuant to Federal Rule of Evidence 702. This Motion is based on the attached Memorandum of Points and Authorities, relevant exhibits, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file. This Motion is made following conference between counsel for Plaintiff and Defendant, pursuant to Central District Local Rule 7-3, which took place on July 30, 2025. The parties discussed the substance and potential resolution of the filed motion.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

PLAINTIFF'S MOTION IN LIMINE NO. 8

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Pursuant to the Federal Rule of Evidence ("FRE") 702, Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") hereby submits this Motion in Limine No. 8 to preclude Defendant Leland T. Wayne ("Defendant") from presenting and/or offering the expert testimony of Elizabeth F. Loftus, Ph.D.

### II.    ANTICIPATED TESTIMONY OF ELIZABETH F. LOFTUS, PH.D.

According to Defendant's expert disclosure report, Dr. Loftus is expected to testify about "how human memory functions in high-stress or traumatic environments, including neurological and psychological factors that may affect the accuracy, timing and clarity of memory formation and retrieval.  She will assess Plaintiff's account of the alleged sexual assault and opine on whether Plaintiff's memory presentation is consistent with scientifically understood patterns of memory distortion or impairment."  See Ex. 1 to Declaration of Michael J. Willemin, Ex. A to Defendant's Expert Disclosure.

### III.    LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires district courts to serve as gatekeepers, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Elosu v. Middlefork Ranch Inc., 26 F.4th 1017, 1024 (9th Cir. 2022) (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)).  The proponent of the expert testimony has the burden of proving the proposed expert testimony is admissible.  Lust ex rel. Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996).

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

The rule permits expert testimony only when these conditions are met:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Fed. R. Evid. 702 requires that the trial court act as a "gatekeeper" by "making a preliminary determination of whether the expert's testimony is reliable." Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002) (citations omitted). The decision whether to admit or exclude expert testimony lies within the trial court's discretion. United States v. Calderon-Segura, 512 F.3d 1104, 1109 (9th Cir. 2008); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 n.3 (9th Cir. 2000) (district court may exclude expert testimony "about an issue within the ken of the jury's knowledge").

## IV.    **LEGAL ARGUMENT**

Dr. Loftus cannot offer anything but purely speculative testimony about Plaintiff's memory of the alleged rape, and any such speculation impinges on the role of the jury in attempting to assess the credibility of Plaintiff. Indeed, Dr. Loftus' entire analysis is based upon her factually incorrect assessment that the allegations against Defendant are based on "new-found memories." Yet, there is no evidence in

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

PLAINTIFF'S MOTION IN LIMINE NO. 8

1    the record that Plaintiff's allegations are based upon new-found memories.  Instead,

2    as the Complaint and Plaintiff's testimony makes clear, she did not suddenly

3    remember that she was raped; instead, it took years to find the courage and strength

4    to admit what happened to herself and pursue justice.  The fact that it takes some

5    victims years to come forward is well-recognized, and is the reason why states like

6    California have extended statute of limitations for such claims.  <u>See</u> California's

7    Sexual Abuse and Cover-Up Accountability Act, AB 2777.

8         Yet, Dr. Loftus appears to take the position – again, without ever speaking to

9    Plaintiff – that because Plaintiff did not immediately bring claims, any such claims

10   brought at a later date are the result of new-found memories.  Dr. Loftus wrote in her

11   report that Plaintiff "described her new memories [in] her complaint dated October

12   2024."  <u>See</u> Ex. 1, Defendant's Expert Disclosure at Ex. A.  This is simply not true.

13   Even the most cursory reading of the Complaint shows that Plaintiff never described

14   new memories in her Complaint; in fact, the Complaint alleges the exact opposite:

15   "Ms. LeMaistre continued to have flashbacks of the two memories she had of Wayne

16   vaginally and orally raping her" (Complaint ¶ 66); ". . . Ms. LeMaistre was not

17   emotionally prepared to deal with another traumatic incident and tried as hard as she

18   could to forget the feeling of complete helplessness and terror.  She desperately

19   wanted to pretend it never happened" (Complaint ¶ 67); "For a very long time after,

20   Ms. LeMaistre tried to convince herself that the rape did not happen despite knowing

21   that it did" (Complaint ¶ 73).

22        As a result, Dr. Loftus' expert testimony does not satisfy the requirements

23   under FRE 702 that the testimony is based on sufficient facts or data and that the

24   expert's opinion reflects a reliable application of the principles and methods to the

25   facts of the case.

26

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1    Instead, it is evident that Dr. Loftus' testimony is solely designed to offer an

2    opinion as to the believability or truthfulness of Plaintiff, which is the role of the

3    jury.    "[I]t is established that because it is the province of the jury to determine

4    credibility, opinions that are nothing more than vouchers for or attacks on credibility

5    ... do not assist the trier of fact." <u>Garcia v. Los Banos Unified Sch. Dist.</u>, 2007 WL

6    715526, at *4 (E.D. Cal. Mar. 8, 2007) (collecting cases).    Courts are weary of

7    testimony in which an expert seeks to "answer the very question at the heart of the

8    jury's task—[can the plaintiff] be believed?" <u>Nichols v. Am. Nat. Ins. Co.</u>, 154 F.3d

9    875, 883 (8th Cir. 1998).

10    **V.    <u>CONCLUSION</u>**

11    For the foregoing reasons, Plaintiff respectfully requests an order precluding

12    Defendant Leland T. Wayne ("Defendant") from presenting and/or offering the

13    expert testimony of Elizabeth F. Loftus, Ph.D.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

Dated: August 8, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

**<u>PROOF OF SERVICE</u>**

I, Louise Kern, declare as follows:

On August 8, 2025 I served **Plaintiff's Motion in Limine No. 8 to Exclude Expert Testimony of Elizabeth F. Loftus, Ph.D** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T:  (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 8, 2025 under penalty of perjury under the laws of *the state of California.*

*/s/ Louise Kern*
_____
Louise Kern

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

PLAINTIFF'S MOTION IN LIMINE NO. 8