MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LELAND WAYNE,<br><br>　　　　Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 9 TO EXCLUDE EXPERT TESTIMONY OF APRIL D. THAMES, PH.D |

PLAINTIFF'S MOTION IN LIMINE NO. 9

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 23, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move in limine to exclude the expert testimony of April D. Thames, Ph.D. pursuant to Federal Rules of Evidence 702 and 403. This Motion is based on the attached Memorandum of Points and Authorities, relevant exhibits, any oral argument the Court may entertain in considering this Motion, and all pleadings and papers on file. This Motion is made following conference between counsel for Plaintiff and Defendant, pursuant to Central District Local Rule 7-3, which took place on July 30, 2025. The parties discussed the substance and potential resolution of the filed motion.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to the Federal Rule of Evidence ("FRE") 702, Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") hereby submits this Motion in Limine to preclude Defendant Leland T. Wayne ("Defendant") from presenting and/or offering the expert testimony of April D. Thames, Ph.D.

## II. ANTICIPATED TESTIMONY OF APRIL D. THAMES, PH.D.

According to Defendant's expert disclosure report, Dr. Thames is expected to testify about "her evaluation of the Plaintiff's psychological and emotional condition. Specifically, she will assess whether Plaintiff displays symptoms consistent with trauma or other psychological harm, determine the potential causes of any such symptoms, and offer a clinical opinion regarding the severity and expected prognosis of Plaintiff's reported condition. Dr. Thames may also comment on the presence of other psychosocial stressors or diagnostic considerations that could inform the reliability and attribution of the alleged psychological harm to the events described in the complaint." According to Defendant, Dr. Thames' "testimony will assist the trier of fact in understanding the psychological evidence, particularly as it relates to the alleged damages arising from the Plaintiff's claims." See Ex. 1 to Declaration of Michael J. Willemin, Ex. B to Defendant's Expert Disclosure.

## III. LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires district courts to serve as gatekeepers, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Elosu v. Middlefork Ranch Inc., 26 F.4th 1017, 1024 (9th Cir. 2022) (quoting

PLAINTIFF'S MOTION IN LIMINE NO. 9

Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993)). The proponent of the expert testimony has the burden of proving the proposed expert testimony is admissible. Lust ex rel. Lust v. Merrell Dow Pharm., Inc., 89 F.3d 594, 598 (9th Cir. 1996).

> The rule permits expert testimony only when these conditions are met:
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Fed. R. Evid. 702 requires that the trial court act as a "gatekeeper" by "making a preliminary determination of whether the expert's testimony is reliable." Elsayed Mukhtar v. Cal. State Univ., Hayward, 299 F.3d 1053, 1063 (9th Cir. 2002) (citations omitted). The decision whether to admit or exclude expert testimony lies within the trial court's discretion. United States v. Calderon-Segura, 512 F.3d 1104, 1109 (9th Cir. 2008); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 n.3 (9th Cir. 2000) (district court may exclude expert testimony "about an issue within the ken of the jury's knowledge").

## IV. LEGAL ARGUMENT

Dr. Thames' testimony should be excluded because it is not based upon sufficient facts or data, and her opinion does not reflect a reliable application of the principles and methods to the facts of the case. Fed. R. Evid. 702. The testimony is, instead, meant solely to attack Plaintiff's credibility, which is the role of the jury. "[I]t is established that because it is the province of the jury to determine credibility, opinions that are nothing more than vouchers for or attacks on credibility . . . do not assist the trier of fact." Garcia v. Los Banos Unified Sch. Dist., 2007 WL 715526, at *4 (E.D. Cal. Mar. 8, 2007) (collecting cases). Courts are weary of testimony in which an expert seeks to "answer the very question at the heart of the jury's task—[can the plaintiff] be believed?" Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 883 (8th Cir. 1998).

Despite it being the role of the jury to assess credibility, Dr. Thames repeatedly opines about the "reliability and plausibility" Plaintiff's claims. In doing so, Dr. Thames relies upon misstatements and cherry-picked records. For example, Dr. Thames makes the assertion that the reliability and plausibility of Plaintiff's allegations are undermined by the fact that she "claimed the assault by Mr. Wayne occurred in September 2016" and that the medical records she reviewed indicate that conception occurred in early October. See Ex. 1. to Willemin Decl. Yet, this foundational principle that Dr. Thames is relying upon is a misstatement of the record, as Plaintiff never stated the assault definitively took place in September; instead, she pleaded that the assault took place in or around September 2016 at some point subsequent to Defendant's mid-September birthday. See Complaint ¶¶ 50-53. Further, despite the medical records offering different possible dates of conception, including one in September, Dr. Thames handpicked a medical record to support her assertion about Plaintiff's credibility.

In addition, Dr. Thames makes the completely unsupported claim that Plaintiff's use of ayahuasca as part of her spiritual practice is somehow indicative of the plausibility of her allegations. See Ex. 1 to Willemin Decl. Dr. Thames goes so far as to claim that "ayahuasca is known to cause hallucinations and distortions of reality and has been implicated in the onset and persistence of psychosis in patients predisposed to mental health disturbances." Yet, Dr. Thames does not provide any original studies, citations or research to support such an assertion, nor is there any indication that she has any expertise in the effect of ayahuasca. How can Dr. Thames opine on the effects of ayahuasca when she does not discuss any peer-reviewed studies looking at that question? The answer is she cannot. This type of unsupported guesswork is exactly what Rule 702 is designed to exclude. Instead, the inclusion of such a potentially polarizing spiritual practice is plainly designed to attack Plaintiff's credibility. It is well established that because it is the province of the jury to determine credibility, opinions that are nothing more than attacks on credibility do not assist the trier of fact. United States v. Barnard, 490 F.2d 907, 912-13 (9th Cir. 1973); United States v. Awkard, 597 F.2d 667, 671 (9th Cir. 1979). Whether a witness is truthful or accurate is generally not a proper subject for expert testimony. Lindsey v. United States, 237 F.2d 893, 895-97 (9th Cir. 1956) (error for psychiatrist to testify to witness's credibility).

In addition, Dr. Thames opinions and testimony are likewise inadmissible because any probative value they may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, waste of time, undue delay, and needless presentation of cumulative evidence, as outlined in Plaintiff's motions in limine to exclude testimony and evidence related to Plaintiff's sexual behavior and/or sexual predisposition, any evidence related to any alleged drug use other than

on the day/evening of the sexual assault, and any evidence related to Plaintiff's religious practices.  See Fed. R. Evid. 403.

As a result, Dr. Thames' expert testimony does not satisfy the requirements under FRE 702 and should be excluded in its entirety. Instead, it is evident that Dr. Thames' testimony is solely designed to offer an opinion as to the believability or truthfulness of Plaintiff, which is the role of the jury. "[I]t is established that because it is the province of the jury to determine credibility, opinions that are nothing more than vouchers for or attacks on credibility . . . do not assist the trier of fact." Garcia v. Los Banos Unified Sch. Dist., 2007 WL 715526, at *4 (E.D. Cal. Mar. 8, 2007) (collecting cases). Courts are weary of testimony in which an expert seeks to "answer the very question at the heart of the jury's task—[can the plaintiff] be believed?" Nichols v. Am. Nat. Ins. Co., 154 F.3d 875, 883 (8th Cir. 1998).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order precluding Defendant Leland T. Wayne ("Defendant") from presenting and/or offering the expert testimony of April D. Thames, Ph.D.

| | |
|---|---|
| Dated: August 8, 2025 | **WIGDOR LLP**<br><br>By: _/s/ Michael J. Willemin_<br>Michael J. Willemin<br>Monica Hincken<br><br>85 Fifth Avenue, Fifth Floor<br>New York, NY 10003<br>Telephone: (212) 257-6800<br>Facsimile: (212) 257-6845<br>mwillemin@wigdorlaw.com<br>mhincken@wigdorlaw.com<br><br>**GIRARD BENGALI, APC**<br><br>Omar H. Bengali<br>Robert J. Girard II<br><br>355 S Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>Telephone: (323) 302-8300<br>Facsimile: (323) 302-8310<br>obengali@girardbengali.com<br>rgirard@girardbengali.com<br><br>*Attorneys for Plaintiff Vanessa LeMaistre* |

PLAINTIFF'S MOTION IN LIMINE NO. 9

**PROOF OF SERVICE**

I, Louise Kern, declare as follows:

On August 8, 2025 I served **Plaintiff's Motion in Limine No. 9 to Exclude Expert Testimony of April D. Thames, Ph.D** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T: (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 8, 2025 under penalty of perjury under the laws of *the state of California.*

                                          /s/ Louise Kern
                                             Louise Kern