1  LAWRENCE C. HINKLE II (SBN 180551)
   lhinkle@sandersroberts.com
2  JUSTIN H. SANDERS (SBN 211488)
   jsanders@sandersroberts.com
3  BOBBY L. DANIELS, JR. (Admitted *Pro Hac Vice*)
   bdaniels@sandersroberts.com
4  **SANDERS ROBERTS LLP**
   515 S. Flower Street, 24th Floor
5  Los Angeles, CA 90071
   Telephone: (213) 426-5000
6  Facsimile:  (213) 234-4581

7  Attorneys for Defendant
   **LELAND T. WAYNE**

8
                        UNITED STATES DISTRICT COURT
9                       CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>               Plaintiff,<br><br>  v.<br><br>LELAND T. WAYNE p/k/a METRO BOOMIN,<br><br>               Defendant. | **CASE NO. 2:24-cv-10378 RGK(RAOX)**<br><br>**DEFENDANT LELAND T. WAYNE'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE SOCIAL MEDIA POSTS**<br><br>***MOTION IN LIMINE NO. 1***<br><br>Judge:     Hon. R. Gary Klausner<br>Courtroom:  850<br><br>Complaint Filed:  October 29, 2024<br>Trial Date:         September 23, 2025 |

- 1 -  Case No.: 2:24-cv-10378 RGK(RAOX)
DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE RE SOCIAL MEDIA POSTS

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** THAT Defendant Leland T. Wayne ("Defendant") hereby moves this Court for an order prohibiting or excluding any testimony, evidence, argument or comment, and specifically precluding Plaintiff Vanessa LeMaistre or her attorneys from referencing, arguing, or offering any argument and/or suggestion, in voir dire and/or at trial related to communications on social media by Defendant and any third party unrelated to the claims and defenses in this lawsuit on the grounds that they are irrelevant, would cause unfair prejudice to Wayne, confuse the issues, and mislead the jury.

Pursuant to Local Rule 7-3, counsel for Defendant met and conferred with counsel for Plaintiff regarding this Motion on July 30, 2025, but to no avail. *See* Declaration of Lawrence C. Hinkle, ¶ 1.

This Motion is made upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Lawrence C. Hinkle II, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: August 8, 2025　　　　　　　　**SANDERS ROBERTS LLP**

By: */s/ Lawrence C. Hinkle, II*
JUSTIN H. SANDERS, ESQ.
LAWRENCE C. HINKLE II, ESQ.
BOBBY L. DANIELS, JR., ESQ.
Attorneys for Defendant
**LELAND T. WAYNE**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Vanessa LeMaistre ("Plaintiff") intends to introduce evidence of social media posts made by Defendant Leland T. Wayne ("Defendant") and third parties that have absolutely nothing to do with this lawsuit. *See*, **Exhibit A**. The posts do not refer to or relate to Plaintiff or her claims against Defendant. Most of the posts at issue were made several years before the parties even met. Defendant moves to exclude all of the posts from trial because they are irrelevant, constitute inadmissible character evidence, and would unduly prejudice Defendant by inviting the jury to decide the case on an improper basis.



This case concerns Plaintiff's claim that she was sexually assaulted by Defendant on one evening in September 2016. There is substantial evidence that the alleged assault never happened and that Plaintiff has no credibility. Instead of simply dismissing this case, Plaintiff has resorted to trying to make Defendant "look bad" to the jury by referring to social media posts made by Defendant and third parties on the platform called X (formerly Twitter). It is obvious from the posts that they have no bearing whatsoever on Plaintiff's relationship with Defendant or whether the alleged sexual assault occurred. Again, many of the subject posts were made several years before the parties even met.

During the parties' meet and confer regarding this motion, counsel for Plaintiff refused to explain how any of the subject social media posts are relevant to the issues in this lawsuit. Instead of even attempting to have a meaningful discussion about any specific posts, they merely insisted that they will use the posts at trial.

It is apparent that Plaintiff wants to use the posts and create the false inference that Defendant should be viewed in a negative light in general, hoping that the jury will then find that he engaged in the wrongdoing alleged Plaintiff in this case. However, Federal Rules of Evidence 402, 403 and 404 prohibit such character evidence that is irrelevant, has no probative value, is unfairly prejudice and will

confuse the jury. The subject posts should be excluded and Plaintiff and her counsel should be barred from referring to them at trial.

## II. BACKGROUND FACTS

Wayne, professionally known as "Metro Boomin," is a well-known music producer, songwriter, and music executive who has gained worldwide acclaim. He was born September 16, 1993.

Plaintiff, born on January 14, 1986, has a long history of seeking therapy for her significant mental issues, she professes to be able to speak with the dead and she believes in "black magic."

Plaintiff alleges that one evening in September 2016, she visited Wayne in a recording studio. Complaint, ¶ 50. She claims that after she voluntarily consumed a drug she brought with her to the studio and drank alcohol, she "blacked out." Complaint, ¶ 52, 55. Plaintiff alleges that the next time she gained consciousness, she was in a hotel room with Defendant, and that they were having intercourse. Complaint, ¶ 56. Plaintiff claims that she could not have given consent to the intercourse because she had "blacked out." Complaint, ¶ 59. Based only on those allegations, Plaintiff asserted her claims against Defendant in this lawsuit. Defendant vehemently denies that the intercourse was not consensual.

It will be soundly demonstrated at trial not only that Defendant did not sexually assault Plaintiff, but also that she fabricated her claims against Defendant. Notably, Plaintiff admits she did not tell Wayne, the police or her family, friends, therapists, or anyone else that she believed she was sexually assaulted. She admits that she kept in touch with Defendant for years after the incident and made efforts to try to see him again. In her personal journals obtained by Defendant, Plaintiff even wrote that she wanted to have sex with him again.

In May 2024, about eight years after the last time the parties had sex, Plaintiff manufactured the concept that there was a sexual assault out of whole cloth. Plaintiff claims that while she was under the influence of ayahuasca (a hallucinogen that is

banned in the United States), she realized for the first time that she had been sexually assaulted by Wayne eight years earlier in September 2016. She testified that when this alleged drug-induced revelation came to her, she wrote her thoughts down in her personal journal. In her journal, Plaintiff wrote – "Plan Ayahuasca Gave Me" – and described an elaborate and grandiose plan to publicly share her story about the alleged sexual assault and demand millions of dollars from Wayne. In other words, she put her plan to extort Defendant in a writing – a key document that will be presented at trial. *See*, **Exhibit B**.

### III. THE SOCIAL MEDIA POSTS

Plaintiff has no credibility whatsoever nor does she have any evidence to corroborate her salacious and false claims against Defendant. Therefore, not surprisingly Plaintiff resorted to searching through more than a decade's worth of Defendant's extensive social media history trying to find "dirt" on him that she hopes will help her hollow case. She was not successful, as the posts she wants to use are unrelated to her claims entirely and should be excluded.

Those posts are attached the Declaration of Lawrence C. Hinkle II as **Exhibit A**. The date each post was made, and the content of each post is identified in full and discussed below as follows:

1. **December 8, 2009** (PLAINTIFF002570)

   "Lmafao!!!!! RT @KevMichael: Chris Brown's album #Graffiti is already outselling Rihanna's album… he just can't stop #beating her…"

This shows that Defendant retweeted a post made by a third party identified as @KevMichael. Defendant's only comment was "Lmfao!!!!!" suggesting he thought at the time, when he was 16 years old, that the original post was funny. *See*, **Exhibit C**, pg. 69, line 19 – pg. 70, line 11.

2. **May 25, 2011** (PLAINTIFF002572)

   "I'm tryna #oomf that 'age aint nothin but a number' lol"

In this post, Defendant was referring to a lyric from a song called "Age Ain't Nothing

But A Number" by a recording artist named Aaliyah. He testified at his deposition that he was flirting with an older woman letting her know that their age difference was not an issue for him. *See* **Exhibit C** ("Wayne Depo."), pg. 75, line 9 - pg. 76, line 14.

    3. **June 22, 2011** (PLAINTIFF002571)

        "All the loose and easy teenage pussy in Saint Louis Missouri, and you tryna sodimize somebody grandma.. nahhhhhhhhh."

Defendant made this post when he was a teenager himself, joking about another comment made by a third party, the context of which would need to be explained, and require the introduction of other posts made by third parties.

    4. **October 27, 2011** (PLAINTIFF02568)

        "Walking through the grocery store with both hands in my khakis like a true pedophile tho. #NoPedo."

Again, Defendant made this post as a teenager, joking about the manner in which he walked in a store, and that he was not a pedophile (i.e., #NoPedo). Moreover, this case has nothing to do with pedophilia; Plaintiff was not a minor – she is 8 years older than Defendant.

    5. **December 16, 2011** (PLAINTIFF002573)

        "Leland's little girls. Instagr.am/p/ZXQbe/"

Defendant posted a photo of his younger sisters. *See* **Exhibit C**, pg. 78, line 17-25.

    6. **December 18, 2011** (PLAINTIFF002572)

        "The things I would do to Ciara are probably illegal."

Again, when Defendant was a teenager, he joked about his interest in a celebrity named Ciara. *See* **Exhibit C**, pg. 74, line 10 – pg. 75, line 4.

    7. **March 9, 2012** (PLAINTIFF002573)

        "SHE TRYING THROW MOLESTATION CHARGES AT NIGGAS B."

This post does not refer to Plaintiff or Defendant, does not involve any wrongdoing by Defendant, and in any event, it was posted over four years before the parties met.

8.   **March 29, 2012** (PLAINTIFF002569)

"YES Maybe even for the crew too RT @HoodAffairsTV: If I get a chick that wants me to get her some Molly's, is that guaranteed p*ssy? Lol"

Again, over four years before the parties met, and when Defendant was still a teenager, this post shows that Defendant retweeted a post by a third party identified as @HoodAffairsTV who clearly was joking.

9.   **August 10, 2012** (PLAINTIFF002574 - 002575)

"I'll beat the charge RT @NASisBORING: twitpic.com/ahtglp this girl is 13."

Again, over four years before Defendant met Plaintiff and when he was still a teenager, this post shows Defendant retweeting a post by someone identified as @NASisBoring where his only response was a joke where he said "I'll beat the charge." Moreover, post alone fails to include context. *See* **Exhibit C**, pg. 80, line 16 – pg. 81, line 3.

10.   **September 29, 2012** (PLAINTIFF002573)

"Got your little sister on them mollies, she dun ran through the whole squad."

These are merely song lyrics posted by Defendant. *See* **Exhibit C**, pg. 78, line 5-16.

11.   **December 28, 2012** (PLAINTIFF002567)

"The truth. RT @rellyOnSMASH: those couple of girls that had big titties and a fat ass in junior high are all washed and folded up now."

This shows that four years before Defendant met Plaintiff and when he was a teenager in high school, he retweeted a post by someone referred to as @rellyOnSMASH who is a comedian where his only response was "The truth." *See* **Exhibit C**, pg. 72, line 19 – pg. 73, line 25.

12.   **June 1, 2014** (PLAINTIFF002572)

"She might be young but she ready."

This is merely a song lyric posted by Defendant. *See* **Exhibit C**, pg. 76, line 15 – 23.

13.   **January 10, 2022** (PLAINTIFF002576-002577)

- "Rule #1: Never Trust No Hoe"
- "Rule #2: No Means Blow"
- "Rule #3: Commin 2 my hotel ya gotta blow 1,2,3, and maybe 4"
- "Rule #4: Get yo shit and go"
- "Rule #5: Bye Bye Hoe"
- "Rule #6: I'm Not Kissing You"
- "Rule #7: Im Tired of talking…(wtf lol)"
- "Rule #8: You straight"
- "Rule #9: You Had a Good Time?"
- "Rule #10: Lez Do It Again! Lmao @El_Quezzyo @Strapadafool @lakeemali @iamtravisporter"

These are merely song lyrics posted by Defendant. See **Exhibit C**, pg. 83, line 5 - 18.

14. **May 7, 2024** (PLAINTIFF002566)

"lol I can't be a pedophile @ 15 nigga #nopedo."

This post shows Defendant responding to someone else's post about a time when he was 15 years old. The context of this post would need to be explained and other posts would need to be referred to. Also, Plaintiff is not claiming that Defendant is a pedophile, as she is 8 years older than Defendant.

IV. **ARGUMENT**

A. **THIS COURT MAY EXCLUDE INADMISSIBLE, IRRELEVANT, AND/OR PREJUDICIAL EVIDENCE IN ADVANCE OF TRIAL BY WAY OF AN *IN LIMINE* MOTION**

A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "[M]otions in limine must identify the evidence at issue and state with specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex Cranes Wilmington, Inc.*, No. 08-cv-08525-PSG (PJWx), 2010 WL 2035800, at *1 (C.D. Cal. May 19, 2010). "Trial courts have broad discretion when ruling on motions

*in limine.*" *Matrix Int'l Textile. Inc. v. Monopoly Textile, Inc.*, No. 2:16-cv-0084-FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017).

### 1.     The Social Media Posts Are Not Relevant

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant only if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, the social media posts by Defendant and third parties (see, Exhibit A) are not relevant to Plaintiff's claim that she was sexually assaulted by Defendant in any way. None of the posts concern Plaintiff or the alleged incident. Most of the posts (all but two of them) pre-date when Plaintiff and Defendant met by several years. None of the posts concern whether the parties had intercourse in September 2016 without Plaintiff's consent. There is no probative value of the posts whatsoever.

For these reasons alone, Plaintiff should be prohibited from introducing testimony, evidence, argument or comment, relating to and/or referring to the social media posts.

### 2.     Allowing The Social Media Posts Would Expose Defendant to Unfair Prejudice, Confuse the Issues and Mislead the Jury.

Courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Boyd v. City and County of San Francisco, 576 F. 3d 938, 947 (9th Cir. 2009) (citing Fed. R. Evid. 403). The FRE 403 balancing inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F. 3d 1128, 1152 (9th Cir. 2015). "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Williams*, 663 F. Supp. 3d 1085, 1133 (D. Ariz. 2023). District courts may not admit evidence that is

of very slight probative value if there is even a fairly small likelihood of unfair prejudice or a small risk of misleading the jury. United States v. Hitt, 981 F. 2d 422, 424 (9th Cir. 1992).

In *Williams*, Defendants were charged with participating in a conspiracy related to acts involving murder, drug trafficking, and obstruction of justice. *Id*. at 1096. The state attempted to admit rap videos and lyrics as probative evidence that the defendant was involved in organized crime. *Id*. However, the defense argued that such content should be excluded under FRE 403 because any probative value of such evidence would be substantially outweighed by the danger of unfair prejudice and that the videos and lyrics would confuse the issues and mislead the jury. *Id*. at 1097. The court agreed with the defense, holding that the depictions in Defendants' rap video and songs were "so inflammatory that they create[d] a serious risk that the jury will convict on impermissible grounds," which would've denied defendants' their right to a fair trial. *Id*. at 1134.



Here, even if Wayne's social media posts were relevant, which they are not, they would cause unfair prejudice, confuse the issues of this case, and mislead the jury because they would inflame the jury and tend to include issues that have nothing to do with Plaintiff's claims. Plaintiff is attempting to introduce these posts as probative evidence that Wayne sexually assaulted her. However, they have nothing to do with her claims. If permitted, then the parties would need to spend substantial amounts of time at trial providing evidence about the posts including such things as the background and meaning of the posts, the context of the posts, the third parties involved with the posts, and the timing of when the posts were made. Having to deal with the posts at trial at all would also confuse the jury about what this case is about – which is whether Defendant engaged in certain improper conduct one night in September 2016. It would be extremely harmful and prejudicial to Defendant if he is forced to defend himself against the arguments Plaintiff intend to make about the posts.

As a result, Plaintiff should be prohibited from introducing testimony, evidence, argument or comment, relating to and/or referring to the social media posts.

### 3. The Use of The Social Media Posts as Character Evidence is Barred by Federal Rule of Evidence 404

Federal Rule of Evidence 404 generally prohibits the admission of evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion." *United States v. Romero*, 282 F.3d 683, 688 (9th Cir.2002) (citing Fed. R. Evid. 404(a)); *see also United States v. Derington*, 229 F.3d 1243, 1247 (9th Cir.2000). The rationale behind this rule is the notion that this evidence has slight probative value but has a tendency to be highly prejudicial or to confuse the issues. *Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (citing *Reyes v. Missouri Pacific Railroad Co.*, 589 F. 2d 791, 793 (5th Cir. 1979).

Plaintiff's attempt to use the social media posts is a direct violation of Federal Rule of Evidence 404. It is obvious that the posts have absolutely nothing to do with the alleged sexual assault. The only reason Plaintiff seeks to use them at trial is to misconstrue the meaning and significance of the posts and attack Defendant's character. They intend to argue that Defendant's character is flawed so he must have sexually assaulted Plaintiff. This is exactly the type of character evidence the law is meant to exclude from trial.

## V. CONCLUSION

For the foregoing reasons, Wayne respectfully requests that the Court prohibit Plaintiff's counsel from arguing or offering testimony, evidence, argument or comment, relating to and/or referring to the social media posts.

Dated: August 8, 2025          **SANDERS ROBERTS LLP**

By */s/ Lawrence C. Hinkle, II*
JUSTIN H. SANDERS, ESQ.
LAWRENCE C. HINKLE II, ESQ.
BOBBY L. DANIELS, JR., ESQ.
Attorneys for Defendant
**LELAND T. WAYNE**



# PROOF OF SERVICE

## CAL. CODE CIV. PROC. § 1013A(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 515 S. Flower Street, 24th Floor, Los Angeles, CA 90071. My electronic service address is rpollak@sandersroberts.com.

On August 8, 2025, I served the following document(s) described as **DEFENDANT LELAND T. WAYNE'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE SOCIAL MEDIA POSTS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **VIA ECF:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

☐ **VIA ELECTRONIC MAIL:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the United States of America State of California that the foregoing is true and correct.

Executed on August 8, 2025, at Los Angeles, California.

| Rita Pollak | /s/ Rita Pollak |
|---|---|
| (Type or print name) | (Signature) |

**SERVICE LIST**
*LeMaistre v. Wayne*
Case No. 2:24-cv-10378 RGK(RAOX)

| | |
|---|---|
| Michael J. Willemin<br>Monica Hincken<br>WIGDOR LLP<br>85 Fifth Avenue, Fifth Floor<br>New York, NY 10003<br>Telephone:  (212) 257-6800<br>Facsimile:   (212) 257-6845<br>mwillemin@wigdorlaw.com<br>mhincken@wigdorlaw.com<br>erousseau@wigdorlaw.com | Attorneys for PLAINTIFF<br>VANESSA LEMAISTRE<br><br>Admitted *pro hac vice*\* |
| Robert J. Girard II<br>Omar G. Bengali<br>GIRARD BENGALI, APC<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone:  (323) 302-8300<br>Facsimile:   (323) 302-8310<br>rgirard@girardbengali.com<br>obengali@girardbengali.com | Attorneys for PLAINTIFF<br>VANESSA LEMAISTRE |