1  LAWRENCE C. HINKLE II (SBN 180551)
   lhinkle@sandersroberts.com
2  JUSTIN H. SANDERS (SBN 211488)
   jsanders@sandersroberts.com
3  BOBBY L. DANIELS, JR. (Admitted *Pro Hac Vice*)
   bdaniels@sandersroberts.com
4  **SANDERS ROBERTS LLP**
   515 S. Flower Street, 24th Floor
5  Los Angeles, CA 90071
   Telephone: (213) 426-5000
6  Facsimile:  (213) 234-4581

7  Attorneys for Defendant
   **LELAND T. WAYNE**

8

9            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA

10

11

12  VANESSA LEMAISTRE,            **CASE NO.  2:24-cv-10378 RGK(RAOX)**

13               Plaintiff,       **DEFENDANT LELAND T. WAYNE'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO**

14       v.

15  LELAND T. WAYNE p/k/a         ***MOTION IN LIMINE NO. 2***
   METRO BOOMIN,

16               Defendant.

17                               Judge:      Hon. R. Gary Klausner
                                Courtroom:  850

18

19                               Complaint Filed:  October 29, 2024
                                Trial Date:        September 23, 2025
20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** THAT Defendant Leland T. Wayne ("Defendant") hereby moves this Court for an order excluding third party Kimberlie Montano as a witness and prohibiting or excluding any testimony, evidence, argument or comment, and specifically precluding Plaintiff or Plaintiff's attorneys from referencing, arguing, or offering any argument and/or suggestion, in voir dire and/or at trial related to Kimberlie Montano, on the grounds that her testimony and any reference to her are irrelevant, would cause unfair prejudice to Defendant, confuse the issues, and mislead the jury.

Pursuant to Local Rule 7-3, counsel for Defendant  met and conferred with counsel for Plaintiff regarding this Motion on July 30, 2025, but to no avail.  *See* Declaration of Lawrence C. Hinkle, ¶ 2.

This Motion is made upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the Declaration of Lawrence C. Hinkle II, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.


Dated:  August 8, 2025                    **SANDERS ROBERTS LLP**


By:  */s/ Lawrence C. Hinkle, II*
_____
JUSTIN H. SANDERS, ESQ.
LAWRENCE C. HINKLE II, ESQ.
BOBBY L. DANIELS, JR., ESQ.
Attorneys for Defendant
**LELAND T. WAYNE**

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.    INTRODUCTION**

3    Defendant Leland T. Wayne ("Defendant") moves to exclude the testimony of

4    Kimberly Montano ("Montano"), a third party who may be called by Plaintiff Vanessa

5    LeMaistre ("Plaintiff") to testify that she was sexually assaulted by Defendant in an

6    unrelated incident not forming the basis of Plaintiff's claims in this case.  Defendant

7    also moves to exclude any reference to Montano or her claim against Defendant either

8    by Plaintiff, her counsel or any other witness at trial. Such testimony or reference

9    related to Montano is irrelevant, constitutes inadmissible character evidence, and

10   would unduly prejudice Defendant by inviting the jury to decide the case on an

11   improper basis.



12   **II.    BACKGROUND FACTS**

13   According to Plaintiff, Montano contacted her "out of the blue" by sending a

14   direct message to Plaintiff on Instagram the day after this lawsuit was filed.  Plaintiff

15   has agreed that said Instagram message will be not be used or referred to by Plaintiff

16   at trial whether or not Montano testifies at trial. Declaration of Lawrence C. Hinkle

17   II ("Hinkle Decl."), ¶ 6.

18   In that message, Montano suggested in a general fashion that Defendant

19   assaulted her.  Montano did not provide any detail about when, where or how the

20   alleged assault occurred. Hinkle Decl., ¶ 7. Plaintiff admits that she does not know

21   Montano and has never spoken to her.  Plaintiff's counsel recently indicated they

22   have not spoken with Montano either nor do they know if they will be able to compel

23   her to testify at trial. Hinkle Decl., ¶ 5.

24   It is unclear who the person is that sent that Instagram message, or even if the

25   person's real name is "Kimberlie Montano." Montano's accusation is uncorroborated

26   and unsubstantiated. Hinkle Decl., 7. Moreover, the events surrounding Montano's

27   accusation (whatever they may be) have no bearing on Plaintiff's claim against

28   Defendant.

1  **III.   ARGUMENT**

2        **A.   THIS COURT MAY EXCLUDE INADMISSIBLE, IRRELEVANT,**

3               **AND/OR PREJUDICIAL EVIDENCE IN ADVANCE OF TRIAL**

4               **BY WAY OF AN *IN LIMINE* MOTION**

5        A motion in limine is a procedural mechanism to limit in advance testimony or

6  evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.

7  2009). "[M]otions in limine must identify the evidence at issue and state with

8  specificity why such evidence is inadmissible." *Colton Crane Co., LLC v. Terex*

9  *Cranes Wilmington, Inc.*, No. 08-cv-08525-PSG (PJWx), 2010 WL 2035800, at *1

10 (C.D. Cal. May 19, 2010). "Trial courts have broad discretion when ruling on motions

11 in limine." *Matrix Int'l Textile. Inc. v. Monopoly Textile, Inc.*, No. 2:16-cv-0084-

12 FMO-AJW, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017).



13             **1.   Montano's Testimony is Irrelevant Under FRE 401 and 402**

14       "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Evidence is relevant

15 only if it "has any tendency to make a fact more or less probable than it would be

16 without the evidence" and "the fact is of consequence in determining the action." Fed.

17 R. Evid. 401.

18       The proffered evidence by Montano concerns an alleged sexual assault that is

19 wholly unrelated to Plaintiff's claims in this action.  I Montano's alleged incident

20 certainly involves a different time, place and parties than Plaintiff's alleged incident.

21 Accordingly, Montano must be excluded as well as any reference to her claim against

22 Defendant.

23             **2.   Montano's Testimony Is Substantially More Prejudicial Than**

24                   **Probative Under RE 403**

25       Courts may exclude relevant evidence if its probative value is substantially

26 outweighed by a danger of unfair prejudice, confusing the issues, misleading the

27 jury, undue delay, or wasting time. *Boyd v. City and County of San Francisco*, 576

28 F.3d 938, 947 (9th Cir. 2009) (citing Fed. R. Evid. 403). The FRE 403 balancing

---

inquiry is made on a case-by-case basis, requiring an examination of the surrounding facts, circumstances, and issues. *United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015). "Unfair prejudice 'does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Williams*, 663 F. Supp. 3d 1085, 1133 (D. Ariz. 2023). District courts may not admit evidence that is of very slight probative value if there is even a fairly small likelihood of unfair prejudice or a small risk of misleading the jury. *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). mislead the jury. *Id*. at 1097.

Here, Montano's allegation is factually ambiguous and untested by cross-examination. There is no indication that the alleged conduct bears a sufficiently strong similarity to the conduct at issue in this case to warrant admissibility. Even if the Court deems Montano's anticipated story minimally relevant, the risk of unfair prejudice substantially outweighs any probative value. Allowing another alleged victim to testify about an unrelated incident would risk turning the trial into a referendum on Defendant's character, rather than a fact-based determination of Plaintiff's claim. There is a significant danger that jurors might decide liability based on emotion or a belief that Defendant is a bad person.

### 3. Federal Rule of Evidence 404(b) Explicitly Bars Admission of Other Acts To Prove The Character of A Person In Order to Show Conformity With the Alleged Claim.

Federal Rule of Evidence 404(b) expressly prohibits admission of evidence of other acts to prove the character of a person in order to show action in conformity therewith. Thus, past acts, such as complaints or investigations for misconduct, or prior lawsuits against the defendants, are inadmissible. *See, e.g., Gates v. Rivera,* 993 F.2d 697, 700 (9th Cir. 1993) (stating that "[c]haracter evidence is normally not admissible in a civil rights case" and holding that an officer's past conduct did not bear on the issue of excessive force); *P.C. v. City of Los Angeles,* (CD. Cal. August

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO

22, 2011) 2011 WL 13153241 (granting motion in limine to exclude other complaints against officers); *Hirst v. Gertzen,* 676 F.2d 1252, 1262 (9th Cir. 1982); *Hopson v. Fredericksen,* 961 F.2d 1374, 1379 (8th Cir. 1992) ("[S]howing a proclivity to engage in conduct is the same as showing a propensity to engage in conduct and both are prohibited by [rule 404(b) ]."); *Morgan v. City of Marmaduke, Arkansas,* 958 F.2d 207, 211 (8th Cir. 1992); *Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d Cir. 1991).

Here, the unrelated and untested nature of Montano's allegation, coupled with the high risk of prejudice, warrants exclusion of her testimony. Plaintiff's apparent purpose in offering Montano's testimony regarding an unrelated sexual assault allegation is to suggest that Defendant has a propensity to commit sexual assault, and therefore likely acted in conformity with that alleged character when Plaintiff's incident occurred. This is precisely the type of character-based inference that Rule 404(b)(1) prohibits.

Federal Rule of Evidence 404(b)(1) reflects a longstanding principle that the legal system judges defendants based on evidence of what they did — not who they are. Plaintiff cannot legitimately argue that Montano's testimony is being introduced for a proper, non-propensity purpose. In the absence of a valid non-propensity purpose, courts must reject attempts to introduce other sexual misconduct through Rule 404(b).

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court prohibit Montano from testifying and Plaintiff and her counsel from arguing or offering testimony, evidence, argument or comment, relating to and/or referring to Montano.

///

///

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO

1

2

Dated:  August 8, 2025          **SANDERS ROBERTS LLP**

3

By: */s/ Lawrence C. Hinkle, II*
JUSTIN H. SANDERS, ESQ.

4

LAWRENCE C. HINKLE II, ESQ.
BOBBY L. DANIELS, JR., ESQ.

5

Attorneys for Defendant
**LELAND T. WAYNE**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO

## PROOF OF SERVICE

### CAL. CODE CIV. PROC. § 1013A(3)

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 515 S. Flower Street, 24th Floor, Los Angeles, CA 90071.  My electronic service address is rpollak@sandersroberts.com.

On August 8, 2025, I served the following document(s) described as **DEFENDANT LELAND T. WAYNE'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☒ **VIA ECF:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

☐ **VIA ELECTRONIC MAIL:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the United States of America State of California that the foregoing is true and correct.

Executed on August 8, 2025, at Los Angeles, California.



| Rita Pollak | /s/ Rita Pollak |
|---|---|
| (Type or print name) | (Signature) |

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO

**SERVICE LIST**
*LeMaistre v. Wayne*
Case No. 2:24-cv-10378 RGK(RAOX)

Michael J. Willemin
Monica Hincken
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone:   (212) 257-6800
Facsimile:    (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com
erousseau@wigdorlaw.com

Robert J. Girard II
Omar G. Bengali
GIRARD BENGALI, APC
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:   (323) 302-8300
Facsimile:    (323) 302-8310
rgirard@girardbengali.com
obengali@girardbengali.com

Attorneys for PLAINTIFF
VANESSA LEMAISTRE

Admitted *pro hac vice*\*

Attorneys for PLAINTIFF
VANESSA LEMAISTRE

4920-9116-3736, v. 1

- 9 -   Case No.: 2:24-cv-10378 RGK(RAOX)

DEFENDANT LELAND T. WAYNE'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO