MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LELAND WAYNE,<br><br>　　　　Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Complaint Filed: October 19, 2024<br>Trial Date: September 23, 2025 |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1

Plaintiff Vanessa LeMaistre ("Plaintiff" or "LeMaistre") hereby respectfully submits, in accordance with this Court's Orders, the Federal Rules of Civil Procedure and Central District of California Local Rules, the following Memorandum of Contentions of Fact and Law with respect to the above-referenced action against Defendant Leland Wayne a/k/a "Metro Boomin" ("Defendant" or "Wayne").

I.   **L.R. 16-4.1 CLAIMS AND DEFENSES**

   A.   **A Summary Statement of the Claims Plaintiff has Pleaded and Plans to Pursue**

   i.   Claim 1:  Common law battery.  Defendant subjected Plaintiff to sexual assault and rape.

   ii.  Claim 2:  Sexual battery in violation of Cal. Civ. Code § 1708.5. Defendant subjected Plaintiff to sexual assault and rape.

   iii. Claim 3:  Violation of the "Ralph Act," Cal. Civ. Code § 51.7. Defendant subjected Plaintiff to sexual assault and rape and his actions were motivated by her gender.

   iv.  Claim 4:  Gender violence in violation of Cal. Civ. Code § 52.4. Defendant subjected Plaintiff to sexual assault and rape under coercive conditions, and his actions were motivated by her gender.

B. **The Elements of Each of Plaintiff's Claims**

    i. <u>Claim 1</u>: Common law battery.[1]

        a. "[D]efendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff;"

        b. "plaintiff did not consent to the touching;"

        c. "plaintiff was harmed or offended by defendant's conduct;" and

        d. "a reasonable person in plaintiff's position would have been offended by the touching."

    ii. <u>Claim 2</u>: Sexual battery in violation of Cal. Civ. Code § 1708.5.[2]

        a. That the Defendant either:

            1. intended to cause a harmful or offensive contact with Plaintiff's sexual organ, anus, groin, buttocks or breast, and a sexually offensive contact with Plaintiff resulted, either directly or indirectly; or

            2. intended to cause a harmful or offensive contact with Plaintiff by use of Defendant's sexual organ, anus, groin, buttocks or breast, and a sexually offensive contact with Plaintiff resulted, either directly or indirectly; or

---

[1] <u>Molenda v. Universal City Studios LLC</u>, No. 2:20 Civ. 02554 (RGK)(GJS), 2020 WL 6653505, at *2 (C.D. Cal. June 8, 2020).

[2] Judicial Council of Cal. Civil Jury Instructions, CACI No. 1306 (2025), https://www.justia.com/trials-litigation/docs/caci/1300/1306/

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

3

        3.    caused contact between a sexual organ, from which a condom had been removed, and Plaintiff's sexual organ, anus, groin, buttocks or breast; or

        4.    caused contact between a/an sexual organ, anus, groin, buttocks or breast Plaintiff's sexual organ from which Defendant had removed a condom; and

    b.    that Plaintiff either:

        1.    did not consent to the touching; or

        2.    did not verbally consent to the removal of the condom; and

    c.    Plaintiff was harmed or offended by Defendant's conduct.

iii.    Claim 3:  Violation of the "Ralph Act," Cal. Civ. Code § 51.7.[3]

    a.    That Defendants committed a violent act against Plaintiff;

    b.    that a substantial motivating reason for Defendant's conduct was Defendant's perception of Plaintiff's sex;

    c.    that Plaintiff was harmed; and

    d.    that Defendant's conduct was a substantial factor in causing Plaintiff's harm.

iv.    Claim 4:  Gender violence in violation of Cal. Civ. Code § 52.4.[4]

    a.    That the Defendant committed either:

        1.    One or more acts that would constitute a criminal offense under state law that has as an element the

---

[3] Judicial Council of Cal. Civil Jury Instructions, CACI No. 3036 (2025), https://www.justia.com/trials-litigation/docs/caci/3000/3063/

[4] Rydberg v. United States Postal Serv., No. 20 Civ. 03230 (SK), 2021 WL 1851033, at *7 (N.D. Cal. Jan. 21, 2021).

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction; or

2. a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

### C. The Key Evidence Supporting Each Claim

While L.R. 16-4.1(c) provides that the key evidence in support of each of the claims "should be listed separately for each claim," here, the five aforementioned claims at issue all center around the same facts and, as such, the "key evidence" supports *all* of the claims (*i.e.*, there would not be a piece of "key evidence" that supports one claim but not others).

The dispute at issue concerns an interaction between Plaintiff and Defendant that occurred in or around the Fall of 2016. LeMaistre alleges that Defendant sexually assaulted and raped her. Specifically, she alleges that she was at Defendant's recording studio one evening listening to Defendant make music. At some point, she passed out and became unconscious, and the next thing she recalls is waking up on a bed in a different location, being completely unable to move or make a sound, with Defendant raping her. She was in and out of consciousness for an unknown amount of time but awoke again at some point to Defendant performing oral sex on her. At no point during this encounter was LeMaistre able to consent to

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

5

any sexual activity, nor did she. Defendant contends that the encounter was consensual.

Based on the foregoing, the key evidence that supports LeMaistre's claims includes, *inter alia*:

- LeMaistre's own testimony about her relationship with Defendant and the evening in question, as well as the harm caused to her by Defendant's conduct;
- The testimony of Kimberly Montano, who wrote a message to Plaintiff in which she stated: "He [Defendant] did the same thing to me in 2020 except he roofied me. I was never brave enough to speak out cause nobody believed me, sending you love and strength."
- The testimony of Defendant, which will be exposed to be not credible;
- Defendant's social media postings in which he admits to engaging in sexual assault and/or wanting to engage in sexual assault and other sexual offenses;
- Defendant's social media postings that are misogynistic in nature;
- Song lyrics contained in songs produced by Defendant that describe the events underlying this action;
- Evidence that Defendant violated Court orders and failed to comply with his discovery obligations; and
- Any evidence deemed relevant to rebut positions taken by Defendant during the course of trial.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

6

**D.  A Summary Statement of the Affirmative Defenses Defendant Has Pleaded and Plans to Pursue, And Their Elements**[5]

Defendant has refused to advise Plaintiff as to which affirmative defenses he intends to pursue at trial.  As such, it is Plaintiff's position that he has waived his right to pursue affirmative defenses.  In the event that the Court permits Defendant to pursue affirmative defenses, the only two affirmative defenses that were pled that are even remotely applicable to this matter are:

i. <u>Third Affirmative Defense:</u> Consent.

ii. <u>Ninth Affirmative Defense:</u> Mitigation of Damages.

**E.  Elements of Defendant's Affirmative Defenses**[6]

i. <u>Third Affirmative Defense:</u> Consent.[7]

a. Defendant is not responsible for Plaintiff's harm if he proves that Plaintiff consented, by words or conduct, to Defendant's conduct.

ii. <u>Ninth Affirmative Defense:</u> Mitigation of Damages.[8]

a. Plaintiff failed to make reasonable efforts, in light of the circumstances facing her at the time, to have avoided the damages he seeks to recover.

**F.  A Brief Description of the Key Evidence Relied Upon in Opposition to Each Affirmative Defense**

With respect to Defendant's Third Affirmative Defense, Plaintiff will rely on the same key evidence described in Section I.C., above.

---

[5] Defendant has not asserted any counterclaims.

[6] Defendant has not asserted any counterclaims.

[7] Modified from https://www.justia.com/trials-litigation/docs/caci/1700/1721/

[8] Modified from https://www.justia.com/trials-litigation/docs/caci/3900/3930/

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

With respect to Defendant's Ninth Affirmative Defense (Failure to Mitigate Damages), the key evidence that LeMaistre will rely on in opposition will be her testimony, and supporting documents, reflecting medical treatment that she received in an effort to mitigate the emotional and psychological harm she suffered as a result of Defendant's unlawful conduct.

### G. Similar Statements For All Third Parties

N/A.

### H. Identification of Any Anticipated Evidentiary Issues, Together with the Party's Position on those Issues

Plaintiff is in receipt of two Motions in Limine from Defendant (Dkt. Nos. 56, 57), which Plaintiff is in the process of reviewing and to which Plaintiff intends to file oppositions to by the operative deadline of 25 days before Trial (or August 29, 2025). Plaintiff also has objected to various witnesses and exhibits proposed by Defendant, and those objections are noted in the parties' joint-exhibit and joint-witness lists. Defendant has likewise objected to various witnesses and exhibits proposed by Plaintiff and must respond to Plaintiff's nine Motions in Limine (Dkt. Nos. 45-52, 54) by August 29, 2025.

Plaintiff does not anticipate any further evidentiary issues at this time.

### I. Identification of Any Issues of Law, Such as the Proper Interpretation of a Governing Statute, Which Are Germane to the Case, Together with the Parties' Position on Those Issues

Plaintiff is not presently aware of any such issues of law germane to this case. However, issues of law are likely to arise in the process of preparing the jury instructions in connection with this case. Any such issues will be identified by the parties in connection with the filing of the joint jury instructions, which are due to be filed on September 5, 2025.

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

8

## II. L.R. 16-4.3 BIFURCATION OF ISSUES

Plaintiff is not requesting any bifurcation of issues.

## III. L.R. 16-4.4 JURY TRIAL

A timely demand for jury has been made and Plaintiff contends that all issues are triable to a jury.

## IV. L.R. 16-4.5 ATTORNEYS' FEES

Plaintiff is entitled to an award of attorneys' fees and costs if she prevails on: (i) Claim 2 (Sexual battery in violation of Cal. Civ. Code § 1708.5); (ii) Claim 3 ("Ralph Act," Cal. Civ. Code § 51.7); or (iii) Claim 4 (Gender violence in violation of Cal. Civ. Code § 52.4). See Cal. Civ. Code § 1708.5(c); Cal. Civ. Code § 52(a); Cal. Civ. Code § 52.4(a).

## V. L.R. 16-4.6 ABANDONMENT OF ISSUES

For the sake of efficiency and to streamline the jury instructions, Plaintiff does not intend to pursue her fifth cause of action (Violation of the Bane Act, Cal. Civ. Code § 52.1) at trial. This decision is not an admission that Plaintiff's claim under the Bane Act is without merit (it is).

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

9

| | |
|---|---|
| Dated: August 18, 2025 | **WIGDOR LLP**<br><br>By: _____<br>Michael J. Willemin<br>Monica Hincken<br><br>85 Fifth Avenue, Fifth Floor<br>New York, NY 10003<br>Telephone: (212) 257-6800<br>Facsimile: (212) 257-6845<br>mwillemin@wigdorlaw.com<br>mhincken@wigdorlaw.com<br><br>**GIRARD BENGALI, APC**<br><br>Omar H. Bengali<br>Robert J. Girard II<br><br>355 S Grand Avenue, Suite 2450<br>Los Angeles, California 90071<br>Telephone: (323) 302-8300<br>Facsimile: (323) 302-8310<br>obengali@girardbengali.com<br>rgirard@girardbengali.com<br><br>*Attorneys for Plaintiff Vanessa LeMaistre* |

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# PROOF OF SERVICE

I, Edwige Rousseau, declare as follows:

On August 18, 2025 I served **Plaintiff's Memorandum of Contentions of Fact and Law** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T: (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 18, 2025 under penalty of perjury under the laws of *the state of California.*

　　　　　　　　　　　　　　/s/ Edwige Rousseau
　　　　　　　　　　　　　　Edwige Rousseau