LAWRENCE C. HINKLE II (SBN 180551)
lhinkle@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
BOBBY L. DANIELS, JR. (Admitted *Pro Hac Vice*)
bdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 S. Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendant
**LELAND T. WAYNE**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>            Plaintiff,<br><br>     v.<br><br>LELAND T. WAYNE p/k/a<br>METRO BOOMIN,<br><br>           Defendant. | **CASE NO. 2:24-cv-10378 RGK (RAOx)**<br><br>**DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850<br><br>Complaint Filed: October 29, 2024<br>Trial Date: September 23, 2025 |

Pursuant to Local Rule 16-4 and the Court's Orders, Defendant Leland T. Wayne ("Wayne") respectively submits the following Memorandum of Contentions of Fact and Law pertinent to the trial of this matter, which is scheduled to commence September 23, 2025.

## I.   **INTRODUCTION**

This case is a classic celebrity "shakedown" in which Plaintiff Vanessa LeMaistre ("Plaintiff") falsely alleges that Wayne, a noted music producer, sexually assaulted her once in mid-September 2016. They had a friendship and consensual sexual relationship, but Plaintiff claims she realized in 2024, while under the influence of ayahuasca, a powerful and illegal psychedelic drug and known hallucinogen, that their sex was allegedly not consensual. While high on ayahuasca, Plaintiff devised a detailed "plan" to blackmail Wayne by launching a spurious public attack on him via social media, falsely accusing him of sexual assault and demanding that he pay her $3.4 or $3.7 million. She wrote her plan to blackmail him in a journal. These are indisputable facts that were uncovered by the defense during discovery. The defense also uncovered that Plaintiff told a medical professional she was *not* sexually assaulted, and then she tried to cover up her fatal admission by asking the related medical facility to remove it from her medical records.

Plaintiff is a liar who is trying to manufacture a claim against Wayne out of whole cloth. She has a long history of mental illness and has received care from mental health professionals for many years. She communicates with herself via an "alter ego" she calls "Chrissie" and claims to have communicated with the dead, including Wayne's mother who she never met.

Wayne vehemently denies Plaintiff's claims and has insisted on a trial to clear his name and start the process of trying to repair the substantial damage he has suffered by Plaintiff's filing of this frivolous lawsuit.

DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## II.    CLAIMS AND DEFENSES (L.R. 16-4.1)

### A.    Summary of Plaintiff's Claims (L.R. 16-4.1(a))

1.    First Cause of Action: Battery – Civil Sexual Assault

2.    Second Cause of Action: Sexual Battery – Cal. Civ. Code § 1708.5

3.    Third Cause of Action: Ralph Act – Cal. Civ. Code § 51.7

4.    Fourth Cause of Action: Gender Violence – Cal. Civ. Code § 52.4(c)(2)

5.    Fifth Cause of Action: Bane Act – Cal. Civ. Code § 52.1 – Plaintiff agreed to withdraw this cause of action.

### B.    The Elements Required to Establish Plaintiff's Claims (L.R. 16-4.1(b))

#### 1.    First Cause of Action: Battery – Civil Sexual Assault

In order to establish this claim, Plaintiff must prove all of the following: (a) Wayne intentionally touched Plaintiff; (b) the touching was of an intimate part of Plaintiff's body; (c) the touching was offensive and done for the purpose of sexual arousal, gratification or abuse; (d) Plaintiff did not consent to the touching; and (e) Wayne's conduct caused harm to Plaintiff. *See*, California Civil Code § 1708.5.

#### 2.    Second Cause of Action: Sexual Battery – Cal. Civil Code § 1708.5

In order to establish this claim, Plaintiff must prove all of the following: (a) that Wayne intended to cause a harmful or offensive contact with Plaintiff by having vaginal and oral sex with her, and a sexually offensive contact with Plaintiff resulted, either directly or indirectly; (b) that Plaintiff did not consent to the touching; and (c) that Plaintiff was harmed by Wayne's conduct. *See*, California Civil Jury Instructions (2025 edition), No. 1306.

### 3.    Third Cause of Action: Ralph Act – Cal. Civ. Code § 51.7

In order to establish this claim, Plaintiff must prove all of the following: (a) that Wayne committed a violent act against Plaintiff; (b) that a substantial motivating reason for Wayne's conduct was his perception of Plaintiff's race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, citizenship, primary language, immigration status or position in a labor dispute; (c) that Plaintiff was harmed; and (d) that Wayne's conduct was a substantial factor in causing Plaintiff's harm. *See*, California Civil Jury Instructions (2025 edition), No. 3063.

### 4.    Fourth Cause of Action: Gender Violence – Cal. Civ. Code § 52.4(c)(2)

In order to establish this claim, Plaintiff must prove all of the following: (a) Wayne made a credible threat of violence against Plaintiff; (b) the threat was directed at the plaintiff because of Plaintiff's gender; (c) the threat caused Plaintiff to reasonably fear for her safety; (d) Wayne acted due to Plaintiff's gender; (e) Wayne made the threat in connection with a demand for a sexual act; (f) Plaintiff was harmed; and (g) Wayne's conduct was a substantial factor in causing the harm. California Civil Code § 52.4(c)(2).

### 5.    Fifth Cause of Action: Bane Act – Cal. Civ. Code § 52.1

Plaintiff agreed to withdraw this cause of action.

### C.    Brief Description of Key Evidence In Opposition to Each Claim (L.R. 16-4.1(c))

### 1.    First Cause of Action: Battery – Civil Sexual Assault

Wayne is a successful music producer and executive professionally known as "Metro Boomin." In early July 2016, Plaintiff and Wayne met at an event Wayne was working at in Las Vegas. At the time, Wayne was 22 years old, and Plaintiff was 30 years old. Beginning later that month and continuing through September 2016, Plaintiff visited Wayne multiple times while he was working at various

DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

recording studios in Los Angeles.

In mid-July 2016, Plaintiff and Wayne had sex for the first time while she visited him in a recording studio. Thereafter, Plaintiff continued to visit Wayne in the recording studio multiple times that summer and into the fall. On one of the occasions she visited him, Plaintiff claims that she "blacked out" after consuming drugs (half a Xanax) and a few sips of Cognac, and that Wayne had sex with her while she was unconscious.

Contrary to Plaintiff's claims, Wayne testified at his deposition that he specifically recalls that Plaintiff was conscious and willingly participated in each of the sexual encounters they had. He recalls that Plaintiff gave him oral sex, that Plaintiff was on "all fours" while they had sex "doggie-style," that Plaintiff was conscious and awake the entire time, and that she fully participated in each sexual encounter. He did not engage with Plaintiff without her consent.

Plaintiff never communicated to Wayne prior, during or after the incident that she did not want to have sex with him. Plaintiff never communicated to Wayne that anything was wrong or that she was upset with him in any way. In fact, after the alleged incident, Plaintiff kept in touch with Wayne periodically for years. For example, in August 2017, Plaintiff sent messages to Wayne trying to see him again while he was in Los Angeles. In January 2018, Plaintiff sent a message to Wayne stating: "I miss u". In May 2018, Plaintiff tried to get Wayne to meet her in Washington, D.C. In September 2018, Plaintiff contacted Wayne to wish him a happy birthday.

Plaintiff did not tell anyone that she had unwanted sex with Wayne. Prior to filing this lawsuit, she did not tell her family, friends, acquaintances or the police. In addition, she did not even tell one of her therapists, Samantha Sangana, who she was receiving counseling from around the time of the alleged incident. Plaintiff had numerous therapy sessions with Ms. Sangana between September 2016 and January 2017 and never mentioned that she was sexually assaulted by Wayne. In addition, in

November 2016 – only a couple of months after the alleged incident – Plaintiff went to Planned Parenthood because of a pregnancy and affirmed to the medical staff that she had not been sexually assaulted.

After the alleged incident, Plaintiff wrote in her personal journal that she wanted to have sex with Wayne *again*. By way of background, in her personal journals Plaintiff sometimes communicated with her "alter ego" who she calls "Chrissie." In other words, Plaintiff communicated with herself. In June 2017, Plaintiff wrote the following about Wayne in her journal:

- Plaintiff: "When should I hit back Metro?"

- Chrissie: "[illegible] later you'll feel inspired as to when. Remember, the ball is in your court. Always."

- Plaintiff: "Will I sleep with him again?"

- Chrissie: Yes, and it will be beautiful, Great, Amazing, Beautiful. – Keep Listening to your body. Rest when you feel the need to."

For approximately eight years after the alleged incident, Plaintiff did not make any accusation that her sex with Wayne was not consensual. But then in May 2024, Plaintiff used ayahuasca, a psychedelic brew known to produce intense psychological experiences, hallucinations and distortions to reality. Plaintiff claims that while under the influence of ayahuasca, she realized that the sex she had with Wayne in September 2016 was not consensual.

She also acknowledged that when this alleged revelation came to her, she wrote her thoughts down in another journal. In that journal, Plaintiff wrote the "Plan Ayahuasca Gave Me" and described an elaborate and grandiose plan to publicly share her story about the alleged sexual assault and even her plan to demand millions of dollars from Wayne. The plan she wrote in her journal to blackmail Wayne is set forth in detail below:

- "Blow the whistle on Metro Booming"

- "Contact Cassies lawyer in June"

DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

1    -    "Post it mid July"

2    -    "Tag Metro & 21 Savage"

3    -    "The photo will be of Metro w/ a white background, him wearing

4    black."

5    -    "The post will read as follows: It was 2017, the year after my son

6    Kamden passed away. I was going through a rough time. Metro, you

7    were too. You had just been in a break-up/separation with your long-

8    term girlfriend. I take full accountability for dabbling in Xanax and 1

9    shot of cognac. Please never engage in these substances together. As

10    much as I own my accountability for engaging with these intoxicants, I

11    never gave you consent to waking up blacked out in a Beverly Hills

12    hotel to you."

13    -    "(This post goes up after the #Repost of never trust what someone

14    says)"

15    -    "I will need a lot of (illegible) (mention book Wayne (illegible)"

16    -    "having sex with me raw and performing oral sex. At the time you were

17    #1 in Billboard globally as the best producer. None of this gave you the

18    right to date rape me. I am calling it what it is. For you to have the

19    audacity to then go put in in a song with 21 Savage and Offset is

20    despicable. You are promoting date rape culture. Enough is enough

21    (illegible)"

22    -    "P.S. I'm a medium, your Momma (Capricorn woman to Capricorn

23    woman), says she is very displeased with your behavior."

24    -    "#21savage #viral #pleaseshare #mybodyisnotyourplayground

25    -    "Too many times women are not heard nor believed. This is a part of

26    the problem"

27    -    "We're asking for 3.4 million or 3.7 million"

28

DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

After devising this "plan" in May 2024, Plaintiff took many steps to manufacture her salacious claims against Wayne, including falsely claiming that she was pregnant with Wayne's child, and calling rape hotlines more than eight years after the alleged incident. Furthermore, Plaintiff tried to conceal evidence which demonstrates that she was not sexually assaulted by Wayne. Specifically, on February 10, 2025, Plaintiff contacted Planned Parenthood and asked that medical facility to remove from their records all of her statements acknowledging  that she was *not* sexually assaulted by Wayne as well as all information proving  Wayne did not impregnate her. After being caught by the defense, Plaintiff contacted Planned Parenthood a second time and withdrew her request.

Plaintiff has a long history of seeking therapy for her mental issues. Based on her medical and psychiatric records, Plaintiff reports a history of childhood abuse, alleged sexual assaults (several unrelated to her claims against Wayne), family relational problems, abandonment by her father, difficulties with work, alcohol misuse, substance abuse, and suicidal ideation. Her medical records note concerns for hypersexual behavior and an exaggerated, attention-seeking narrative style. She has been diagnosed with delusional disorder, major depressive disorder, posttraumatic stress disorder, and recurrent, moderate and borderline personality disorder with psychotic features.

**2.    Second Cause of Action: Sexual Battery – Cal. Civ. Code § 1708.5**

The key evidence set forth above regarding the First Cause of Action support Wayne's opposition to this cause of action as well.

**3.    Third Cause of Action: Ralph Act – Cal. Civ. Code § 51.7**

The alleged conduct by Wayne does not fall under the Ralph Act and as a result, this claim should be withdrawn by Plaintiff. The Ralph Act was enacted to provide a civil remedy for "hate crimes." *Campbell v. Feld Entertainment, Inc.*, 75 F.Supp. 3d 1193, 1205 (2014). It was designed to protect individuals from "violence

DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

or intimidation by threat of violence, committed against their persons or property because of [a protected characteristic, such as gender]." Cal. Civ. Code § 57.7. There is no evidence of discriminatory animus in this case. Rather, Plaintiff merely claims that because she "blacked out" after voluntarily consuming Xanax and a few sips of Cognac, the sex could not be consensual.

Even assuming, *arguendo*, there was evidence of discriminatory animus (which there is none), Plaintiff's claim fails because there was no violence committed by Wayne against Plaintiff – the parties engaged in consensual sex as set forth above in the description of key evidence regarding the first cause of action.

    **4.  Fourth Cause of Action: Gender Violence – Cal. Civ. Code § 52.4(c)(2)**

The key evidence set forth above regarding the First Cause of Action supports Wayne's opposition to this cause of action as well.

    **5.  Fifth Cause of Action: Bane Act – Cal. Civ. Code § 52.1**

Plaintiff had agreed to withdraw this cause of action.

**D. <u>Wayne's Affirmative Defenses (L.R. 16-4.1(d))</u>[1]**

   1.  Third Affirmative Defense: Consent

   2.  Fifth Affirmative Defense: Unclean Hands

   3.  Ninth Affirmative Defense: Mitigation of Damages

**E. <u>The Elements Required to Establish Defendant's Affirmative Defenses (L.R. 16-4.1(e))</u>**

    **1.  Third Affirmative Defense: Consent**

To prove the affirmative defense of consent, Wayne must prove the following: (a) that Plaintiff consent to Wayne's conduct; and (b) that Wayne did not exceed the scope of that consent." *See*, California Civil Jury Instructions (2025 edition), No. 3063.

---

[1] Counsel for Plaintiff falsely claims in Plaintiff's Memorandum of Contentions of Fact and Law (Dkt. 59) that "Defendant has refused to advise Plaintiff as to which affirmative defenses he intends to pursue at trial." It is unclear why counsel for Plaintiff made that false statement.

### 2.    Fifth Affirmative Defense: Unclean Hands

"The unclean hands doctrine bars recovery by a plaintiff (1) whose behavior is tainted by inequity or bad faith (2) that occur in acquiring the right he now asserts." *RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1058 (E.D. Cal. 2018), aff'd, 770 F. App'x 377 (9th Cir 2019).

### 3.    Ninth Affirmative Defense: Mitigation of Damages

To prove the affirmative defense of mitigation of damages, Wayne must prove the following: (a) plaintiff failed to take reasonable steps to reduce the harm or loss caused by the alleged sexual battery; and (b) the damages would have been less if the plaintiff had taken those steps." *See*, California Civil Jury Instructions (2025 edition), No. 3930.

### F.    Brief Description of Key Evidence In Support of Each Affirmative Defense (L.R. 16-4.1(f))

### 1.    Third Affirmative Defense: Consent

The key evidence in support of this affirmative defense is set forth in Section II.C.1, above.

### 2.    Fifth Affirmative Defense: Unclean Hands

The key evidence in support of this affirmative defense is set forth in Section II.C.1, above.

### 3.    Ninth Affirmative Defense: Mitigation of Damages

The key evidence in support of this affirmative defense concerns Plaintiff's failure to seek any medical treatment or therapy regarding the alleged sexual assault until the fall of 2024, around the time she filed this lawsuit.

### G.    Similar Statements for All Third Parties (L.R. 16-4.1(g))

This section is not applicable to this case.

### H.    Identification of Anticipated Evidentiary Issues (L.R. 16-4.1(h))

### 1.    Wayne's Motion in Limine No. 1

Wayne filed a motion in limine seeking the exclusion from trial any reference

to certain social media communications by or between Wayne and/or third parties.

2.      Wayne's Motion in Limine No. 2

Wayne filed a motion in limine seeking the exclusion of "Kimberlie Montano" as a witness, and any reference to the person Plaintiff's identified as "Kimberlie Montano."

3.      Plaintiff's Objections to Wayne's Exhibits

As of the filing of this Memorandum, Plaintiff's counsel has asserted baseless, unnecessary and excessive objections to all but 4 of the 107 exhibits that Wayne included on his proposed exhibit list.

**I.      Identification of Any Issues of Law (L.R. 16-4.1(i))**

As set forth in Section II.C.3, above, Plaintiff's allegations do not constitute a cause of action under the Ralph Act – Cal. Civ. Code § 51.7 as a matter of law.

**III.    BIFURCATION OF ISSUES (L.R. 16-4.3)**

Wayne is not requesting the bifurcation of any issues and Plaintiff has not indicated that she will request the bifurcation of any issues.

**IV.    JURY TRIAL (L.R. 16-4.3)**

Wayne anticipates that all of the claims and defenses will be tried to the jury.

**V.      ATTORNEYS' FEES (L.R. 16-4.5)**

Wayne is not currently planning to seek the recovery of attorneys' fees in the instant action.

**VI.    ABANDONMENT OF ISSUES (L.R. 16-4.6)**

Plaintiff abandoned the following Cause of Action: Fifth Cause of Action: Bane Act – Cal. Civ. Code § 52.1.

Wayne abandoned the following Affirmative Defenses: (a) First Affirmative Defense: Failure to State a Cause of Action; (b) Second Affirmative Defense: Statute of Limitations; (c) Fourth Affirmative Defense: Waiver; (d) Sixth Affirmative Defense: Waiver and Estoppel; (e) Seventh Affirmative Defense: Assumption of Risk; (f) Eighth Affirmative Defense: False Allegations; (g) Tenth

1  Affirmative  Defense:  Contributory  Negligence  or  Fault;  and  (i)  Eleventh

2  Affirmative Defense: First Amendment Protections.

3  Dated:  August 18, 2025          **SANDERS ROBERTS LLP**

4

5  By: _____

   JUSTIN H. SANDERS, ESQ.

6  LAWRENCE C. HINKLE II, ESQ.
   BOBBY L. DANIELS, JR., ESQ.

7  Attorneys for Defendant
   **LELAND T. WAYNE**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

CAL. CODE CIV. PROC. § 1013A(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 515 S. Flower Street, 24th Floor, Los Angeles, CA 90071.  My electronic service address is rpollak@sandersroberts.com.

On August 18, 2025, I served the following document(s) described as **DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **VIA ECF:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

☐ **VIA ELECTRONIC MAIL:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the United States of America State of California that the foregoing is true and correct.

Executed on August 18, 2025, at Los Angeles, California.

| | |
|---|---|
| Rita Pollak | */s/ Rita Pollak* |
| (Type or print name) | (Signature) |

**SERVICE LIST**
*LeMaistre v. Wayne*
Case No. 2:24-cv-10378 RGK (RAOx)

Michael J. Willemin
Monica Hincken
WIGDOR LLP
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone:   (212) 257-6800
Facsimile:    (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com
erousseau@wigdorlaw.com

Attorneys for PLAINTIFF
VANESSA LEMAISTRE

Admitted *pro hac vice*\*

Robert J. Girard II
Omar G. Bengali
GIRARD BENGALI, APC
355 S. Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone:   (323) 302-8300
Facsimile:    (323) 302-8310
rgirard@girardbengali.com
obengali@girardbengali.com

Attorneys for PLAINTIFF
VANESSA LEMAISTRE

4920-9116-3736, v. 1

Case No.: 2:24-cv-10378 RGK (RAOx)
DEFENDANT LELAND T. WAYNE'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW