MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>       Plaintiff,<br><br>  vs.<br><br>LELAND WAYNE,<br><br>       Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**NOTICE OF LODGING OF FINAL PRETRIAL CONFERENCE ORDER** |

NOTICE OF LODGING

1

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

**TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Vanessa LeMaistre ("Plaintiff" or "LeMaistre") hereby lodges the accompanying Final Pretrial Conference Order.

Dated: August 28, 2025

**WIGDOR LLP**

By: _____

Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

VANESSA LEMAISTRE,

              Plaintiff,

    vs.

LELAND WAYNE,

              Defendant.

Case No. 2:24-cv-10378 RGK(RAO)

**FINAL PRETRIAL CONFERENCE
ORDER**

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS
ORDERED:

    1.    The parties are:

        a.    Plaintiff Vanessa LeMaistre

        b.    Defendant Leland Wayne

Each of these parties has been served and has appeared. All other parties
named in the pleadings and not identified in the preceding paragraph are now
dismissed.

    The pleadings which raise the issues are: The Complaint at Dkt. No. 1
and the Answer at Dkt. No. 13.

    2.    Federal jurisdiction and venue are invoked upon the grounds: This
matter was removed to federal court on the basis of diversity jurisdiction, as
Plaintiff is a citizen of California and Defendant is a citizen of Georgia, and the
amount in controversy exceeds $75,000.  Venue is proper in this district because
the conduct that forms the basis for Plaintiff's claim occurred in this district.

    3.    The trial is estimated to take 4 trial days.

    4.    The trial is to be a jury trial. At least seven (7) days prior to the trial
date the parties shall file and serve by e-mail, fax, or personal delivery: (a)

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5.     The following facts are admitted and require no proof: The parties have not agreed on any facts to be admitted.

6.     The following facts, though stipulated, shall be without prejudice to any evidentiary objection: The parties have not agreed to stipulate on any facts.

7.     Claims and Defenses

Plaintiff:

(a)     Plaintiff plans to pursue the following claims against the following defendants:

Claim 1: Common law battery. Defendant subjected Plaintiff to sexual assault.

Claim 2: Sexual battery in violation of Cal. Civ. Code § 1708.5. Defendant subjected Plaintiff to sexual assault.

Claim 3: Violation of the "Ralph Act," Cal. Civ. Code § 51.7. Defendant subjected Plaintiff to sexual assault and his actions were motivated by her gender.

Claim 4: Gender violence in violation of Cal. Civ. Code § 52.4. Defendant subjected Plaintiff to sexual assault under coercive conditions, and his actions were motivated by her gender.

(b)     The elements required to establish Plaintiff's claims are:

**Plaintiff's Version of the Elements**

**Claim 1:  Common law battery**.

a)     "[D]efendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff;"

b)     "plaintiff did not consent to the touching;"

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  c)    "plaintiff was harmed or offended by defendant's conduct;" and

2  d)    "a reasonable person in plaintiff's position would have been

3        offended by the touching."

4  Source: <u>California Civil Jury Instructions (CACI), No. 1300</u>

5      Claim 2:  Sexual battery in violation of Cal. Civ. Code § 1708.5.

6  That the Defendant either:

7    1.    intended to cause a harmful or offensive contact with Plaintiff's

8          sexual organ, anus, groin, buttocks or breast, and a sexually

9          offensive contact with Plaintiff resulted, either directly or

10         indirectly; or

11   2.    intended to cause a harmful or offensive contact with Plaintiff by

12         use of Defendant's sexual organ, anus, groin, buttocks or breast,

13         and a sexually offensive contact with Plaintiff resulted, either

14         directly or indirectly; or

15   3.    caused contact between a sexual organ, from which a condom

16         had been removed, and Plaintiff's sexual organ, anus, groin,

17         buttocks or breast; or

18   4.    caused contact between a/an sexual organ, anus, groin, buttocks

19         or breast Plaintiff's sexual organ from which Defendant had

20         removed a condom; and

21  that Plaintiff either:

22   1.    did not consent to the touching; or

23   2.    did not verbally consent to the removal of the condom; and

24  Plaintiff was harmed or offended by Defendant's conduct.

25  Source: <u>California Civil Jury Instructions (CACI), No. 1306</u>

26      Claim 3:  Violation of the "Ralph Act," Cal. Civ. Code § 51.7.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

3

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

a)     That Defendants committed a violent act against Plaintiff;

b)     that a substantial motivating reason for Defendant's conduct was Defendant's perception of Plaintiff's sex;

c)     that Plaintiff was harmed; and

d)     that Defendant's conduct was a substantial factor in causing Plaintiff's harm.

**Claim 4:  Gender violence in violation of Cal. Civ. Code § 52.4.**[1]

a)     That the Defendant committed either:

1.     One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction; or

2.     a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

**Source: <u>California Civil Jury Instructions (CACI), No. 3036</u>**

**<u>Defendant's Version of the Elements</u>**

**<u>Claim 1:  Common law battery</u>.**

a.     Defendant intentionally touched Plaintiff;

---

[1]     <u>Rydberg v. United States Postal Serv.</u>, No. 20 Civ. 03230 (SK), 2021 WL 1851033, at *7 (N.D. Cal. Jan. 21, 2021).

FINAL PRETRIAL CONFERENCE ORDER

4

b.      The touching was of an intimate part of Plaintiff's body;

c.      Plaintiff did not consent to the touching;

d.      Plaintiff was harmed or offended by Defendant's conduct;  and

e.      Defendant's conduct caused harm to Plaintiff.

**Claim 2:  Sexual battery in violation of Cal. Civ. Code § 1708.5.**

a.      Defendant intended to cause a harmful or offensive contact with Plaintiff by having vaginal and oral sex with her, and a sexually offensive contact resulted, either directly or indirectly;

b.      Plaintiff did not consent to the touching; and

c.      Plaintiff was harmed by Defendant's conduct.

**Claim 3:  Violation of the "Ralph Act," Cal. Civ. Code § 51.7.**

a.  Defendants committed a violent act against Plaintiff;

b.  A substantial motivating reason for Defendant's conduct was Defendant's perception of Plaintiff's sex;

c.  Plaintiff was harmed; and

d.  Defendant's conduct was a substantial factor in causing Plaintiff's harm.

**Claim 4:  Gender violence in violation of Cal. Civ. Code § 52.4.**

a. Defendant made a credible threat of violence against Plaintiff;

b. The threat was directed at the Plaintiff because of Plaintiff's gender;

c. The threat caused Plaintiff to reasonably fear for her safety;

d. Defendant acted due to Plaintiff's gender;

e. Defendant made the threat in connection with a demand for a sexual act;

f. Plaintiff was harmed; and

g. Defendant's conduct was a substantial factor in causing the harm.

FINAL PRETRIAL CONFERENCE ORDER

5

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1

2      (c)    In brief, the key evidence Plaintiff relies on for each of the claims is:

3 [List separately for each element of each claim.]

4      **Claim 1:  Common law battery**.

5      The dispute at issue concerns an interaction between Plaintiff and Defendant

6 that occurred in or around the Fall of 2016.  LeMaistre alleges that Defendant

7 sexually assaulted and raped her.  Specifically, she alleges that she was at

8 Defendant's recording studio one evening listening to Defendant make music.  At

9 some point, she passed out and became unconscious, and the next thing she recalls

10 is waking up on a bed in a different location, being completely unable to move or

11 make a sound, with Defendant raping her.  She was in and out of consciousness for

12 an unknown amount of time but awoke again at some point to Defendant performing

13 oral sex on her.  At no point during this encounter was LeMaistre able to consent to

14 any sexual activity, nor did she.  Defendant contends that the encounter was

15 consensual.

16      Based on the foregoing, the key evidence that supports LeMaistre's claims

17 includes, *inter alia*:

18      •    LeMaistre's own testimony about her relationship with

19            Defendant and the evening in question, as well as the harm

20            caused to her by Defendant's conduct;

21      •    The testimony of Kimberly Montano, who wrote a message to

22            Plaintiff in which she stated: "He [Defendant] did the same thing

23            to me in 2020 except he roofied me. I was never brave enough to

24            speak out cause nobody believed me, sending you love and

25            strength."

26

27

28

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

- The testimony of Defendant, which will be exposed to be not credible;

- Defendant's social media postings in which he admits to engaging in sexual assault and/or wanting to engage in sexual assault and other sexual offenses;

- Defendant's social media postings that are misogynistic in nature;

- Song lyrics contained in songs produced by Defendant that describe the events underlying this action;

- Evidence that Defendant violated Court orders and failed to comply with his discovery obligations; and

- Any evidence deemed relevant to rebut positions taken by Defendant during the course of trial.

**Claim 2:  Sexual battery in violation of Cal. Civ. Code § 1708.5.**

The key evidence supporting this claim is the same as the key evidence supporting the claim of common law battery.

**Claim 3:  Violation of the "Ralph Act," Cal. Civ. Code § 51.7.**

The key evidence supporting this claim is the same as the key evidence supporting the claim of common law battery.

**Claim 4:  Gender violence in violation of Cal. Civ. Code § 52.4.**

The key evidence supporting this claim is the same as the key evidence supporting the claim of common law battery.

**<u>Defendant:</u>**

(a)    Defendant plans to pursue the following affirmative defenses:

Third Affirmative Defense:        Consent.

FINAL PRETRIAL CONFERENCE ORDER

1    Fifth Affirmative Defense:        Unclean Hands.

2    Ninth Affirmative Defense:       Mitigation

3

4    (b)    The elements required to establish Defendant's affirmative defenses

5    are:

6    **Third Affirmative Defense:    Consent**.

7        a.    Plaintiff consented to Wayne's conduct; and

8        b.    Wayne did not exceed that consent.

9    **Fifth Affirmative Defense:  Unclean Hands**.

10        a.    Plaintiff's behavior is tainted by inequity or bad faith; and

11        b.    Such behavior resulted in Plaintiff acquiring the right she now

12            asserts.

13    **Ninth Affirmative Defense:  Mitigation.**

14        a.    Plaintiff failed to take reasonable steps to reduce the harm or loss

15    caused by the alleged sexual battery; and

16        b.    The damages would have been less if Plaintiff had taken those

17    steps.

18

19    (c) In brief, the key evidence Defendant relies on for each affirmative defense

20    is:

21    **Third Affirmative Defense:    Consent**.

22    Wayne is a successful music producer and executive professionally known

23    as "Metro Boomin." In early July 2016, Plaintiff and Wayne met at an event

24    Wayne was working at in Las Vegas. At the time, Wayne was 22 years old, and

25    Plaintiff was 30 years old. Beginning later that month and continuing through

26

27

28
    _____
    FINAL PRETRIAL CONFERENCE ORDER

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1  September 2016, Plaintiff visited Wayne multiple times while he was working at
2  various recording studios in Los Angeles.

3      In mid-July 2016, Plaintiff and Wayne had sex for the first time while she
4  visited him in a recording studio. Thereafter, Plaintiff continued to visit Wayne in
5  the recording studio multiple times that summer and into the fall. On one of the
6  occasions she visited him, Plaintiff claims that she "blacked out" after consuming
7  drugs (half a Xanax) and a few sips of Cognac, and that Wayne had sex with her
8  while she was unconscious.

9      Contrary to Plaintiffs claims, Wayne testified at his deposition that he
10 specifically recalls that Plaintiff was conscious and willingly participated in each
11 of the sexual encounters they had. He recalls that Plaintiff gave him oral sex, that
12 Plaintiff was on "all fours" while they had sex "doggie-style," that Plaintiff was
13 conscious and awake the entire time, and that she fully participated in each sexual
14 encounter. He did not engage with Plaintiff without her consent.

15     Plaintiff never communicated to Wayne prior, during or after the incident
16 that she did not want to have sex with him. Plaintiff never communicated to Wayne
17 that anything was wrong or that she was upset with him in any way. In fact, after
18 the alleged incident, Plaintiff kept in touch with Wayne periodically for years. For
19 example, in August 2017, Plaintiff sent messages to Wayne trying to see him again
20 while he was in Los Angeles. In January 2018, Plaintiff sent a message to Wayne
21 stating: "I miss u". In May 2018, Plaintiff tried to get Wayne to meet her in
22 Washington, D.C. In September 2018, Plaintiff contacted Wayne to wish him a
23 happy birthday.

24     Plaintiff did not tell anyone that she had unwanted sex with Wayne. Prior to
25 filing this lawsuit, she did not tell her family, friends, acquaintances or the police.
26 In addition, she did not even tell one of her therapists, Samantha Sangana, who she

27
28                    FINAL PRETRIAL CONFERENCE ORDER

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1   was receiving counseling from around the time of the alleged incident. Plaintiff

2   had numerous therapy sessions with Ms. Sangana between September 2016 and

3   January 2017 and never mentioned that she was sexually assaulted by Wayne. In

4   addition, in November 2016 - only a couple of months after the alleged incident-

5   Plaintiff went to Planned Parenthood because of a pregnancy and affirmed to the

6   medical staff that she had not been sexually assaulted.

7       After the alleged incident, Plaintiff wrote in her personal journal that she

8   wanted to have sex with Wayne *again.* By way of background, in her personal

9   journals Plaintiff sometimes communicated with her "alter ego" who she calls

10  "Chrissie." In other words, Plaintiff communicated with herself. In June 2017,

11  Plaintiff wrote the following about Wayne in her journal:

12      -   Plaintiff: "When should I hit back Metro?"

13      -   Chrissie: "[illegible] later you'll feel inspired as to when. Remember,

14      -   the ball is in your court. Always."

15      -   Plaintiff: "Will I sleep with him again?"

16      -   Chrissie: Yes, and it will be beautiful, Great, Amazing, Beautiful. -

17      -   Keep Listening to your body. Rest when you feel the need to."

18      For approximately eight years after the alleged incident, Plaintiff did not

19  make any accusation that her sex with Wayne was not consensual. But then in May

20  2024, Plaintiff used ayahuasca, a psychedelic brew known to produce intense

21  psychological experiences, hallucinations and distortions to reality. Plaintiff claims

22  that while under the influence of ayahuasca, she realized that the sex she had with

23  Wayne in September 2016 was not consensual.

24      She also acknowledged that when this alleged revelation came to her, she

25  wrote her thoughts down in another journal. In that journal, Plaintiff wrote the

26  "Plan Ayahuasca Gave Me" and described an elaborate and grandiose plan to

27

28                              FINAL PRETRIAL CONFERENCE ORDER

publicly share her story about the alleged sexual assault and even her plan to

demand millions of dollars from Wayne. The plan she wrote in her journal to

blackmail Wayne is set forth in detail below:

- "Blow the whistle on Metro Booming"

- "Contact Cassies lawyer in June"

- "Post it mid July"

- "Tag Metro & 21 Savage"

- "The photo will be of Metro w/ a white background, him wearing

- black."

- "The post will read as follows: It was 2017, the year after my son

- Kamden passed away. I was going through a rough time. Metro, you

- were too. You had just been in a break-up/separation with your longterm

- girlfriend. I take full accountability for dabbling in Xanax and 1

- shot of cognac. Please never engage in these substances together. As

- much as I own my accountability for engaging with these intoxicants, I

- never gave you consent to waking up blacked out in a Beverly Hills

- hotel to you."

- "(This post goes up after the #Repost of never trust what someone

- says)"

- "I will need a lot of (illegible) (mention book Wayne (illegible)"

- "having sex with me raw and performing oral sex. At the time you were

- #1 in Billboard globally as the best producer. None of this gave you the

- right to date rape me. I am calling it what it is. For you to have the

- audacity to then go put in in a song with 21 Savage and Offset is

- despicable. You are promoting date rape culture. Enough is enough

- (illegible)"

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

11

- "P.S. I'm a medium, your Momma (Capricorn woman to Capricorn
- woman), says she is very displeased with your behavior."
- "#21 savage #viral #pleaseshare #mybodyisnotyourplayground
- "Too many times women are not heard nor believed. This is a part of
- the problem"
- "We're asking for 3.4 million or 3.7 million"

After devising this "plan" in May 2024, Plaintiff took many steps to manufacture her salacious claims against Wayne, including falsely claiming that she was pregnant with Wayne's child, and calling rape hotlines more than eight years after the alleged incident. Furthermore, Plaintiff tried to conceal evidence which demonstrates that she was not sexually assaulted by Wayne. Specifically, on February 10, 2025, Plaintiff contacted Planned Parenthood and asked that medical facility to remove from their records all of her statements acknowledging that she was *not* sexually assaulted by Wayne as well as all information proving Wayne did not impregnate her. After being caught by the defense, Plaintiff contacted Planned Parenthood a second time and withdrew her request.

Plaintiff has a long history of seeking therapy for her mental issues. Based on her medical and psychiatric records, Plaintiff reports a history of childhood abuse, alleged sexual assaults (several unrelated to her claims against Wayne), family relational problems, abandonment by her father, difficulties with work, alcohol misuse, substance abuse, and suicidal ideation. Her medical records note concerns for hypersexual behavior and an exaggerated, attention-seeking narrative style. She has been diagnosed with delusional disorder, major depressive disorder, posttraumatic stress disorder, and recurrent, moderate and borderline personality disorder with psychotic features.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

12

**Fifth Affirmative Defense:  Unclean Hands**.

The key facts supporting this Affirmative Defense are the same as those in support of the Affirmative Defense of Consent.

**Ninth Affirmative Defense:  Mitigation.**

The key evidence in support of this Affirmative Defense concerns Plaintiff's failure to seek any medical treatment or therapy regarding the alleged assault until the fall of 2024, around the time she filed this lawsuit.

Third Party Plaintiffs and Defendants:

There are no Third Party Plaintiffs and Defendants in this case.

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

Plaintiff's first, second, third and fourth claims.

Defendant's Third, Fifth and Ninth affirmative defenses.

8.    All discovery is complete.

9.    F.R.Civ.P. 26(a)(3) disclosures.

Plaintiff's Version

Plaintiff has complied with her obligations under F.R.Civ.P. 26(a)(3). Defendant however, has failed to comply with his obligations, as various exhibits on his list were never produced during discovery, and still have not been produced

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1    despite our repeated requests. As such, he has failed to "identify" various exhibits

2    in any way that would comply with the rules.

3

4    <u>Defendant's Version</u>

5         All disclosures under F.R.C.P. 26(a)(3) have been made.

6

7         The joint exhibit list of the parties has been filed under separate cover as

8    required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn,

9    all exhibits will be admitted without objection at trial, except those exhibits listed

10   below:

11        Plaintiff objects to Exhibit Nos. 100, 102-136, 138-155, 157-166, 168-197,

12   198, 199-207.

13        Defendant objects to Exhibit Nos. 5, 7, 13.

14        The objections and grounds therefor are:

15   **Plaintiff's Objections:**

16   Ex. 100 – incomplete document

17   Ex. 102 – FRE 408

18   Ex. 103 – FRE 901 / FRE 801

19   Ex. 104 – FRE 401 / FRE 403 (if Ex. 103 is excluded)

20   Ex. 105 – FRE 901 / FRE 801

21   Ex. 106 – FRE 901 / FRE 801

22   Ex. 107 – FRE 901 / FRE 801

23   Ex. 108 – FRE 401 / FRE 403 / FRE 404 / FRE 412

24   Ex. 109 – FRE 401 / FRE 403 / FRE 404

25   Ex. 110 – FRE 401 / FRE 403 / FRE 404 / FRE 412

26   Ex. 111 – FRE 401 / FRE 403 / FRE 404 / FRE 412

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

14

1    Ex. 112 – FRE 401 / FRE 403 / FRE 404 / FRE 412

2    Ex. 113 – FRE 401 / FRE 403 / FRE 404 / FRE 412

3    Ex. 114 – FRE 401 / FRE 403 / FRE 404 / FRE 412

4    Ex. 115 – FRE 401 / FRE 403 / FRE 404 / FRE 412

5    Ex. 116 – FRE 401 / FRE 403 / FRE 404 / FRE 412

6    Ex. 117 – FRE 401 / FRE 403 / FRE 404 / FRE 412

7    Ex. 118 – FRE 401 / FRE 403 / FRE 404 / FRE 412

8    Ex. 119 – FRE 401 / FRE 403 / FRE 404 / FRE 412

9    Ex. 120 – FRE 401 / FRE 403 / FRE 404 / FRE 412

10   Ex. 121 – FRE 401 / FRE 403 / FRE 404 / FRE 412

11   Ex. 122 – FRE 401 / FRE 403 / FRE 404

12   Ex. 123 – FRE 401 / FRE 403 / FRE 404

13   Ex. 124 – FRE 401 / FRE 403 / FRE 404

14   Ex. 125 – FRE 401 / FRE 403 / FRE 404

15   Ex. 126 – FRE 401 / FRE 403 / FRE 404

16   Ex. 127 – FRE 401 / FRE 403 / FRE 404 / FRE 412

17   Ex. 128 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

18   Ex. 129 – FRE 401 / FRE 403 / FRE 404 / FRE 412

19   Ex. 130 – FRE 401 / FRE 403 / FRE 404

20   Ex. 131 – FRE 401 / FRE 403 / FRE 404

21   Ex. 132 – FRE 401 / FRE 403 / FRE 404

22   Ex. 133 – FRE 401 / FRE 403 / FRE 404

23   Ex. 134 – FRE 401 / FRE 403 / FRE 404

24   Ex. 135 – FRE 401 / FRE 403 / FRE 404

25   Ex. 136 – FRE 401 / FRE 403 / FRE 404

26   Ex. 138 – FRE 401 / FRE 403 / FRE 404 / FRE 412

27

28

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

15

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

1    Ex. 139 – FRE 401 / FRE 403 / FRE 404

2    Ex. 140 – FRE 401 / FRE 403 / FRE 404

3    Ex. 141 – FRE 401 / FRE 403 / FRE 404

4    Ex. 142 – FRE 401 / FRE 403 / FRE 404

5    Ex. 143 – FRE 401 / FRE 403 / FRE 404 / FRE 801 / FRE 901

6    Ex. 144 – FRE 401 / FRE 403 / FRE 404 / FRE 801 / FRE 901

7    Ex. 145 – FRE 401 / FRE 403 / FRE 404

8    Ex. 146 – FRE 401 / FRE 403 / FRE 404

9    Ex. 147 – FRE 401 / FRE 403 / FRE 404

10   Ex. 148 – FRE 401 / FRE 403 / FRE 404

11   Ex. 149 – FRE 401 / FRE 403 / FRE 404

12   Ex. 150 – FRE 401 / FRE 403 / FRE 404

13   Ex. 151 – FRE 401 / FRE 403 / FRE 404

14   Ex. 152 – FRE 401 / FRE 403 / FRE 404

15   Ex. 153 – FRE 401 / FRE 403 / FRE 404 / FRE 412

16   Ex. 154 – FRE 401 / FRE 403 / FRE 404

17   Ex. 157 – FRE 401 / FRE 403 / FRE 404

18   Ex. 158 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

19   Ex. 159 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

20   Ex. 160 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

21   Ex. 161 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

22   Ex. 162 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

23   Ex. 163 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

24   Ex. 164 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

25   Ex. 165 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

26   Ex. 166 – FRE 401 / FRE 403 / FRE 404 / FRE 412

27

28
FINAL PRETRIAL CONFERENCE ORDER

Ex. 168 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901

Ex. 169 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 170 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 171 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 172 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 173 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 174 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 175 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 176 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 177 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 178 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 179 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 180 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

Ex. 181 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 182 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 801 / FRE 901 / Never Produced

Ex. 183 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 184 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 185 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 186 – FRE 401 / FRE 403 / FRE 404

Ex. 187 – FRE 408

Ex. 188 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 189 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 702 / FRE 703 / FRE 801

Ex. 190 – The parties' IME stipulation prohibits the use of the recording as evidence at trial / FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 191 – FRE 801

Ex. 192 – FRE 401 / FRE 403 / FRE 404 / FRE 412 / FRE 702 / FRE 703 / FRE 801

Ex. 193 – FRE 801

Ex. 194 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 195 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 196 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 197 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 198 – No Such Document Exists

Ex. 199 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 200 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 201 – FRE 401 / FRE 403 / FRE 404 / FRE 412

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

FINAL PRETRIAL CONFERENCE ORDER

18

Ex. 202 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 203 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 204 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 205 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 206 – FRE 401 / FRE 403 / FRE 404 / FRE 412

Ex. 207 – FRE 401 / FRE 403 / FRE 408

**Defendant's Objections:**

Ex. 5 – Hearsay (FRE 801, 802, 803); Foundation (FRE 901)

Ex. 7 – Relevancy (FRE 401, 402); Prejudice (FRE 403); Hearsay (FRE 801, 802, 803); Exclude under Defendant's Motion *in Limine* No. 1

Ex. 13 – Relevancy (FRE 401, 402); Prejudice (FRE 403); Hearsay (FRE 801, 802, 803).

10.    Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).[2]

Defendant intends to present evidence by way of deposition testimony and the parties will mark such deposition in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: Plaintiff Vanessa LeMaistre.

11.    The following law and motion matters and motions in limine, and no others, are pending or contemplated:

---

[2]    Note that both parties have objections to at least one of the witnesses proposed by the opposing party.

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

ECF 45 (Plaintiff's Motion in Limine 1) – pending

ECF 46 (Plaintiff's Motion in Limine 2) – pending

ECF 47 (Plaintiff's Motion in Limine 3) – pending

ECF 48 (Plaintiff's Motion in Limine 4) – pending

ECF 49 (Plaintiff's Motion in Limine 5) – pending

ECF 50 (Plaintiff's Motion in Limine 6) – pending

ECF 51 (Plaintiff's Motion in Limine 7) – pending

ECF 52 (Plaintiff's Motion in Limine 8) – pending

ECF 54 (Plaintiff's Motion in Limine 9) – pending

ECF 56 (Defendant's Motion in Limine 1) – pending

ECF 57 (Defendant's Motion in Limine 2) – pending


12.     Bifurcation of the following issues for trial is ordered.

None.


13.     The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.


Dated: _____, 20_____ .



_____

UNITED STATES DISTRICT JUDGE

Approved as to form and content.

FINAL PRETRIAL CONFERENCE ORDER

20

WIGDOR LLP
85 FIIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

| | | |
|---|---|---|
| 1 | **WIGDOR LLP** | **SANDERS ROBERTS LLP** |
| 2 | _(signature)_ | _/s/ Justin Sanders_ |
| 3 | Michael J. Willemin | JUSTIN H. SANDERS, ESQ. |
| 4 | Monica Hincken | LAWRENCE C. HINKLE II, ESQ. |
| 5 | 85 Fifth Avenue, Fifth Floor | BOBBY L. DANIELS, JR., ESQ. |
| 6 | New York, NY 10003 | 515 S. Flower Street, 24th Floor |
| 7 | Telephone: (212) 257-6800 | Los Angeles, CA 90071 |
| 8 | Facsimile: (212) 257-6845 | Telephone: (213) 426-5000 |
| 9 | mwillemin@wigdorlaw.com | Facsimile: (213) 234-4581 |
| 10 | mhincken@wigdorlaw.com | jsanders@sandersroberts.com |
| 11 | | lhinkle@sandersroberts.com |
| 12 | **GIRARD BENGALI, APC** | bdaniels@sandersroberts.com |
| 13 | /s/ Omar Bengali | |
| 14 | Omar H. Bengali | _Attorneys for Defendant Leland Wayne_ |
| 15 | Robert J. Girard II | |
| 16 | 355 S Grand Avenue, Suite 2450 | |
| 17 | Los Angeles, California 90071 | |
| 18 | Telephone: (323) 302-8300 | |
| 19 | Facsimile: (323) 302-8310 | |
| 20 | obengali@girardbengali.com | |
| 21 | rgirard@girardbengali.com | |
| 22 | | |
| 23 | _Attorneys for Plaintiff Vanessa_ | |
| 24 | _LeMaistre_ | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

FINAL PRETRIAL CONFERENCE ORDER

21