MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>Plaintiff,<br><br>vs.<br><br>LELAND WAYNE,<br><br>Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE KIMBERLIE MONTANO** |

## FACTS

Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") alleges that Defendant Leland Wayne ("Defendant" or "Wayne") sexually assaulted and raped her in the fall of 2016.  Compl. at ¶¶50-65.  Specifically, Plaintiff alleges that after she consumed a half a Xanax, as well as a small amount of alcohol provided to her by Defendant, she blacked out.  Id.  When Plaintiff awoke, she was in bed with Defendant on top of her, having sex with her without her consent.  Id.  She had no idea where she was or how she got there and was unable to move or make a sound – she felt incapacitated in a way that she never before experienced.  Id.  She then lost consciousness again and woke up at some point later to Wayne performing oral sex on her without her consent.  Id.  Indeed, needless to say, Ms. LeMaistre was incapable of giving consent.  Id.

This action was filed on October 29, 2024, and removed to this Court on December 2, 2024.  See Dkt. No. 1.  The claims that remain to be tried are:

- Claim 1: Common law battery. Defendant subjected Plaintiff to sexual assault and rape.
- Claim 2: Sexual battery in violation of Cal. Civ. Code § 1708.5. Defendant subjected Plaintiff to sexual assault and rape.
- Claim 3: Violation of the "Ralph Act," Cal. Civ. Code § 51.7 (the "Ralph Act"). Defendant subjected Plaintiff to sexual assault and rape and his actions were motivated by her gender.
- Claim 4: Gender violence in violation of Cal. Civ. Code § 52.4. Defendant subjected Plaintiff to sexual assault and rape under coercive conditions, and his actions were motivated by her gender.

Shortly after the Complaint in this action was filed, a woman named Kimberly Montano contacted Plaintiff on Instagram and sent her the below post:



During his deposition, Defendant admitted to having intercourse with Ms. Montano, but claimed that it was consensual. Ex. 1[1] at 49-54.

## ARGUMENT

Defendant's brief fails to address the most relevant provision of the Federal Rules of Evidence, which is FRE 415. FRE 415 provides that "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault . . . the court may admit evidence that the party committed any other sexual assault." "The evidence may be considered on any matter to which it is relevant." FRE 414, 415.

To determine whether FRE 415 applies, courts adopt a three-step inquiry: (1) defendant must be accused of an offense of sexual assault or child molestation; (2) the evidence must relate to the commission of another offense of sexual assault or child molestation; and (3) the evidence must be relevant. Doe v. City of San Diego, No. 12 Civ. 689 (MMA)(DHB), 2014 WL 11997809, at *2 (S.D. Cal. July 25, 2014) (citing Doe v. Glanzer, 232 F.3d 1258, 1267 (9th Cir. 2000)). "With regard to relevance, 'a defendant with a propensity to commit acts similar to those

---

[1] Exhibits are attached to the Declaration of Michael J. Willemin, filed in connection with this brief.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NO. 2

3

charges is more likely to have committed the charged act than another and therefore such evidence is relevant.'" Id. at 3[2]. Here, all three requirements are clearly met.

"If a court determines that Rule 415 applies, the court must apply Rule 403 and exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice." Id. The inquiry should consider factors such as "the similarity of the prior acts to the acts charged, the closeness in time of the prior acts to the acts charged, the frequency of the prior acts, the presence or lack of intervening circumstances, and the necessity of that evidence beyond the testimonies already offered at trial." Id. These factors weigh heavily in favor of admission. As for similarity, Ms. Montano herself admitted that Defendant "did the same thing to me." The only "caveat" in Ms. Montano's mind is that Defendant "roofied" her, but this is highly similar to Plaintiff's allegation that she unexpectedly blacked out and felt incapacitated in a way that she never before experienced while being raped by Defendant. The two acts were within four years of each other and there are no intervening circumstances that would diminish the relevance of the evidence. Most importantly, the evidence is highly probative beyond what will already be offered at trial, which is essentially Plaintiff's testimony and Defendant's efforts to smear her as outlined in his various pre-trial filings. It would be extremely prejudicial to Plaintiff not to be permitted to call Ms. Montano in the event she is willing to testify.

---

[2] FRE 15 "'was passed to make an exception to Fed. R. Evid. 404(b), which imposed a blanket prohibition on propensity evidence.'" Doe v. City of San Diego, 2014 WL 11997809, at *2 (S.D. Cal. July 25, 2014) (quoting Glanzer, 232 F.3d at 1267). Accordingly, Defendant's FRE 404 argument is inapplicable and misplaced.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NO. 2

4

1    Generally speaking, "relevant evidence is admissible." FRE 402. Evidence
2 is relevant if it "has *any* tendency to make a fact more or less probable than it
3 would be without the evidence" and the "fact is of consequence in determining the
4 action." FRE 401. Pursuant to FRE 403, the Court may exclude relevant evidence
5 only if "its probative value is substantially outweighed by a danger of one or more
6 of the following: unfair prejudice, confusing the issues, misleading the jury, undue
7 delay, wasting time, or needlessly presenting cumulative evidence." FRE 403.
8 Moreover, while propensity evidence is generally inadmissible, evidence of other
9 acts "may be admissible for another purpose, such as proving motive, opportunity,
10 intent, preparation, plan, knowledge, identity, absence of mistake, or lack of
11 accident." FRE 404(b).

Dated: August 29, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

## PROOF OF SERVICE

I, Edwige Rousseau, declare as follows:

On August 29, 2025 I served **Plaintiff's Opposition to Defendant's Motion in Limine No. 2 to Exclude Kimberlie Montano** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T:  (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on August 29, 2025 under penalty of perjury under the laws of *the state of California.*

_____
Edwige Rousseau

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE NO. 2
7