LAWRENCE C. HINKLE II (SBN 180551)
lhinkle@sandersroberts.com
JUSTIN H. SANDERS (SBN 211488)
jsanders@sandersroberts.com
BOBBY L. DANIELS, JR. (Admitted *Pro Hac Vice*)
bdaniels@sandersroberts.com
**SANDERS ROBERTS LLP**
515 S. Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 426-5000
Facsimile:  (213) 234-4581

Attorneys for Defendant
**LELAND T. WAYNE**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>                    Plaintiff,<br><br>     v.<br><br>LELAND T. WAYNE p/k/a METRO BOOMIN,<br><br>                    Defendant. | **CASE NO.  2:24-cv-10378 RGK(RAOX)**<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 FOR ADVERSE INFERENCE AGAINST DEFENDANT FOR SPOLIATION OF EVIDENCE; DECLARATION OF LAWRENCE C. HINKLE II IN SUPPORT THEREOF**<br><br>Judge:        Hon. R. Gary Klausner<br>Courtroom:  850<br><br><br>Complaint Filed:  October 29, 2024<br>Trial Date:          September 23, 2025 |

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Leland T. Wayne ("Defendant") hereby moves this Court for an order denying Plaintiff Vanessa LeMaistre's ("Plaintiff") motion in *limine* No. 7 seeking an adverse inference against Defendant for spoliation of evidence.

This motion is made upon the supporting Memorandum of Points and Authorities, the declaration of Lawrence C. Hinkle, II, the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: August 29, 2025

**SANDERS ROBERTS LLP**

By: */s/ Lawrence C. Hinkle, II*
LAWRENCE C. HINKLE II, ESQ.
JUSTIN H. SANDERS, ESQ.
BOBBY L. DANIELS, JR., ESQ.
Attorneys for Defendant
**LELAND T. WAYNE**

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Vanessa LeMaistre's ("Plaintiff") request for an adverse inference instruction to the jury for spoilation of evidence is unwarranted and unsupported by the law and the record. Plaintiff argues that an adverse inference instruction should be given because Defendant Leland T. Wayne ("Defendant") allegedly did not image all of his electronic devices and did not search certain of his social media accounts for documents. Plaintiff advances these spurious arguments in bad faith.

In her Motion, Plaintiff did not identify *any* evidence she contends was lost, destroyed or altered. In fact, Plaintiff did not submit any evidence whatsoever in support of this Motion. Making an evidentiary showing that evidence has been lost, destroyed or altered is a fundamental requirement for an adverse inference based on spoilation. Plaintiff failed to do so.

Plaintiff also makes the unfounded and irrelevant argument that Defendant did not comply with his discovery obligations. Nothing could be further from the truth. Notably, Plaintiff did not identify a single discovery request that Wayne allegedly did not comply with. In any event, to the extent Plaintiff believes Defendant did not comply with his discovery obligations, she should have addressed her discovery concerns with Magistrate Judge Rozella A. Oliver ("Judge Oliver") whose role is to oversee discovery issues in this case. Plaintiff's filing of this Motion to address her discovery concerns is improper.

Accordingly, Defendant respectfully requests that the Court deny this Motion

///
///
///

1  seeking an adverse inference for the spoilation of evidence.[1]

## II. BACKGROUND FACTS

Plaintiff has never identified any evidence she contends has been lost, destroyed or altered. Hinkle Decl., ¶ 4. In fact, before this Motion, Plaintiff never even argued that any evidence has been lost, destroyed or altered by Defendant. *Id*.

To the extent the parties were unable to resolve any discovery disputes in this case, they were presented to Magistrate Judge Rozella A. Oliver ("Judge Oliver") and resolved. Hinkle Decl. ¶ 4. While neither party filed a formal discovery motion in this case, the parties have used Judge Oliver's Informal Discovery Conference ("IDC") request procedures twice. *Id*.

The first time Judge Oliver was engaged was on April 1, 2025 when *Defendant initiated an IDC request seeking to obtain Plaintiff's compliance with her discovery obligations*. Hinkle Decl. ¶ 5. The hearing before Judge Oliver regarding said IDC request took place on April 4, 2025. *Id*. Following the hearing, Judge Oliver issued the Minutes of Zoom Discovery Hearing dated April 4, 2025 (the "April 4th Order"). (Dkt. 29) *Id*.

As it pertains to the subject of this Motion, the April 4th Order states: "Both parties are reminded of their obligation to preserve relevant ESI and the Court directs counsel to speak to their respective clients regarding this obligation." *Id*. At no point did the Court state either during or after the April 4th hearing that the imaging of



---

[1] This Motion should also be denied because Plaintiff did not comply with Local Rule 7-3 mandating that parties engage in a conference of counsel prior to filing a motion. Plaintiff represents in its Notice for this Motion that a conference of counsel took place on July 30, 2025. That is false. Declaration of Lawrence C. Hinkle II ("Hinkle Decl."), ¶ 14. The July 30th conference of counsel concerned only Defendant's motions *in limine*. *Id*. During that July 30th telephonic conference, Plaintiff's counsel mentioned for the first time that Plaintiff would be filing motions *in limine* as well. *Id*. Counsel for Plaintiff had no intention of telling counsel for Defendant during the call what those motions were about. *Id*. Instead, counsel for Plaintiff stated they would send a letter to counsel for Defendant about Plaintiff's motions after the call. *Id*. Counsel for Defendant asked counsel for Defendant to at least state what Plaintiff's motions would be about. *Id*. Counsel for Plaintiff then stated the topics of the motions. *Id*. There was no further discussion about those motions on that call. *Id*. Thereafter counsel for Plaintiff emailed to counsel for Defendant a letter about those motions. *Id*. At no point did counsel for Plaintiff make any attempt to schedule a conference of counsel about Plaintiff's motions and thus, a conference of counsel about any of Plaintiff's motions *in limine* never occurred. *Id*.

electronic devices was required. *Id*. at 6. Specifically, the Court never stated (as Plaintiff claims in the Motion at 3:18-20) that "…Defendant's devices should have already been identified, imaged and preserved for the production of relevant materials…." *Id*. If that was a statement made by Judge Oliver, then surely it would have been included in the April 4th Order – it was not.[2]

Furthermore, the subject of an ESI protocol that was referred to in the April 4th Order concerned discovery *propounded by Defendant on Plaintiff* and *Plaintiff's agreement to comply with an ESI protocol* related to the production of information from *Plaintiff's* computers. *Id*. at 7. Notably, Plaintiff never propounded any discovery on Defendant seeking the production of Defendant's computers, and Defendant never agreed that he would follow an *ESI protocol* to produce any information from his computers to Plaintiff. *Id*. Defendant never told Plaintiff that he would not search for and produce ESI, as Defendant always understood that conducting a search for ESI in response to Plaintiff's document requests was required. *Id*.

The second and last time Judge Oliver was engaged was in May 2025, when both parties submitted IDC requests. *Id*. at 8. On June 10, 2025, Judge Oliver ordered the parties to file letter briefs covering their disputes. *Id*. (Dkt No. 38) The parties then filed their respective letter briefs. *Id*. (Dkt. Nos. 39, 40, 41 and 42) On June 17, 2017, Judge Oliver issued her Order Re: Letter Briefing on Discovery Disputes (the "June 17th Order"). *Id*. (Dkt. No. 43)

As it pertains to the subject of this Motion, in the June 17th Order, Judge Oliver stated, specifically with respect to Plaintiff's request that Defendant produce information from his computers pursuant to an ESI protocol, as follows: "…the Court will not order compliance with the ESI protocol or specific search terms. … While it is unfortunate that the parties could not work out their differences and agree upon an

---

[2] If the hearing was recording by the Court, then the recording will also show that Plaintiff's representations are false.



ESI procedure, the Court finds that the application of an ESI protocol is not required to meet discovery obligations." *Id*. at 9. *See*, Dkt. No. 43, June 17th Order, p. 2. Thus, there has never been a requirement that Defendant comply with an ESI protocol as Plaintiff erroneously claims.

In the June 17th Order, Judge Oliver goes on to state: "The Court therefore orders Defendant to conduct a diligent search and reasonable inquiry for any discovery request to which Defendant has stated that he has or will produce responsive documents or that he is unaware of any responsive documents. The diligent search and reasonable inquiry must include any ESI in Defendant's possession, custody, or control."[3] *Id*. at 10. Defendant fully complied with this Order. *Id*.

In the Motion, Plaintiff argues that Defendant did not conduct a diligent search and reasonable inquiry for responsive documents. That argument is not relevant to this Motion in which Plaintiff is seeking an adverse inference instruction based on alleged spoilation of evidence. Moreover, Plaintiff's argument that Defendant did not fully search for documents is a discovery issue that she should have been presented to Judge Oliver to resolve. Plaintiff never did so, nor did Plaintiff even commence any meet and confer communications with Defendant about her claim that Defendant did not comply with the June 17th Order. Hinkle Decl., ¶ 11.

///

///

---

[3] In said Order, Judge Oliver states that she "doubts that Defendant has complied with his discovery obligations to conduct a diligent search and reasonable inquiry, including of ESI in his possession, custody, and control." *See*, Dkt. No. 43, June 17th Order, p. 2 Judge Oliver appears to state the basis for her doubt as follows: "Plaintiff represents that Defendant's production to date has consisted of three documents. … Plaintiff also represents that Defendant presented bates-stamped documents that were not part of his production at Plaintiff's deposition." *Id*. However, this reasoning presumes that Plaintiff propounded document requests that would have resulted in more documents produced by Defendant. However, that is just not the case. Also, the three documents Defendant produced were communications between Plaintiff and Defendant. Hinkle Decl., ¶ 12. By comparison, Plaintiff produced only four documents reflecting communications between the parties. *Id*. Judge Oliver also appears to presume that the documents presented at Plaintiff's deposition were documents requested by Plaintiff during discovery. They were not. Hinkle Decl., ¶ 13. For example, Defendant found information about Plaintiff on the internet and used them at her deposition – those documents had not been requested by Plaintiff in discovery. *Id*.

Even though it is not relevant to this Motion, it is worth noting that Plaintiff's claim that Defendant did not comply with the June 17th Order is false.[4] None of the deposition testimony of Defendant that Plaintiff identified in her Motion shows that Defendant did not comply with that Order. For example, Plaintiff refers to Defendant's testimony about whether certain limited social media locations were searched by Defendant, and then she jumps to the conclusion that Defendant did not comply with the Order. The Order merely ordered Defendant to "conduct a diligent search and reasonable inquiry for any discovery request to which Defendant has stated that he has or will produce responsive documents or that he is unaware of any responsive documents." Plaintiff's position is rooted in her lack of understanding Defendant's search efforts and her counsel's failure to ask Defendant the right questions at his deposition. Had Plaintiff's counsel asked Defendant the right questions, surely Plaintiff too would conclude that Defendant has fully complied with his discovery obligations. For reasons Plaintiff has not explained, Plaintiff's counsel did not ask Defendant those questions, did not take any steps after the deposition to bring this matter to the attention of Judge Oliver, and did not engage in any meet and confer efforts with Defendant to address this dispute.

**III. ARGUMENT**

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence, in pending or reasonably foreseeable litigation. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). Spoliation of electronically stored information ("ESI") occurs "only when such information is lost. Because electronically stored information often exists in multiple locations, loss from one source may often be harmless when substitute

---

[4] Counsel for Plaintiff has recently told the media that Defendant has "failed to comply with basic discovery obligations and court orders." *See*, e.g., article published by Rolling Stone with a quote from Plaintiff's counsel about this lawsuit: Metro Boomin Sexual Assault Lawsuit Moves to Trial After 'Unsuccessful' Settlement Discussions. That statement is false, among other statements made by counsel for Plaintiff that were included in that article.

information can be found elsewhere." 2015 Advisory Committee Notes to Federal Rule of Civil Procedure 37(e) ("Rule 37(e)).

The threshold inquiry is whether ESI has been "lost," which in turn requires a showing: (a) that discoverable ESI existed when a duty to preserve arose but was not preserved due to a party's negligent failure to take reasonable steps to preserve it *and* (b) that it cannot be restored or replaced. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 549 (N.D. Cal. 2018) Only if this threshold requirement is met can the court proceed to impose non-dispositive measures to cure any resulting prejudice. *Id*.

Rule 37(e) "authorizes and specifies measures a court may employ if [electronically stored] information that should have been preserved is lost . . . and specifies the findings necessary to justify these measures. . . . . If a party was obligated to preserve the lost information "in the anticipation or conduct of litigation" and the party "failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery," then: (1) upon a finding of prejudice the court "may order measures no greater than necessary to cure the prejudice"; or (2) upon a finding of acting with intent to deprive another party of the evidence the court may presume the lost information was unfavorable to the party, or instruct the jury "it may or must presume the information was unfavorable to the party," or "dismiss the action or enter default judgment." Fed. R. Civ. P. 37(e); *e.g.*, *Matthew Enterprise, Inc. v. Chrysler Group LLC*, Case No. 13-cv-04236-BLF-PSG, 2016 WL 2957133 at *1 (N.D. Cal. May 23, 2016).

Sanctions based on speculation must not be upheld. *See generally Lakes v. Bath & Body Works, LLC,* No. 2:16-CV-02989 MCE AC, 2019 WL 2124523, at *3 (E.D. Cal. May 15, 2019) Courts have routinely stated that "there is the 'obvious' requirement that 'the evidence must have existed.'" *Id.* at *3. Courts have declined to impose sanctions where allegations of discovery misconduct are too speculative. *See, e.g., U.S. E.E.O.C. v. Wedco, Inc.*, No. 3:12-CV-00523-RCJ, 2014 WL 4635678,

at *4 (D. Nev. Sept. 15, 2014) (party seeking spoliation sanctions is not entitled to have the court agree with broad inferences of spoliation based on nothing more than speculation).

Here, Plaintiff has not established that there was any spoliation. In fact, Plaintiff did not present any evidence at all – i.e., Plaintiff did not submit a declaration as part of this Motion. Plaintiff also did not identify in the Motion what evidence she claims is lost, destroyed or altered. At best, Plaintiff's claim that there was spoliation is purely speculative.

Even if Plaintiff had identified specific evidence that she believes was lost, destroyed or altered (which she has not), she failed to show that Defendant is responsible in any way for the loss, destruction or alteration, and failed to show that said evidence is irreplaceable. Also, having failed to show that any evidence is irreplaceable, Plaintiff also cannot show that she has been prejudiced in any way by the alleged spoliation.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's MIL No. 7 for an adverse inference based on alleged spoliation.

Dated:  August 29, 2025          **SANDERS ROBERTS LLP**

By: */s/ Lawrence C. Hinkle, II*
JUSTIN H. SANDERS, ESQ.
LAWRENCE C. HINKLE II, ESQ.
BOBBY L. DANIELS, JR., ESQ.
Attorneys for Defendant
**LELAND T. WAYNE**

# DECLARATION OF LAWRENCE C. HINKLE, II

I, Lawrence C. Hinkle, II, declare as follows:

1. I am an attorney duly licensed to practice before all courts of the State of California and admitted to practice before this Court. I am counsel of record for Defendant Leland T. Wayne in this matter. I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.

2. In accordance with Local Rule 7-3, on July 30, 2025, I held a telephonic conference of counsel pertaining to Defendant's motions in limine with Plaintiff's counsel.



3. During that July 30th telephonic conference, Plaintiff's counsel mentioned for the first time that Plaintiff would be filing motions in limine as well. Counsel did not disclose during the call what those motions were about. Instead, he told me that he would send a letter about Plaintiff's motions after the call. I asked him to at least state what Plaintiff's motions would be about, and he stated the topics of the motions, but there was no further discussion about Plaintiff's motions in limine on that call.

4. After the call Plaintiff's counsel emailed me a letter about those motions. At no point did he attempt to make any attempt to schedule a conference of counsel about Plaintiff's motions so one never occurred before Plaintiff filed her motions in limine.

5. Prior to filing this motion Plaintiff has never identified any evidence she contends has been lost, destroyed or altered by Defendant, nor has her counsel ever argued that any evidence has been lost, destroyed or altered by Defendant. The parties used Judge Oliver's IDC procedures twice, but neither party ever filed a formal discovery motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

1  Executed this 29th day of August, 2025 at Los Angeles, California.

*/s/ Lawrence C. Hinkle II*
LAWRENCE C. HINKLE, II

# PROOF OF SERVICE

CAL. CODE CIV. PROC. § 1013A(3)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 515 S. Flower Street, 24th Floor, Los Angeles, CA 90071. My electronic service address is rpollak@sandersroberts.com.

On August 29, 2025, I served the following document(s) described as **DEFENDANT'S OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 7 FOR ADVERSE INFERENCE AGAINST DEFENDANT FOR SPOLIATION OF EVIDENCE; DECLARATION OF LAWRENCE C. HINKLE II IN SUPPORT THEREOF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **VIA ECF:** I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

☐ **VIA ELECTRONIC MAIL:** I caused the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) shown. I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

I declare under penalty of perjury under the laws of the United States of America State of California that the foregoing is true and correct.

Executed on August 29, 2025, at Los Angeles, California.

| Rita Pollak | /s/ Rita Pollak |
|---|---|
| (Type or print name) | (Signature) |

**SERVICE LIST**
*LeMaistre v. Wayne*
Case No. 2:24-cv-10378 RGK(RAOX)

| | |
|---|---|
| Michael J. Willemin<br>Monica Hincken<br>WIGDOR LLP<br>85 Fifth Avenue, Fifth Floor<br>New York, NY 10003<br>Telephone:  (212) 257-6800<br>Facsimile:   (212) 257-6845<br>mwillemin@wigdorlaw.com<br>mhincken@wigdorlaw.com<br>erousseau@wigdorlaw.com | Attorneys for PLAINTIFF<br>VANESSA LEMAISTRE<br><br>Admitted *pro hac vice*\* |
| Robert J. Girard II<br>Omar G. Bengali<br>GIRARD BENGALI, APC<br>355 S. Grand Avenue, Suite 2450<br>Los Angeles, CA 90071<br>Telephone:  (323) 302-8300<br>Facsimile:   (323) 302-8310<br>rgirard@girardbengali.com<br>obengali@girardbengali.com | Attorneys for PLAINTIFF<br>VANESSA LEMAISTRE |

4920-9116-3736, v. 1