MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LELAND WAYNE,<br><br>　　　　Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A MISTRIAL** |

PLAINTIFF'S MOTION FOR A MISTRIAL

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 24, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move for a mistrial.

PLAINTIFF'S MOTION FOR A MISTRIAL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendant filed a motion to admit evidence pursuant to Federal Rule of Evidence 412(b) on September 22, 2025 ("412(b) Motion"). See Dkt No. 84-5. At no point in Defendant's 412(b) Motion did he ever seek to admit evidence that Plaintiff engaged in consensual sex with the Defendant despite Rule 412(b) plainly being applicable. Yet, Defendant clearly understands that consensual sex acts are covered by Rule 412(b), as he sought to admit evidence related to consensual sex with other individuals in his 412(b) motion. Notably, immediately prior to opening statements, the Court warned that if such things as "prior sexual things" were not excluded or "[i]f something comes out in the say expert's witness list or doctor's that refers to that, and it comes out at trial then that is a mistrial, because we have said you can't get into that." See September 23, 2025 trial transcript at 5.

Nonetheless, shortly after the Court's ruling, Defendant gave an opening statement that directly violated Rule 412(b) and this Court's ruling by telling the Jury that Plaintiff engaged in consensual sex with the Defendant. Such a reckless statement was provided to the Jury without following the proper procedural posture required by Rule 412(b), denying Plaintiff the right to a Rule 412 hearing and improperly introducing evidence that should have been excluded.

In addition, Defendant also improperly told the Jury that his expert was going to testify that Plaintiff has specific medical diagnoses despite the Court specifically directing Defendant that experts "can't testify as to what [Plaintiff's] medical state is…[e]xperts can't testify as when she may have been thinking or what she may have done, what her emotional state was." See September 23, 2025 trial transcript at 13.

PLAINTIFF'S MOTION FOR A MISTRIAL

3

## II. LEGAL STANDARD

Rule 412 bars evidence at trial of the following categories of evidence: (1) "evidence offered to prove that a victim engaged in other sexual behavior" and (2) "evidence offered to prove a victim's sexual predisposition." In Defendant's opening argument, a major theme of his argument was that Plaintiff was a "woman scorned" who was jealous because she engaged in consensual sex with Defendant, got possessive of him, and became angry that he stopped communicating with her. Id. The allegation that Plaintiff engaged in consensual sex with Defendant, (which to be clear, Plaintiff denies) is central to Defendant's theme, which is why Defendant apparently determined it was worth the risk to make the assertion in opening statements despite knowing Defendant failed to filed a Rule 412(b) motion on the issue and in contravention with this Court's order immediately before the opening statements began. Indeed, "[t]he very purpose of the Rule is to preclude defendants from arguing that because the victim previously consented to have sex for love or money, her claims of coercion should not be believed" United States v. Washington, No. 2:23 Cr. 00058-RAJ, 2025 WL 474276, at *3 (W.D. Wash. Feb. 12, 2025); see also United States v. Davis, No. 13 Cr. 589 (CAS), 2015 WL 519455, at *3 (C.D. Cal. Feb. 5, 2015) (holding that Rule 412 "includes all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial" quoting United States v. Torres, 937 F.2d 1469, 1472 (9th Cir.1991)).

Such a prejudicial statement introduced into the record cannot be taken back and Defendant never even attempted to demonstrate before this Court that he met his burden to demonstrate that the probative value of admitting such evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party" as required by FRE 412. Instead, Defendant decided to act first and deal

PLAINTIFF'S MOTION FOR A MISTRIAL

4

with any possible consequences later. Yet, such a prejudicial statement cannot simply be stricken from the jury's knowledge.

FRE 412 is designed to provide fair warning to victims. Defendant's actions robbed Plaintiff of that right. If Plaintiff's counsel was provided fair warning and a Rule 412(b) hearing was held, the claim that Plaintiff engaged in consensual sex with the Defendant prior to the sexual assault would have been precluded. And, even if the Court made the determination that the claim of consensual sex pre-dating the sexual assault was far more probative than prejudicial, Plaintiff would have known such information was going to be permitted and would certainly have addressed it in Plaintiff's opening statement. There is no possible way to undo that prejudice to Plaintiff, as it now appears to the Jury that Plaintiff was hiding information that never should have gotten in front of the Jury in the first place.

As a result, Plaintiff believes that the only possible way to ensure that she is entitled to a fair and just trial is for this Court to declare a mistrial. As an alternative, Plaintiff requests that (1) the Jury is instructed to disregard those portions of Defendant's opening statement detailed herein, (2) that Defendant's counsel is admonished for such a flagrant failure to abide by the rules of this Court and the Federal Rules of Evidence, (3) Defendant is precluded from testifying about any alleged consensual sexual activity between Plaintiff and Defendant; (4) that Defendant is again reminded about the proper scope of expert testimony; and (5) that Defendant is ordered to pay the costs and fees associated with making this motion.

PLAINTIFF'S MOTION FOR A MISTRIAL

5

Dated: September 23, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

**PROOF OF SERVICE**

I, Edwige Rousseau, declare as follows:

On September 23, 2025 I served **Plaintiff's Motion for a Mistrial** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T: (213) 426-5000
jsanders@sandersroberts.com

lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on September 23, 2025 under penalty of perjury under the laws of *the state of California.*

_____
Edwige Rousseau

PLAINTIFF'S MOTION FOR A MISTRIAL

7