MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>    Plaintiff,<br><br>    vs.<br><br>LELAND WAYNE,<br><br>    Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A MISTRIAL** |

PLAINTIFF'S MOTION FOR A MISTRIAL

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on September 25, 2025, or as soon as the matter may be heard before the Honorable R. Gary Klausner in Courtroom 850 of the Roybal Federal Building and U.S. Courthouse, located at 255 East Temple Street, Los Angeles, CA 90012, Plaintiff Vanessa LeMaistre will, and hereby does, move for a mistrial.

PLAINTIFF'S MOTION FOR A MISTRIAL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

There have been a significant number of improper admissions throughout this trial, which have severely prejudiced the Plaintiff and denied her the opportunity of a fair and just trial:

- **Exhibit 179**: This 102-page exhibit includes Plaintiff's medical records from Planned Parenthood.  Not only does the Exhibit contain information that the Court ruled cannot be admitted pursuant to Motions in Limine 1 and 3, the records were also never produced in discovery.  More specifically, during the 412(b) hearing held prior to the start of trial, the Court directly stated that "we were talking about plaintiff's risky behavior, reported to the medical records, that will be out…I'm not going to let you get into whether or not she had relationships with other people…We're not going to talk about it. By the way, even during argument you can't say she had [sexual] relationships with other people like that."  Despite this Court's prior order during the 412(b) hearing and the limitations required by Rule 412, the Court permitted this entire exhibit to be entered into evidence despite the fact that it contains medical records with private and confidential information protected by Rule 412 and unrelated to this litigation such as (1) the date that Plaintiff first had sexual relations, (2) the number of abortions she had, (3) the number of sexual partners, (4) results of sexually transmitted disease testing, (5) bloodwork lab results, (6) birth control methods, (7) previous breast implant surgery, (8) gynecological testing results, and (9) prescription medicine issued.  This exhibit entered as a whole and provided to the jury was an improper admission of prejudicial evidence.

- **Exhibit 173**: This Exhibit contains medical records related to Plaintiff's abortion.  This also was admitted into evidence over Plaintiff's objections despite

PLAINTIFF'S MOTION FOR A MISTRIAL

3

this Court stating repeatedly during the 412(b) hearing that Defendant was not permitted to "get into [evidence of the abortion] other than on damages." A detailed medical record that includes Plaintiff's sexually transmitted disease testing results, lab tests, information about last PAP testing and so forth is so far beyond the scope of what is admissible under 412(b) and this Court's own ruling. It should not have been permitted to be entered into evidence, as the probative value of admitting such evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party" in violation of FRE 412.

- **Exhibit 166:** This 149-page Exhibit of text message exchanges between Plaintiff and another individual should not have been admitted because Defendant implied that Plaintiff only alleged sexual assault against Defendant because she needed rent money. The only two potential reasons Defendant introduced such information is to show that Plaintiff has a tendency to allege sexual assault when she needs money, which is a violation of FRE 404; or to show that she fabricates allegations of sexual assault and actually consented to this specific sexual assault, which is litigating a separate sexual assault within this trial – something that this Court directly held was not permitted during the 412(b) hearing – or to suggest that Plaintiff consented to have sex with this Defendant, which this Court and a significant body of law also hold is not permissible. See Wood v. State of Alaska, 957 F.2d 1544, 1551 (9th Cir. 1992) (noting that "a rape victim's sexual history with others only goes to show a generalized attitude toward sex that says little if anything about the victim's attitude toward sex with the defendant"); see also S.M. v. J.K., 262 F.3d 914, 920 (9th Cir. 2001) (explaining that an attempt by the defendant to introduce evidence Plaintiff had previously been sexually assaulted to show the absence of damages would have been subject to Rule 412). Such evidence was improperly admitted because (a) "its probative value is

PLAINTIFF'S MOTION FOR A MISTRIAL

4

substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its probative value does not "substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). In addition to all of those reasons, the individual's claim that Plaintiff asked him to pay rent is hearsay.

- **Testimony about sexual acts with other individuals:** As detailed in Plaintiff's September 23, 2025 Motion for Mistrial (Dkt No. 96), Defendant filed a motion to admit evidence pursuant to Federal Rule of Evidence 412(b) on September 22, 2025 ("412(b) Motion"). See Dkt No. 84-5. At no point in Defendant's 412(b) Motion did he ever seek to admit evidence that Plaintiff engaged in consensual sex with the Defendant despite Rule 412(b) plainly being applicable. Yet, Defendant clearly understands that consensual sex acts are covered by Rule 412(b), as he sought to admit evidence related to consensual sex with other individuals in his 412(b) motion. Notably, immediately prior to opening statements, the Court warned that if such things as "prior sexual things" were not excluded or "[i]f something comes out in the say expert's witness list or doctor's that refers to that, and it comes out at trial then that is a mistrial, because we have said you can't get into that." See September 23, 2025 trial transcript at 5. Nonetheless, shortly after the Court's ruling, Defendant gave an opening statement that directly violated Rule 412(b) and this Court's ruling by telling the Jury that Plaintiff engaged in consensual sex with the Defendant. Such a reckless statement was provided to the Jury without following the proper procedural posture required by Rule 412(b), denying Plaintiff the right to a Rule 412 hearing and improperly introducing evidence that should have been excluded. Defendant then again raised the issue in his testimony when he testified that he engaged in consensual sex with the Plaintiff, again in violation of Rule 412(b). Notably, there can be no argument

PLAINTIFF'S MOTION FOR A MISTRIAL

5

that any "door" was opened by Plaintiff on this topic, as Plaintiff testified that she was never intimate with Defendant prior to or after the sexual assault, and maintained that testimony during her cross-examination.

- **Testimony about Child Sexual Abuse:** During the 412(b) hearing, this Court held that "plaintiff's allegation of childhood sexual abuse…[is] admissible only for the issue of damages. It would only go towards damages, otherwise, the rest will be excluded." Nonetheless, Defendant was not only permitted to ask questions detailing Plaintiff's sexual abuse as a child but in a particularly egregious display, was permitted to identify by name one of Plaintiff's abusers, elicit details about the acts of sexual abuse she endured, and then imply she was making up the abuse because the individuals who abused her as a child were not charged with a crime. This testimony not only runs afoul of common decency but plainly runs afoul of Rule 412 and this Court's own directive. There is absolutely no reason to raise that the people who sexually abused Plaintiff when she was a child were not charged with a crime when the fact that she suffered from such abuse was only supposed to come in for the purpose of emotional distress damages. Such evidence was improperly admitted for a multitude of reasons, including its violation of this Court's directive, in addition to the fact that (a) "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its probative value does not "substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

- **Plaintiff's celibacy/born-again virgin testimony**: Despite Plaintiff's objection, Defendant was permitted to elicit testimony about Plaintiff's sexual history during her son's life and after his death despite Rule 412 being designed to prevent exactly such prejudicial testimony. What could possibly be the reason to

PLAINTIFF'S MOTION FOR A MISTRIAL

6

elicit such testimony other than to imply that her sexual behavior and/or sexual predisposition made her more likely to consent to sex with the Defendant? In this same vein, Defendant was also permitted to elicit testimony that ayahuasca showed Plaintiff that she was a born-again virgin years after she was sexually assaulted by Defendant, which is not only in violation of Rule 412 but lacks relevancy. Again, what does that have to do with whether Plaintiff was sexually assaulted by Defendant? None of this testimony should have been permitted, as (a) "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its probative value does not "substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

- **Model Mayhem testimony**: Defendant was permitted to go so far afield in his questioning that he elicited testimony that while using ayahuasca, Plaintiff was told to go on the website Model Mayhem, which is a site for aspiring models known for posting provocative pictures. They did so to imply to the jury that Plaintiff was less than wholesome and more likely to consent to sex with Defendant, which is once again substantially prejudicial to Plaintiff with no probative value.

## CONCLUSION

For all of the foregoing reasons, the only possible way to ensure that Plaintiff is entitled to a fair and just trial is for this Court to declare a mistrial.

Dated: September 25, 2025

WIGDOR LLP

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

**PROOF OF SERVICE**

I, Edwige Rousseau, declare as follows:

On September 25, 2025 I served **Plaintiff's Motion for a Mistrial** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T: (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on September 25, 2025 under penalty of perjury under the laws of *the state of California.*

_____
Edwige Rousseau

PLAINTIFF'S MOTION FOR A MISTRIAL

9