MICHAEL J. WILLEMIN (NY SBN 4985610)
mwillemin@wigdorlaw.com
MONICA HINCKEN (NY SBN 5351804)
mhincken@wigdorlaw.com
(Admitted *pro hac vice*)
**WIGDOR LLP**
85 Fifth Avenue, Fifth Floor
New York, NY 10003
Tel.: (212) 257-6800
Fax.: (212) 257-6845

ROBERT J. GIRARD II (BAR NO. 216949)
rgirard@girardbengali.com
OMAR H. BENGALI (BAR NO. 276055)
obengali@girardbengali.com
**GIRARD BENGALI, APC**
355 S. Grand Street, Suite 2450
Los Angeles, CA 90071
Tel.: (323) 302-8300
Fax.: (323) 302-8310

*Attorneys for Plaintiff Vanessa LeMaistre*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA LEMAISTRE,<br><br>             Plaintiff,<br><br>       vs.<br><br>LELAND WAYNE,<br><br>             Defendant. | Case No. 2:24-cv-10378 RGK(RAO)<br><br>**PLAINTIFF'S RENEWED MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)** |

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") moves the Court for an order granting a new trial pursuant to Federal Rule of Civil Procedure 59. This motion is brought on the grounds that the verdict was the product of erroneously admitted evidence that was substantially prejudicial to Plaintiff. This motion is based on this Notice of Motion, the Memorandum of Points and Authorities and the Proposed Order.

WIGDOR LLP
85 FIFTH AVENUE, FIFTH FLOOR
NEW YORK, NY 10003
(212) 257-6800

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

Pursuant to Rule 59(A), and through undersigned counsel, Plaintiff Vanessa LeMaistre ("Plaintiff" or "Ms. LeMaistre") hereby moves this Court for a new trial as a result of erroneous evidentiary rulings, the fundamental unfairness of the trial to Plaintiff, and to prevent a miscarriage of justice. Plaintiff's request follows a jury verdict in favor of Defendant, Leland T. Wayne ("Wayne"). Dkt. No. 103.

As detailed in Plaintiff's Motions for Mistrials (see Dkt. Nos. 96 and 99), the verdict was the product of a significant number of improper admissions throughout this trial, which severely prejudiced the Plaintiff and denied her the opportunity to a fair and just trial.

## II. LEGAL STANDARD

Rule 59(a)(1) of the Federal Rules of Civil Procedure provides authority to a court to grant a party's motion for new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A court may grant a motion for a new trial based on grounds that have been historically recognized. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007). "Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." Id., quoted in Charyulu v. California Cas. Indem. Exch., 2:08 Civ. 1199 (RCJ)(RJJ), 2011 WL 2632697 at *10-11 (D. Nev. July 5, 2011) (internal quotations omitted). To prevent a miscarriage of justice, the district court should grant a new trial under

---

[1] This motion is not intended to be exhaustive in outlining all of the Court's errors with respect to its evidentiary rulings, and Plaintiff expressly reserves the right to appeal any judgment in favor of Defendant on any basis permissible under the law, including prejudicial evidentiary rulings not addressed herein.

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

3

FRCP Rule 59 "on any ground necessary." Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd., 762 F.3d 829, 845-46 (9th Cir. 2014).

"To obtain a new trial based on erroneous evidentiary rulings, the moving party must show that the rulings were both erroneous and substantially prejudicial." Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995), quoted in Mathis v. Cnty. Of Lyon, No. 2:07 Civ. 00628 (APG)(GWF), 2016 WL 4718945 at *3 (D. Nev. Sep. 9, 2016). In evaluating a motion for new trial, "the district court . . . is not required to view the trial evidence in the light most favorable to the verdict." Experience Hendrix L.L.C.,762 F.3d 829 at 842.

This Motion details several erroneous evidentiary rulings, any of which support a new trial in this matter, as the rulings resulted in a fundamental unfairness to Plaintiff. While "district courts have broad discretion in admitting or excluding evidence" (see Ruvalcaba v. City of Los Angeles, 64 F.3d 1323, 1328 (9th Cir. 1995)), a new trial is warranted when the "erroneous inclusion or exclusion of evidence in the underlying proceeding prejudices a party's right to a fair trial." Dorn v. Burlington N. Santa Fe R.R. Co., 397 F.3d 1183, 1189 (9th Cir. 2005). Here, the Plaintiff was subjected to prejudicial evidentiary mistakes; a new trial is warranted.

### III. LEGAL ARGUMENT

#### A. The Court Failed to Uphold Rule 412's Requirements

Federal Rule of Evidence 412 provides: "…[t]he following evidence is not admissible in a civil or criminal proceedings involving alleged sexual misconduct (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). According to the Advisory Committee's note, the phrase "other sexual behavior"

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

4

includes "all activities that involve actual physical conduct, i.e., sexual intercourse and sexual contact, or that imply sexual intercourse or sexual contact."

In addition, "[p]ast sexual behavior" must be read broadly to include all sexual behavior up to the date of trial. United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991). "This broad interpretation is supported by the logic that: '[s]ince as a practical matter one cannot prove future conduct by use of specific instances and it is hard to see the relevance of expert predictions of future sexual behavior, the only way to interpret 'past' so as to give it any significance is to say that it means conduct of the victim [prior to the rape as well as] subsequent to the rape but prior to trial'" Id. quoting 23 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5384, at 541 n. 24 (1980).

Rule 412 applies "in any civil case in which a person claims to be the victim of sexual misconduct, such as actions for sexual battery or sexual harassment." Rule 412, Advisory Committee Notes. In a civil case, "evidence offered to prove a victim's sexual behavior or sexual predisposition" is admissible only "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party." See Fed. Rules Evid. 412(b)(2). According to the Advisory Committee Notes, the balancing test requires the proponent of the evidence to convince the court the probative value of the proffered evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice of any party." Rule 412, Advisory Committee Notes.

As a result, Defendant had the burden to demonstrate the admissibility of any evidence and/or testimony of Plaintiff's other sexual behavior and/or her sexual predisposition. This included references to sexual activities between Ms. LeMaistre and anyone other than Defendant, including other sexual assaults that Ms. LeMaistre has suffered at any time prior to trial; references to Ms. LeMaistre's childhood sexual

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

5

abuse; references to Ms. LeMaistre's romantic and/or sexual relationships with any other individual; and any other evidence that has a sexual connotation about Ms. LeMaistre. See Wood v. State of Alaska, 957 F.2d 1544, 1551 (9th Cir. 1992) (noting that "a rape victim's sexual history with others only goes to show a generalized attitude toward sex that says little if anything about the victim's attitude toward sex with the defendant"); see also S.M. v. J.K., 262 F.3d 914, 920 (9th Cir. 2001) (explaining that an attempt by the defendant to introduce evidence Plaintiff had previously been sexually assaulted to show the absence of damages would have been subject to Rule 412); Doe v. Bridges to Recovery, LLC, No 2:20 Civ. 348 (SVW), 2021 WL 4690830, at *17 (C.D. Cal. May 19, 2021) (Courts should "not permit an open-ended inquiry into prior sexual assaults based on the premise that such assaults *could* cause emotional distress" (emphasis in original).

Defendant filed a Motion to Admit Evidence Pursuant to Federal Rule of Evidence 412(b) on September 9, 2025 seeking to introduce evidence of Plaintiff's: (1) childhood sexual abuse, (2) consensual sex with other individuals, (3) allegations of sexual assaults not involving Defendant, and (4) alleged risky sexual behavior. See Dkt. No. 84-5. Plaintiff filed an Opposition to Defendant's Motion on September 19, 2025. See Dkt. No. 92-3. No decision was reached prior to the start of trial. As a result, on the morning of the first day of trial, the parties discussed the 412(b) motions. See September 23, 2005 Tr. Transcript: 10-38 ("Tr. Transcript Day 1").

### i. **Plaintiff's Childhood Sexual Abuse**

The Court granted Plaintiff's motion in limine to exclude evidence of Plaintiff's sexual behavior and/or sexual predisposition, including childhood sexual abuse. During the Rule 412(b) hearing, the Court clarified that "plaintiff's allegation of childhood sexual abuse [was] admissible only for the issue of damages. It would

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

6

only go towards damages, otherwise, <u>the rest will be excluded</u>." Tr. Transcript Day 1, 10: 13-18 (emphasis added). Understanding the parameters of this Court's order, on direct examination, Plaintiff's counsel carefully directed Plaintiff to state in "just one sentence" what she experienced as a child, and Plaintiff identified that she was sexually molested." Tr. Transcript Day 1, 131:24-132:7. That was the extent of the testimony on direct and was well within the parameters that this Court set with respect to Plaintiff's childhood sexual abuse being relevant for damages purposes only.

Such testimony in no way opened the door to permit Defendant to ask detailed questions about the childhood sexual abuse Plaintiff suffered. Indeed, given the stated purpose of the Rule to protect victims from further trauma and embarrassment, a plaintiff should never be found to have "opened the door" to questions about her sexual history and practices simply by admitting that she had been sexually abused before, particularly when the Court already determined such abuse was relevant only for damages purposes.

Nonetheless, Defendant was not only permitted to ask questions <u>detailing</u> Plaintiff's sexual abuse as a child, but in a particularly egregious display, was permitted to identify by name one of Plaintiff's abusers, including where he currently lives; elicit details about the actual acts of sexual abuse she endured as a child; and forced to undergo Defendant's counsel implication that she made up the abuse because the individuals who abused her as a child were not charged with a crime. Did Defendant expect a 5-year-old to know how to report a sex crime?

This Court allowed this testimony over the objection of Plaintiff's counsel despite it plainly running afoul of Rule 412 and this Court's own directive. <u>See</u> September 24, 2025 Tr. Transcript, 48 16-50:19 ("Tr. Transcript Day 2"). There is absolutely no reason to raise that the men who sexually abused Plaintiff when she

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

7

was a child were not charged with a crime when the fact that she suffered from such abuse was only supposed to come in for the purpose of emotional distress damages. Such evidence was improperly admitted for a multitude of reasons, including its violation of this Court's directive, in addition to the fact that (a) "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its probative value does not "substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

Given that "the Rule 412 test puts 'harm to the victim' on the scale in addition to prejudice to the parties." A.W. v. I.B. Corp., 224 F.R.D. 20, 24 (D. Me. 2004) (quoting Fed.R.Evid. 412 Advisory Committee notes to 1994 amendments, and that Rule 412(b)(2) "revers[es] the usual presumption of admissibility set forth in Fed.R.Eevid. 403," Rhodes v. Motion Indus., Inc., No. 1:07 Civ. 251, 2008 WL 4646110 at *6 (E.D. Tenn. Oct. 17, 2008), this Court should have precluded these questions. Instead, Defendant's counsel was permitted to ask detailed questions about a topic that Rule 412 was plainly designed to prevent.

### ii. Plaintiff's Sexual History and Predisposition

"The purpose of [Rule 412] is to 'safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process.'" United States v. Perez, 662 F. App'x 495, 496 (9th Cir. 2016) (quoting Fed. R. Evid. 412 advisory committee's notes (1994 amendments)). The rule has been read broadly, and includes even an alleged victim's thoughts and dreams. See B.K.B. v. Maui Police Dep't., 276 F.3d 1091, 1104 (9th Cir. 2002); United States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991).

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

8

Nonetheless, in Defendant's opening argument, a major theme of his argument was that Plaintiff was a "woman scorned" who was jealous because she engaged in consensual sex with Defendant, got possessive of him, and became angry that he stopped communicating with her. The allegation that Plaintiff engaged in consensual sex with Defendant, (which Plaintiff denies) was central to Defendant's theme, which is why Defendant apparently determined it was worth the risk to make the assertion in opening statements despite knowing Defendant failed to filed a Rule 412(b) motion on the issue and in contravention with this Court's order immediately before the opening statements began. Indeed, "[t]he very purpose of the Rule is to preclude defendants from arguing that because the victim previously consented to have sex for love or money, her claims of coercion should not be believed" United States v. Washington, No. 2:23 Cr. 00058 (RAJ), 2025 WL 474276, at *3 (W.D. Wash. Feb. 12, 2025); see also United States v. Davis, No. 13 Cr. 589 (CAS), 2015 WL 519455, at *3 (C.D. Cal. Feb. 5, 2015) (holding that Rule 412 "includes all sexual behavior of the victim of an alleged sexual assault which precedes the date of the trial" quoting United States v. Torres, 937 F.2d 1469, 1472 (9th Cir.1991)).

Such a prejudicial statement introduced into the record cannot be taken back and Defendant never even attempted to demonstrate before this Court that he met his burden to demonstrate that the probative value of admitting such evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party" as required by FRE 412. Instead, Defendant decided to act first and deal with any possible consequences later.

FRE 412 is designed to provide fair warning to victims. Yet, at no point in Defendant's Rule 412(b) Motion did he ever seek to admit evidence that Plaintiff engaged in consensual sex with Defendant, despite Rule 412(b) plainly being applicable. Defendant's actions robbed Plaintiff of any fair warning. If Plaintiff's

counsel was provided fair warning and a Rule 412(b) hearing was held on the issue of alleged consensual sex with the Defendant, the claim that Plaintiff engaged in consensual sex with the Defendant prior to the sexual assault would have been precluded. Indeed, during the Rule 412(b) hearing, Plaintiff's counsel specifically raised that Defendant would attempt to argue that alleged consensual sexual behavior with others meant that she was not sexually assaulted, which is contravention with Rule 412. The Court directly stated that Defendant could not "get into the substance of what happened" with any alleged consensual sexual activity. See Tr. Transcript Day 1, 15: 4-7. And, even if the Court made the determination that the claim of consensual sex with Defendant prior to the sexual assault was far more probative than prejudicial, Plaintiff would have known such information was going to be permitted and would certainly have addressed it in Plaintiff's opening statement. There is no possible way to undo that prejudice to Plaintiff, as it appeared to the Jury that Plaintiff hid information that never should have gotten in front of the Jury in the first place. Notably, although the Court overruled Plaintiff's objection on Defendant's testimony by stating that the "door had been opened on it" (Tr. Transcript Day 2, 196: 22-25), the "door" was only ever opened by Defendant who made the allegation during his opening argument.

Indeed, immediately prior to opening statements, the Court warned that if such things as "prior sexual things" were not excluded or "[i]f something comes out in the say expert's witness list or doctor's that refers to that, and it comes out at trial then that is a mistrial, because we have said you can't get into that." See Tr. Transcript Day 1, 7: 8-13.

In addition, the Court permitted several exhibits into the record that contain information that the Court ruled could not be admitted pursuant to Motions in Limine 1 and 3 and are a violation of Rule 412. For example, Exhibit 179, a 102-page

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

10

exhibit included Plaintiff's medical records from Planned Parenthood. Not only does the Exhibit contain information in contravention to Rule 412, but they were also never produced in discovery. More specifically, during the 412(b) hearing held prior to the start of trial, the Court directly stated that "we were talking about plaintiff's risky behavior, reported to the medical records, that will be out…I'm not going to let you get into whether or not she had relationships with other people…We're not going to talk about it. By the way, even during argument you can't say she had [sexual] relationships with other people like that." Despite this Court's prior order during the 412(b) hearing and the limitations required by Rule 412, the Court permitted this entire exhibit to be entered into evidence despite the fact that it contains medical records with private and confidential information protected by Rule 412 and unrelated to this litigation such as (1) the date that Plaintiff first had sexual relations (which Defendant displayed prominently on the elmo for the jury), (2) the number of abortions she had, (3) the number of sexual partners, (4) results of sexually transmitted disease testing, (5) bloodwork lab results, (6) birth control methods, (7) previous breast implant surgery, (8) gynecological testing results, and (9) prescription medicine issued. This exhibit entered as a whole and provided to the jury was an improper admission of prejudicial evidence.

Similarly, the Court permitted Exhibit 173 to be admitted into evidence. This Exhibit contains medical records related to Plaintiff's abortion. This also was admitted into evidence over Plaintiff's objections despite this Court stating repeatedly during the 412(b) hearing that Defendant was not permitted to "get into [evidence of the abortion] other than on damages." A detailed medical record that includes Plaintiff's sexually transmitted disease testing results, lab tests, information about last PAP testing and so forth is far beyond the scope of what is admissible under 412(b) and this Court's own ruling. It should not have been permitted to be

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

11

1  entered into evidence, as the probative value of admitting such evidence
2  "substantially outweighs the danger of harm to any victim and of unfair prejudice to
3  any party" in violation of FRE 412.  Moreover, even if these materials were not
4  covered by FRE 412, they should have been excluded pursuant to FRE 401 and 403.
5        This Court also allowed three pages of Exhibit 166 to be entered into the
6  record. This exhibit contained text messages between Plaintiff and another
7  individual.  The exhibit should not have been admitted because Defendant implied
8  that Plaintiff only alleged sexual assault against Defendant because she needed rent
9  money.  The only two potential reasons Defendant introduced such information is to
10 show that Plaintiff has a tendency to allege sexual assault when she needs money,
11 which is a violation of FRE 404; or to show that she fabricates allegations of sexual
12 assault and actually consented to this specific sexual assault, which is litigating a
13 separate sexual assault within this trial – something that this Court directly held was
14 not permitted during the 412(b) hearing – or to suggest that Plaintiff consented to
15 have sex with this Defendant, which this Court and a significant body of law also
16 hold is not permissible. See Wood v. State of Alaska, 957 F.2d 1544, 1551 (9th Cir.
17 1992) (noting that "a rape victim's sexual history with others only goes to show a
18 generalized attitude toward sex that says little if anything about the victim's attitude
19 toward sex with the defendant"); see also S.M. v. J.K., 262 F.3d 914, 920 (9th Cir.
20 2001) (explaining that an attempt by the defendant to introduce evidence Plaintiff
21 had previously been sexually assaulted to show the absence of damages would have
22 been subject to Rule 412).  Such evidence was improperly admitted because (a) "its
23 probative value is substantially outweighed by a danger of … unfair prejudice,
24 confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its
25 probative value does not "substantially outweigh[] the danger of harm to any victim

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

12

and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).  In addition to all of those reasons, the individual's claim that Plaintiff asked him to pay rent is hearsay.

The Court also improperly allowed Defendant to elicit testimony about Plaintiff's sexual history during her son's life and death despite Rule 412 being designed to prevent exactly such prejudicial testimony.  What could possibly be the reason to elicit such testimony other than to imply that her sexual behavior and/or sexual predisposition made her more likely to consent to sex with the Defendant?  In this same vein, Defendant was also permitted to elicit testimony that Plaintiff believed that she was a born-again virgin years after she was sexually assaulted by Defendant, which is not only in violation of Rule 412 but lacks relevancy.  Again, what does that have to do with whether Plaintiff was sexually assaulted by Defendant?  Finally, Defendant was permitted to go so far afield in his questioning that he elicited testimony that Plaintiff was interested in going on the website Model Mayhem, which is a site for aspiring models known for provocative pictures.  They did so to imply to the jury that Plaintiff was less than wholesome and more likely to consent to sex with Defendant, which is once again substantially prejudicial to Plaintiff with no probative value.

None of this testimony should have been permitted, as (a) "its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, [and] misleading the jury," Fed. R. Evid. 403, and (b) its probative value does not "substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2).

### B. The Court Excluded Evidence that Establishes Defendant's Misogyny and Attitude Toward Sexual Assault

In stark contrast to the Court's evidentiary rulings admitting evidence about the Plaintiff that has no relevance to the matter, the Court refused to admit evidence

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

13

that establishes Defendant's misogyny and attitude toward sexual assault, despite Defendant dramatically testifying that people who sexually assault others "should be tortured and killed." Tr. Transcript Day 2, 215: 3-10. In doing so, Defendant plainly opened the door to evidence related to his feelings about sexual assault and those who sexually assault others. Despite this – and despite Defendant's counsel taking great pains to portray Defendant as a charitable do-gooder – the evidence that Plaintiff sought to admit, which included Defendant's own statements related to sexual assault, was excluded. In fact, the tweets that Plaintiff sought to admit included statements that Defendant himself tweeted, including but not limited to: "She gon suck me whether she like it or not. That's what the molly for," "[t]he things I would do to Ciara are probably illegal," "[g]ot your Lil sister on them mollies, she dun ran thru the whole squad," "[s]he might be young but she ready." These statements written by Defendant establish his attitudes toward both women and sexual assault, and directly contradict his own testimony about his attitude toward sexual assault. The Court's refusal to admit them into evidence prejudiced Plaintiff's right to a fair trial.

## **CONCLUSION**

For all of the foregoing reasons, any of these erroneous evidentiary rulings is sufficient to grant a new trial. The prejudice to Plaintiff is clear: Defendant was permitted to use prohibited evidence of Plaintiff's childhood sexual abuse, and sexual history and practice to suggest that she consented to Defendant's sexual assault while Plaintiff was prohibited from using evidence to show Defendant's misogyny and attitude toward sexual assault. The claims against Defendant should be retried.

Dated: September 30, 2025

**WIGDOR LLP**

By: _____
Michael J. Willemin
Monica Hincken

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
mwillemin@wigdorlaw.com
mhincken@wigdorlaw.com

**GIRARD BENGALI, APC**

Omar H. Bengali
Robert J. Girard II

355 S Grand Avenue, Suite 2450
Los Angeles, California 90071
Telephone: (323) 302-8300
Facsimile: (323) 302-8310
obengali@girardbengali.com
rgirard@girardbengali.com

*Attorneys for Plaintiff Vanessa LeMaistre*

PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59(A)

**PROOF OF SERVICE**

I, Edwige Rousseau, declare as follows:

On September 30, 2025 I served **Plaintiff's Motion for a New Trial Pursuant to FRCP 59(A)** on the parties stated below, by electronic mail on the following individuals:

Justin H. Sanders, Esq.
Lawrence C. Hinkle II, Esq.
Bobby L. Daniels, Jr., Esq.
SANDERS ROBERTS
1055 W 7th St, Suite 3200
Los Angeles, CA 90017
T:  (213) 426-5000
jsanders@sandersroberts.com
lhinkle@sandersroberts.com
bdaniels@sandersroberts.com

*Attorneys for Defendant*

Executed on September 30, 2025 under penalty of perjury under the laws of *the state of California.*

_____
Edwige Rousseau