UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10378-RGK-RAO | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Vanessa LeMaistre v. Leland T. Wayne* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for New Trial [DE 111]

## I.  INTRODUCTION

On October 29, 2024, Vanessa LeMaistre ("Plaintiff") filed a Complaint in the Superior Court of California against Leland Wayne, professionally known as Metro Boomin ("Defendant"), asserting five claims concerning an interaction between Plaintiff and Defendant that occurred in or around the fall of 2016: (1) Battery, (2) Sexual Battery, (3) Violation of the Ralph Act, (4) Gender Violence, and (5) Violation of the Bane Act. (ECF No. 1-1.) On December 2, 2024, Defendant removed the action to this Court. (ECF No. 1.) Plaintiff alleges that Defendant sexually assaulted and raped her, whereas Defendant asserts the sexual interaction was consensual.

On September 23, 2025, jury trial began. During the trial, Plaintiff repeatedly moved for a mistrial based on evidentiary issues. (*See* ECF Nos. 96, 99.) On September 30, 2025, after the jury verdict[1] and pursuant to the Court's direction, Plaintiff renewed her motion, filing the present Renewed Motion for a New Trial Pursuant to Federal Rule of Civil Procedure ("FRCP") 59(A) ("Motion"). (ECF No. 111.)[2] Plaintiff seeks a new trial because of alleged erroneous evidentiary rulings, fundamental unfairness of the prior trial to Plaintiff, and miscarriage of justice. For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.  JUDICIAL STANDARD

FRCP Rule 59(a) permits a court to grant a new trial after a jury trial "on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Granting a new trial is left to the sound discretion of the trial court. *See Browning-Ferris Indus. v. Kelco Disposal*, 492 U.S. 257, 278 (1989).

---

[1] On September 25, 2025, the jury found Defendant was not liable for any of Plaintiff's claims. (ECF No. 106.)
[2] After reviewing Plaintiff's motions for a new trial, the Court understands the present Motion to be a consolidation of the prior motions for a mistrial. (ECF Nos. 96, 99.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10378-RGK-RAO | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Vanessa LeMaistre v. Leland T. Wayne* | | |

Because FRCP Rule 59 does not specify the grounds on which a court may grant a motion for a new trial, the court is "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include, but are not limited to, claims that the verdict is against the great weight of the evidence, that the damages are excessive, that the trial was not fair to the moving party, that the jury instructions were erroneous or inadequate, or that the court made incorrect and prejudicial admissibility rulings. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). For motions for new trials based on evidentiary disputes, "[a] new trial is only warranted when an erroneous evidentiary ruling 'substantially prejudiced' a party." *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995) (quoting *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir.1992)). A harmless evidentiary error is not grounds for a new trial—the Court can only grant a new trial if the error affected a party's substantial rights. Fed. R. Civ. P. 61.

## III. DISCUSSION

Plaintiff argues that she is entitled to a new trial because the Court improperly admitted and excluded evidence, especially under Federal Rule of Evidence ("Rule") 412, and those evidentiary errors prejudiced the proceedings such that her substantial rights were affected. Defendant opposes this Motion, arguing that the Court's evidentiary rulings complied with the Federal Rules of Evidence. The Court addresses each of Plaintiff's arguments below in turn.

### A. Admission of Evidence Regarding Plaintiff's Childhood Sexual Abuse

Plaintiff argues that the Court erred in permitting Defendant to solicit detailed and specific questions about her childhood sexual abuse. When ruling on Plaintiff's Motion in Limine No. 1,[3] the Court clarified that evidence regarding Plaintiff's childhood abuse was admissible only for the issue of damages, unless Plaintiff opened the door herself to a broader scope. Plaintiff argues she followed this edict very carefully by limiting her testimony to "just one sentence," which did not open the door to the detailed and specific questions that Defendant was permitted to ask. The Court disagrees.

Plaintiff's direct testimony of her childhood sexual abuse opened the door to Defendant raising further questions on the subject on cross examination. Furthermore, the evidence at issue is relevant to damages and Plaintiff's emotional distress claim because Defendant is only liable for the emotional distress he caused, not what was caused by prior abuse. Thus, there was no error in admitting this evidence.

---

[3] Nearly all of the evidence at issue was subject to motions in limine that the Court ruled on before trial. However, the Court warned the parties that the rulings were tentative, as the events of trial may change what is relevant and admissible.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10378-RGK-RAO | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Vanessa LeMaistre v. Leland T. Wayne* | | |

### B. Admission of Evidence Regarding Plaintiff's Sexual History With Defendant

In opening statement at trial, Defendant's counsel discussed how Defendant and Plaintiff had a prior consensual sexual interaction before the alleged sexual assault occurred. Defendant failed to raise this evidence of sexual behavior in a prior Rule 412(B) motion, and thus no hearing was held on it. Plaintiff argues that this opening statement and the related testimony elicited afterwards were unduly prejudicial because of the sensitive nature of the information and she had no notice that the evidence was permitted so her counsel was unable to address it in the opening statement.

As an initial matter, Defendant argues that Rule 412 does not apply when Plaintiff does not allege a "prior" sexual event. The Court is unconvinced by this interpretation of the Rule. Rule 412 applies to "other sexual behavior," that is, sexual behavior other than the alleged sexual assault at issue. Fed. R. Evid. 412. Defendant contends that "FRE 412 prohibits only evidence of 'past sexual behavior. . . .'" The Rule does not use the word "past," and it is unclear where this quotation is from, as Defendant fails to cite any authority that supports this argument. Rule 412 applies to evidence regarding Plaintiff's sexual history with Defendant, subject to any potential exceptions.

Rule 412 requires that a party move to request a hearing before introducing evidence covered by the Rule. Plaintiff argues that Defendant raising the point that the parties had a prior consensual sexual relationship in his opening statement constituted a failure to comply with the procedural requirements of Rule 412, and that this failure prejudiced the proceedings because the Rule is designed to protect and provide fair warning to victims. However, Plaintiff did not object at the time the statement was made, which waives challenges to the opening statement. Thus, there was no error in allowing the jury to hear the opening statement. Regarding Defendant's testimony that he and Plaintiff had a prior consensual relationship, Rule 412 required Defendant to request permission before soliciting such testimony. However, if he had, the evidence would have been admissible because it is substantially more probative than prejudicial. Thus, the admittance of this evidence was a harmless error.

### C. Admission of Evidence Regarding Plaintiff's Sexual History With Third Parties

Plaintiff asserts that other evidence of Plaintiff's sexual history, including details of sexual assaults by third parties she experienced since the alleged incident with Defendant, was improper character evidence. Plaintiff further argues that the only purpose of the evidence is to either prove that Plaintiff fabricated this assault by showing she fabricated other assaults or to prove that Plaintiff consented to sex with Defendant by showing promiscuity with third parties, both of which are improper.

Nevertheless, Plaintiff opened the door to this evidence through her direct testimony. Plaintiff testified on direct examination that she was celibate at the time of the alleged assault and that she was sexually assaulted since her encounter with Defendant. Furthermore, the latter evidence is relevant and admissible to the issue of damages. In sum, there was no error in admitting this evidence.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-10378-RGK-RAO | Date | October 23, 2025 |
|---|---|---|---|
| Title | *Vanessa LeMaistre v. Leland T. Wayne* | | |

### D. Admission of Planned Parenthood and Abortion Medical Records

Exhibits 179 and 173, which are lengthy medical records documenting Plaintiff's visits with Planned Parenthood and abortion, respectively, were admitted into evidence. Plaintiff argues that these exhibits contain sensitive personal information that are unrelated to this litigation, protected by Rule 412, and unfairly prejudicial. She asserts that admitting the entirety of the exhibits was a prejudicial error.

However, Plaintiff testified as to her abortion and visit with Planned Parenthood during her direct testimony, which made portions of the records relevant. The Court agrees with Plaintiff that some of the personal information listed in the exhibits may have been irrelevant, however, the evidence in support of the verdict decided was overwhelming. Thus, admitting the exhibits constitutes harmless error.

### E. Exclusion of Evidence of Defendant's Attitude Toward Sexual Assault

Plaintiff argues that Defendant's social media posts should have been admitted because Defendant opened the door regarding his attitude towards sexual assault with his direct testimony by stating that people who sexually assault others should be "tortured" and "killed." However, this evidence is more prejudicial than probative to the issues within this action as it constitutes inadmissible character evidence. Thus, the Court did not err by excluding the requested evidence.

### IV. CONCLUSION

The majority of the disputed evidentiary rulings complied with the Federal Rules of Evidence. Any errors in the proceedings were harmless and did not affect Plaintiff's substantial rights to a fair trial. Thus, Plaintiff's Renewed Motion for a New Trial is hereby **DENIED**.

Prevailing party to file a proposed judgment within 7 days from the date of this order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |